IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| TERRY PETTEWAY, THE HONORABLE DERRECK ROSE, MICHAEL MONTEZ, SONNY JAMES and PENNY POPE, | § § § § § § |
| *Plaintiffs*, | §  Civil Action No. 3:22-cv-00057 |
| v. | § § § |
| GALVESTON, TEXAS, and HONORABLE MARK HENRY, in his official capacity as Galveston County Judge, | § § § § § § |
| *Defendants*. | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

1. **State where and when the conference among the parties required by Rule 26(f) of the Federal Rules of Civil Procedure was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers, and email addresses.**

    Counsel for Plaintiffs:

    Valencia Richardson (DC Bar No. 1739245)
    Simone Leeper (DC Bar No. 1737977)
    Orion de Nevers (CA Bar No. 340127)
    vrichardson@campaignlegalcenter.org
    sleeper@campaignlegalcenter.org
    odenevers@campaignlegalcenter.org
    CAMPAIGN LEGAL CENTER
    1101 14th Street NW, Suite 400

1

Washington, DC 20005
(202) 736-2200
(202) 736-2222 (fax)

Bernadette Reyes (CA Bar No. 299878)
UCLA VOTING RIGHTS PROJECT
3250 Public Affairs Building
Los Angeles, CA 90095
bernadette@uclavrp.org
(310) 400-6019

Counsel for Defendants:

Dallin B. Holt (TX Bar No. 24099466)
Shawn T. Sheehy (VA Bar. No. 82630)
HOLTZMAN VOGEL BARAN JOSEFIAK &TORCHINSKY LLC
15405 John Marshall Hwy
Haymarket, VA 2019
holt@holtzmanvogel.com
ssheehy@holtzmanvogel.com
P: (540) 341-8808
F: (540) 341-8809

The meeting took place on Tuesday, May 10, 2022 by teleconference.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.**

   *Petteway v. Galveston County*, No. 3:13-CV-00308 (S.D. Tex. 2013): This case challenges the Justice of the Peace Court districts in Galveston County under Section 2 of the Voting Rights Act as well as the Fourteenth and Fifteenth Amendments. It is related because Plaintiffs initially sought to supplement it with the allegations made in the instant case. This motion to supplement was denied and instead a new case was initiated. *See* ECF 1. Defendants maintain that this case is now moot. Plaintiffs now challenge Commissioner Court districts (as opposed to Justice of the Peace districts) and there are new maps for the districts since the 2020 census.

Two other cases currently challenge the Commissioners Court maps enacted by Defendants after the 2020 Census under Section 2 of the Voting Rights Act:

- *United States v. Galveston County, et al.*, No. 3:22-cv-00093 (S.D. Tex. 2022);
- *Dickinson Bay Area Branch NAACP, et al. v. Galveston County, et al.*, No. 3:22-cv-00117 (S.D. Tex. 2022);

3. **Briefly describe what this case is about.**

This case challenges the Defendants' adopted 2020 map for the Galveston County Commissioners Court. First, Plaintiffs allege that the adopted Commissioners Court plan was enacted with the intent to discriminate on the basis of race and national origin against Black and Hispanic voters, and has a discriminatory effect on that basis, in violation of the Fourteenth Amendment. Second, Plaintiffs allege that the adopted Commissioners Court plan was enacted with the intent to discriminate on the basis of race and national origin against Black and Hispanic voters, and has a discriminatory effect on that basis, in violation of the Fifteenth Amendment. Third, Plaintiffs allege that race predominated in the drawing of the Commissioners Court districts, in violation of the Fourteenth Amendment. Finally, Plaintiffs allege that under the totality of the circumstances, the Commissioners Court plan has the effect of denying Black and Hispanic voters an equal opportunity to participate in the political process and elect representatives of their choice by diluting their voting strength, in violation of Section 2 of the Voting Rights Act, 52 U.S.C. § 10301.

Plaintiffs seek declaratory and injunctive relief that would stop Defendants from holding elections under the newly-enacted Commissioners Court map. Plaintiffs also seek recovery of attorneys' fees.

Defendants contest all of Plaintiffs' alleged claims.

