# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | | |
|---|---|---|
| TERRY PETTEWAY, *et al*, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Action No. 3:22-cv-57 |
| GALVESTON, TEXAS, *et al*, | § § | |
| *Defendants*. | § § § | |

## PETTEWAY PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF ADDITIONAL AUTHORITY

Plaintiffs Terry Petteway, Derrick Rose, Penny Pope, Sonny James, and Michael Montez ("Petteway Plaintiffs") submit the following response to Defendants' notice of additional authority, Doc. 74:

On August 31, 2022, the district court in *Petteway v. Galveston County,* No. 3:13-cv-00308 ("*Petteway I*") issued a final order on the plaintiffs' intentional racial discrimination claims in Galveston County's drawing of the county's justice of the peace and constable districts. *See* Doc. 74-1 at 1. The court ruled in favor of the defendants, though it held that "[b]oth sides presented evidence that supports their position." *Id.* at 2. Defendants in this case now request that this Court reject the Department of Justice's ("DOJ") 2012 preclearance determination regarding the Commissioners' Court precincts as relevant evidence in the present case. *See* Doc. 74 at 1.

First, a notice of additional authority is not the proper forum to adjudicate an evidentiary dispute, especially given that the Court has not yet ruled on Defendants'

Motion to Dismiss. Plaintiffs offer the 2012 determination letter as evidence of intentional racial discrimination. *See* Doc 53 at 1-5, 16-17. Rather than dispute the sufficiency of those allegations, Defendants ask that this court weigh the relevance of this evidence in determining Defendants' Motion to Dismiss. Doc. 74 at 3; *see also* Doc. 46 at 25. However, at the motion to dismiss stage the Court must accept Plaintiffs' well-pleaded allegations as true; arguments regarding the relative weight that evidence should be given are properly made at summary judgment or trial. *See Sonnier v. State Farm Mut. Auto. Ins.,* 509 F.3d 673, 675 (5th Cir. 2007); *see also* Doc. 53 at 20-21. Defendants' request that this court "disregard the 2012 Department of Justice letter…as containing nothing more than non-binding legal conclusions" is an attempt to invert the standard for a motion to dismiss, an improper use for a notice of additional authority. Doc. 74 at 3.

Second, this Court should reject the Defendants' attempt to conflate the separate factual issues in this case and *Petteway I*. The 2012 preclearance determination regards Commissioner Court districts, which were not at issue in *Petteway I.* Indeed, Galveston County negotiated with the Department of Justice to adopt the Benchmark Plan for the Commissioners' Court; the court in *Petteway I* made no ruling affecting the Commissioners' Court precincts. *See* Doc. 42 at ¶ 4; *Petteway v. Henry*, No. 3:11-cv-00511, Doc. 69 at 1 (March 23, 2012). Furthermore, while the court in *Petteway I* held that there was "there was no reduction in the percentage of Galveston County citizens living in an area where minority voters had the power to elect a JP and Constable of their choice," Defendants in this case wholly eliminated the sole Commissioners' Court precinct where Black and Latino voters could elect a commissioner of choice. Doc. 74-1 at 3. Unlike

*Petteway I*, the 2012 letter also demonstrates that Defendants intentionally excluded Commissioner Holmes to draw racially discriminatory Commissioners' Court precincts. Doc. 42 at ¶¶ 96-97; *cf.* Doc 74-1 at 3. As such, the 2012 determination letter regarding the Commissioners' Court precincts does not make "substantially similar allegations" about the JP and constable districts at issue in *Petteway I*.

The Department of Justice's determinations in its 2012 letter is relevant evidence showing that Defendants in the present case intentionally excluded the only candidate of choice for Black and Latino voters in the redistricting process and intentionally discriminated against Black and Latino voters in drawing the Commissioners' Court precincts. In any event, this Court should reject Defendants' attempt to import an evidentiary dispute into a notice of additional authority.

Respectfully submitted this 23rd day of September, 2022.

*/s/ Valencia Richardson*
Mark P. Gaber*
Simone Leeper*
Valencia Richardson*
Campaign Legal Center
1101 14th St. NW, Ste. 400
Washington, DC 20005
(202) 736-2200
mgaber@campaignlegal.org
cjackson@campaignlegal.org
sleeper@campaignlegal.org
vrichardson@campaignlegal.org
odenevers@campaignlegal.org

Sonni Waknin*
Bernadette Reyes*
UCLA Voting Rights Project
3250 Public Affairs Building

*/s/ Chad Dunn*
Chad W. Dunn (Tex. Bar No. 24036507)
Brazil & Dunn
4407 Bee Cave Road
Building 1, Ste. 111
Austin, TX 78746
(512) 717-9822
chad@brazilanddunn.com

Neil G. Baron
Law Office of Neil G. Baron
1010 E Main Street, Ste. A
League City, TX 77573
(281) 534-2748
neil@ngbaronlaw.com

Los Angeles, CA 90095
Telephone: 310-400-6019
sonni@uclavrp.org

*admitted pro hac vice

*Counsel for Petteway Plaintiffs*

**CERTICATE OF SERVICE**

I HEREBY CERTIFY that on September 23, 2022, the foregoing document was filed electronically (via CM/ECF), and that all counsel of record were served by CM/ECF.

*/s/ Valencia Richardson*
*Counsel for Petteway Plaintiffs*
