# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | | |
|---|---|---|
| TERRY PETTEWAY, THE HONORABLE DERRECK ROSE, MICHAEL MONTEZ, SONNY JAMES and PENNY POPE, | § § § § § | |
| *Plaintiffs*, | § § | Civil Action No. 3:22-cv-57 |
| v. | § § § | |
| GALVESTON COUNTY, TEXAS, and HONORABLE MARK HENRY, in his official capacity as Galveston County Judge, | § § § § § § | |
| *Defendants.* | § § § | |
| UNITED STATES OF AMERICA, | § § | |
| *Plaintiff*, | § § § | |
| v. | § § | Civil Action No. 3:22-cv-93 |
| GALVESTON COUNTY, TEXAS, GALVESTON COUNTY COMMISSIONERS COURT, and HONORABLE MARK HENRY, in his official capacity as Galveston County Judge, | § § § § § § § § | |
| *Defendants.* | § § § | |
| DICKINSON BAY AREA BRANCH NAACP, GALVESTON BRANCH NAACP, MAINLAND BRANCH NAACP, GALVESTON LULAC COUNCIL 151, EDNA COURVILLE, JOE A. COMPIAN, and LEON PHILLIPS, | § § § § § § § | Civil Action No. 3:22-cv-117 |

|                                                                                                                                                                                                 |     |
| ----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- | --- |
| *Plaintiffs,*                                                                                                                                                                                   | §§§ |
| v.                                                                                                                                                                                              | §§§ |
| GALVESTON COUNTY, TEXAS, HONORABLE MARK HENRY, in his official capacity as Galveston County Judge, and DWIGHT D. SULLIVAN, in his official capacity as Galveston County Clerk                    | §§§§§§§ |
| *Defendants.*                                                                                                                                                                                   | §§  |

## UNITED STATES' RESPONSE TO DEFENDANTS' NOTICE OF ADDITIONAL AUTHORITY

In this action, the United States alleges the 2021 redistricting of the Galveston County Commissioners Court precincts violates Section 2 of the Voting Rights Act, 52 U.S.C. § 10301. It respectfully responds to Defendants' Notice of Additional Authority, ECF No. 74, concerning a recent decision in *Petteway v. Galveston County*, No. 3:13-cv-00308 (S.D. Tex. Aug. 31, 2022), a challenge under Section 2 to the County's 2013 redistricting of its justice of the peace and constable precincts. Defendants seek to add additional support to their argument that the Attorney General's objection under Section 5 to the County's 2012 redistricting of the commissioners court precincts lacks any evidentiary effect here.

The United States agrees with the *Petteway* Plaintiffs' Response to Defendants' Notice of Additional Authority and incorporates its arguments by reference. ECF No. 75. Specifically, the United States agrees with the *Petteway* Plaintiffs that the motion to dismiss stage is an inappropriate point to argue the sufficiency of certain evidence, such

1

as the Attorney General's 2012 Section 5 objection. *Id*. at 1-2. Likewise, the United States agrees that the justice of the peace and constable plans at issue in the 2013 *Petteway* litigation present different factual circumstances than either this Section 2 challenge to the 2021 commissioners court plan or the 2012 Section 5 objection to the 2011 commissioners court plan. *Id*. at 2-3. In addition, as explained below, the United States believes Defendants' filing both misapprehends the legal import of a Section 5 objection and conflates the applicable standards under Section 2 and Section 5 of the Voting Rights Act. Accordingly, Defendants' argument is unavailing and their motion to dismiss should be denied for the reasons detailed in the United States' opposition. *See* ECF No. 56.

A Section 5 objection interposed by the Attorney General[1] results from a determination that a covered jurisdiction, such as Galveston County, had failed to meet its burden under Section 5 that the proposed change affecting voting "neither has the purpose nor will have the effect of denying or abridging the right to vote on account of race or color" or membership in a language minority group. 52 U.S.C. § 10304(a). This determination is final and not subject to judicial review by any court. *Morris v. Gressette*, 432 U.S. 491, 504-05 (1977). Following the Attorney General's 2012

---

[1] Administrative review by the Attorney General was one of the two statutorily prescribed procedures by which a jurisdiction could demonstrate a proposed change affecting voting complied with Section 5. The alternative was to seek a judicial determination by filing a declaratory judgment action in the United States District Court for the District of Columbia and could have been done either before or after an objection was interposed. If filed following an objection, the matter was considered by the court *de novo* with the burden remaining on the jurisdiction.

2

objection to both the 2011 commissioners court plan and the justice of the peace and constables plan, the County chose not to exercise its option of filing a declaratory judgment action in the D.C. District Court to seek a *de novo* determination of the matter. *See, e.g.*, *City of Rome v. United States*, 450 F. Supp. 378, 381-82 (D.D.C. 1978), *aff'd*, 446 U.S. 156 (1980). As a result, the objection is not, as the Defendants claim, "nothing more than non-binding legal conclusions," ECF No. 74 at 3, but rather a decision with the same force and effect as a judicial determination of a failure to comply with federal law. On March 23, 2012, this Court recognized this by enjoining implementation under Section 5 of any redistricting plan to which an objection is interposed. *Petteway v. Galveston County,* No. 3:11-cv-00511 (S.D. Tex. Mar. 23, 2012), ECF No. 69 at 2 (making permanent prior order "enjoining use of unprecleared voting changes").

In a Section 2 case, plaintiffs, including the United States, have the burden of proof and must establish that the totality of the circumstances affecting voting that exists or existed within the jurisdiction, including relevant history such as previous Section 5 objections, demonstrates "members [of a class of citizens protected by Section 2] have less opportunity than other members of the electorate to participate in the political process and to elect representatives of their choice." 52 U.S.C. § 10301(b). Thus, as the United States' opposition to the motion to dismiss acknowledges, it is "not relying exclusively" on the 2012 Section 5 objection to establish that the County was motivated, at least in part, by a discriminatory motive in adopting the 2021 commissioners court redistricting plan at issue here. Rather, the prior objection is put forth as part of the totality of circumstances and discriminatory intent evidence. ECF No. 56 at 20-21.

3

For the above reasons, the additional authority cited by Defendants has no bearing on the Defendants' motion to dismiss the United States' claims here and their motion to dismiss should be denied.

Date: September 29, 2022

| | |
|---|---|
| JENNIFER B. LOWERY<br>United States Attorney<br>Southern District of Texas<br><br>DANIEL D. HU<br>Civil Chief<br>United States Attorney's Office<br>Southern District of Texas<br>Texas Bar No. 10131415<br>SDTX ID: 7959<br>1000 Louisiana Ste. 2300<br>Houston, TX 77002<br>713-567-9000 (telephone)<br>713-718-3303 (fax)<br>daniel.hu@usdoj.gov | KRISTEN CLARKE<br>Assistant Attorney General<br>Civil Rights Division<br><br>/s/ *Catherine Meza*<br>T. CHRISTIAN HERREN, JR.<br>ROBERT S. BERMAN*<br>CATHERINE MEZA*<br>Attorney-In-Charge<br>BRUCE I. GEAR*<br>THARUNI A. JAYARAMAN*<br>ZACHARY J. NEWKIRK*<br>Attorneys, Voting Section<br>Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530<br>202-307-2767 (telephone)<br>202-307-3961 (fax)<br>catherine.meza@usdoj.gov<br><br>* *Admitted Pro Hac Vice* |

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2022, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification to all counsel of record in this case.

      /s/ *Catherine Meza*
      CATHERINE MEZA