4. **Specify the allegation of federal jurisdiction.**

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 1357, and 2284 as well as 42 U.S.C. §§ 1973, 1973j(f) and 1983. Plaintiffs' action for declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201, 2202, and 2284 as well as Rules 57 and 65 of the Federal Rules of Civil Procedure.

5. **Name the parties who disagree with the plaintiff's jurisdictional allegations and state their reasons.**

While Defendants do not disagree with Plaintiffs general jurisdictional position. Defendants intend to challenge this Court's subject matter jurisdiction pursuant to the political question doctrine. Additionally, Defendants reserve the right to bring Article III standing arguments as the matter progresses through discovery.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

    The Parties do not believe that there are additional parties that should be included. Plaintiffs do not intend to add any additional parties.

7. **List anticipated interventions.**

    The Parties are not aware of any individual or group planning to intervene at this time.

8. **Describe class-action issues.**

    None.

9. **State whether each party has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures and the dates.**

    Plaintiffs propose that the parties make their initial disclosures by June 30, 2022.

    Defendants propose that this Court should rule first on Defendants' upcoming Rule 12 Motions before establishing a discovery schedule. Defendants intend to file a Motion to this effect. However, should the Court determine that discovery should proceed, Defendants are prepared to submit their initial disclosures by June 30, 2022.

10. **Describe the proposed discovery plan, including:**

    a. **Discovery is needed on the following subjects:**

        i. Plaintiffs believe that discovery is needed on the following subjects:

            1. Intentional racial discrimination by Defendants in adopting the Galveston County Commissioners Court map;

            2. Racial gerrymandering of the Galveston County Commissioners Court map;

   3. Totality of the circumstances showing that Black and Hispanic voters are denied an equal opportunity to elect their candidates of choice;

   4. Vote dilution of Black and Hispanic voting strength as a result of the map adopted by the Galveston County Commissioners Court.

  ii. Defendants believe that discovery will be needed on the following subjects:

   1. The lack of cohesion between Black and Hispanic voters in Galveston County;

   2. The involvement of political actors in Plaintiffs' lead-up to this litigation as well as throughout the stages of this litigation;

   3. Alleged personal and associational injuries suffered by Plaintiffs;

   4. Various demographic and other information associated with Plaintiffs' claims; and

   5. Totality of the circumstances regarding the various reasons for election results in Galveston County.

 b. **The date experts for plaintiff (or party with the burden of proof on an issue) will be designated and their reports provided to opposing party:**

Defendants restate their objection to opening discovery before the Court has ruled on the upcoming Rule 12 Motion. Plaintiffs restate that they believe opening discovery is appropriate at this time. Should the Court determine to move forward with discovery while Rule 12 Motions are pending, the Parties propose the following deadlines for expert reports:[1]

- Plaintiffs' expert initial reports: January 10, 2023;

---

[1] Plaintiffs note that they propose these expert deadlines and a May 3, 2023 discovery deadline (*see* No. 10(d)) as Plaintiffs' case is not currently consolidated (*see* No. 21). Plaintiffs may propose adjusting these dates should the Court order that the instant case be consolidated with the two related cases.

- Defendants' expert response reports: March 10, 2023; and

- Plaintiffs' expert rebuttal reports: April 10, 2023.

Plaintiffs will designate their experts by June 30, 2022.

    **c.    The date experts for Defendants will be designated and their reports provided to opposing party:**

Subject to their stated objections, Defendants will designate their exerts by June 30, 2022 and will provide expert reports to Plaintiffs by March 10, 2023.

    **d.    The date discovery can reasonably be completed:**

The Parties propose that discovery can reasonably be completed by May 3, 2023.

**11.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Defendants believe that the Court should wait until after deciding Defendants forthcoming coming Rule 12 Motion before initiating discovery.

Plaintiffs believe that initiating discovery is appropriate and necessary at this time given the fact-intensive nature of this litigation.

**12.    Specify the discovery beyond initial disclosures that has been undertaken to date.**

None at this time.

**13.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties agree that this case is unlikely to be resolved by settlement.

**14.    Describe what each party has done or agreed to do to bring about a prompt resolution of this dispute.**

The parties agree that this case is unlikely to be resolved by settlement. Plaintiffs believe that discovery should commence immediately and have proposed a timeline for discovery.

15. **From the attorneys' discussion with their client(s), state the alternative dispute resolution techniques that are reasonably suitable.**

    The Parties do not believe that there is an alternative dispute resolution technique that would be appropriate for this case but remain willing to attend any ADR that the Court feels is appropriate.

16. **With the consent of all parties, United States Magistrate Judge Andrew Edison may preside and hear jury and non-jury trials. Indicate the parties' joint position on a trial before Judge Edison.**

    Parties and their counsel respectfully believe that this case should be tried by the Federal District Judge in the Galveston Division.

17. **State whether a jury demand has been made and if it was made on time.**

    No jury demand has been made.

18. **Specify the number of hours it will likely take to try this case (including jury selection, presentation of evidence, counsel's opening statements and argument, and charging the jury).**

    Plaintiffs request 40 hours to present their evidence.

    Defendants request 40 hours to present their evidence. Should the Court determine that consolidation is necessary, Defendants request that all Plaintiffs receive a total of 40 hours between all different plaintiff groups.

19. **List pending motions that may be ruled on at the initial pretrial conference.**

    Plaintiffs believe that there are no motions to be ruled on at this time.

20. **List other motions pending.**

    Defendants' Motion to Stay is pending before this Court (ECF 36).

    Defendants will file a Motion to Dismiss upon the submission of Plaintiffs' Second Amended Complaint. Pursuant to the local rules of this Court, Defendants provided Plaintiffs with the required Rule 12 Notice letter on May 11, 2022. If needed, Defendants also intend to file a Motion to Stay Discovery until following the Rule 12 stage of this litigation.

21. **Indicate other matters peculiar to this case, including but not limited to traditional and electronic discovery issues, that deserve the special attention of the court at the conference.**

Plaintiffs believe that the Court should address plans to consolidate the instant case with the pending related cases in this matter: *United States v. Galveston County*, No. 3:22-cv-00093 (S.D. Tex.); *Dickinson Bay Area Branch NAACP v. Galveston County*, No. 3:22-cv-00117 (S.D. Tex.).

While Defendants agree that these related cases should be consolidated for purposes of discovery, Motions for Summary Judgment, and trial, Defendants believe that the Court should wait to consolidate until it has ruled on Defendants' forthcoming Rule 12 Motions in this and the related matters.

**22. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

Plaintiffs' disclosure of interested parties was filed on March 8, 2022.

Defendants' disclosure of interested parties was filed on March 21, 2022.

Respectfully submitted this 20th day of May, 2022.

*/s/ Chad W. Dunn*

Mark P. Gaber*
Simone Leeper*
Valencia Richardson*
Orion de Nevers**
Campaign Legal Center
1101 14th St. NW, Ste. 400
Washington, DC 20005
(202) 736-2200
mgaber@campaignlegal.org
cjackson@campaignlegal.org
sleeper@campaignlegal.org
vrichardson@campaignlegal.org
odenevers@campaignlegal.org

Sonni Waknin*
Bernadette Reyes*
UCLA Voting Rights Project
3250 Public Affairs Building

Chad W. Dunn (Tex. Bar No. 24036507)
Brazil & Dunn
4407 Bee Cave Road
Building 1, Ste. 111
Austin, TX 78746
(512) 717-9822
chad@brazilanddunn.com

Neil G. Baron
Law Office of Neil G. Baron
1010 E Main Street, Ste. A
League City, TX 77573
(281) 534-2748
neil@ngbaronlaw.com

Los Angeles, CA 90095
Telephone: 310-400-6019
sonni@uclavrp.org

*admitted pro hac vice
**admitted pro hac vice; licensed to practice in CA only, supervised by Mark Gaber, a member of the D.C. bar

Counsel for Plaintiffs


**HOLTZMAN VOGEL BARAN JOSEFIAK &TORCHINSKY LLC**

*/s/ Dallin B. Holt*
Dallin B. Holt
Attorney in Charge
Texas Bar No. 24099466
S.D. of Texas Bar No. 3536519
Jason B. Torchinsky*
Shawn T. Sheehy*
dholt@holtzmanvogel.com
jtorchinsky@holtzmanvogel.com
ssheehy@holtzmanvogel.com
15405 John Marshall Hwy
Haymarket, VA 2019
P: (540) 341-8808
F: (540) 341-8809

*Pro hac vice pending

Counsel for Defendants