UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| TERRY PETTEWAY, et al.<br><br>　　Plaintiffs,<br>v.<br><br>GALVESTON COUNTY, TEXAS, et al.<br><br>　　Defendants. | Civil Action No. 3:22-CV-00057 (Consolidated) |
| UNITED STATES OF AMERICA,<br><br>　　Plaintiffs,<br>v.<br><br>GALVESTON COUNTY, TEXAS, et al.<br><br>　　Defendants. | Civil Action No. 3:22-CV-00093 |
| DICKINSON BAY AREA BRANCH NAACP, et al.<br><br>　　Plaintiffs,<br>v.<br><br>GALVESTON COUNTY, TEXAS, et al.<br><br>　　Defendants. | Civil Action No. 3:22-CV-00117 |

**CONSOLIDATED DEFENDANTS' RENEWED MOTION TO STAY**

1

In light of recent changes to "the lay of the land" in the Fifth Circuit, *Nairne v. Ardoin*, 2022 U.S. Dist. LEXIS 155706, at *6 (M.D. La. Aug. 30, 2022) (attached as "Exhibit A"), Consolidated Defendants respectfully renew their motion to the Court to stay all proceedings pending resolution of *Merrill v. Milligan*, Nos. 21-1086 and 21-1807, in the Supreme Court of the United States.

## ARGUMENT

In mid-May 2022, as the present matters were not yet consolidated, Consolidated Defendants moved to stay the various proceedings pending resolution of *Merrill v. Milligan* at the Supreme Court of the United States. *See Petteway, et al. v. Galveston County, Texas, et al.*, 3:22-cv-00057, ECF No. 36, May 16, 2022; *Dickinson Bay Area Branch NAACP, et al. v. Galveston County, Texas, et al.*, 3:22-cv-00117, ECF No. 33, May 17, 2022; *U.S. v. Galveston County, Texas, et al.*, 3:22-cv-00093, ECF No. 27, May 17, 2022.[1] In separate yet identical orders, on May 24, 2022, the Court denied the Motions to Stay, concluding the balance of factors weighed against a stay. *See Petteway, et al. v. Galveston County, Texas, et al.*, 3:22-cv-00057, ECF No. 40, May 24, 2022; *Dickinson Bay Area Branch NAACP, et at. v. Galveston County, Texas, et al.*, 3:22-cv-00117, ECF No. 36, May 24, 2022; *U.S. v. Galveston County, Texas, et al.*, 3:22-cv-00093, ECF No. 28, May 24, 2022.

Things have changed since May. In that same month, Judge Dick, of the Middle District of Louisiana, similarly denied a motion to stay in *Robinson v. Ardoin*, a Section 2 challenge to the Louisiana Legislature's congressional map, finding the balance of factors

---

[1] Consolidated Defendants hereby incorporate by reference all arguments and summaries made in the above cited Motions to Stay.

weighed against a stay. *See* 2022 U.S. Dist. LEXIS 80615, at *10 (M.D. La. May 4, 2022). She determined that *Merrill*'s looming disposition did not justify a stay, *id*. at *8, and the Fifth Circuit did not disturb that decision, *Robinson v. Ardoin*, 37 F.4th 208, 232 (5th Cir. 2022). However, in June 2022, the United States Supreme Court disagreed with the lower courts disregarding *Merrill*'s importance and ordered the entire *Robinson* case not just stayed but held in abeyance pending its decision in *Merrill*. *Ardoin v. Robinson*, 142 S. Ct. 2892 (2022) (attached as "Exhibit B"). In addition, we note that while Chief Justice Roberts dissented from the grant of the stay in the *Merrill* cases, he changed his view by the time *Robinson* was presented and supported the stay and the abeyance in that case. *See id.*

Then, on August 30, 2022, Judge Dick, hearing a different Section 2 case concerning Louisiana's state legislative maps, recognized the Supreme Court's change to the "lay of the land," concluding:

> By holding *Robinson* in abeyance pending the outcome of *Merrill*, the Supreme Court has unmistakably communicated that the outcomes in those cases are intertwined. Although Plaintiffs here attempt to distinguish *Robinson* from the instant case, there is no question that both cases arise under Section 2 of the Voting Rights Act. Nor can there be any serious debate that the Supreme Court has expressed that cases applying Section 2 are better held until *Merrill* is decided. The fundamental voting rights of Black Louisianans are paramount, but ignoring the clear "yield" sign from the Supreme Court and proceeding with this case now is not the best way to vindicate those rights. Once *Merrill* is decided, this important case can be litigated without the risk of draining the parties' and the Court's resources, only to start over if legal contours change. Accordingly, the Court will exercise its discretion to stay this case in the interest of avoiding hardship and prejudice to the parties and in the interest of judicial economy.

*Nairne*, 2022 U.S. Dist. LEXIS 155706, at *7. That same logic applies here.

Although Consolidated Defendants remain confident in this Court's ability to deal with upcoming changes in the law as they come, Consolidated Defendants find these developments, all involving cases from the Fifth Circuit, extremely relevant and warranting a renewal of our prior Motions to Stay. Doing so will keep this matter in line with similar matters pending in the Circuit. Additionally, as Judge Dick noted in the state legislative map context, *id.*, continuing discovery under a standard likely to be changed in June 2023 makes little sense. *See id.* ("[T]his important case can be litigated without the risk of draining the parties' and the Court's resources, only to start over if legal contours change.").

Although some counts of these complaints raise claims not directly invoking Section 2, it seems clear that the Supreme Court is about to carefully consider how race and redistricting are related and whether the applicable legal test should be revised. *See id.* ("The fundamental voting rights of Black Louisianans are paramount, but ignoring the clear "yield" sign from the Supreme Court and proceeding with this case now is not the best way to vindicate those rights."). It is not the case that the decision in *Merrill* will have no effect on the consolidated cases; these cases implicate both Section 2 intent and Section 2 results claims, and the question presented in *Merrill* is an open-ended evaluation of Alabama's congressional district map under Section 2. *See Merrill v. Milligan*, 142 S. Ct. 1358 (Mar. 21, 2022) (amending the question presented to "[w]hether the State of Alabama's 2021 redistricting plan for its seven seats in the United States House of Representatives violate[s] section 2 of the Voting Rights Act"); *see also Caster v. Merrill*, 2022 U.S. Dist. LEXIS 16996, at *20 (N.D. Ala. Jan. 24, 2022) (noting that the *Merrill* plaintiffs amended their

complaint to add "a claim of intentional discrimination under the Fourteenth and Fifteenth Amendments," just as the *Petteway* Plaintiffs have asserted here). The Court's decision in *Merrill* will have wide-ranging consequences for intentional discrimination claims just as for results-based claims because of the inherent difficulty in separating out the facts pertaining to each, and so Consolidated Defendants anticipate that the Court's inevitable discussion of race and redistricting will impact the constitutional claims raised in this case.

Additionally, the canon of constitutional avoidance counsels that when dealing with both statutory and constitutional claims, the Court should first attempt to resolve the claims through statutory means (i.e. Section 2), and "avoid[] serious constitutional concerns under the Equal Protection Clause." *Bartlett v. Strickland*, 556 U.S. 1, 21-22 (2009); *see Citizens United v. FEC*, 558 U.S. 310, 374 (2010) (Roberts, C.J., concurring) ("If there were a valid basis for deciding this statutory claim in Citizens United's favor (and thereby avoiding constitutional adjudication), it would be proper to do so."); *see also Nw. Austin Mun. Util. Dist. No. One v. Holder*, 557 U.S. 193 (2009) (the Court agreed to decide the case on statutory grounds instead of reaching the appellant's broader constitutional argument). Constitutional avoidance advises against deciding constitutional claims where a case can instead be resolved on statutory grounds. This canon is commonly applied in redistricting cases like this that involve both constitutional and statutory claims. *See, e.g.*, *League of United Latin Am. Citizens v. Perry ("LULAC")*, 548 U.S. 399, 442 (2006); *Thornburg v. Gingles*, 478 U.S. 30, 38 (1986). For instance, a court in the Northern District of Alabama recently invoked this canon to reserve ruling on constitutional claims when it determined there was a likely violation of Section 2 of the Voting Rights Act and thus enjoined

5

Alabama's redistricting plan on that basis. "In light of [the court's] decision to issue a preliminary injunction on statutory grounds," the court "decline[d] to decide the constitutional [Equal Protection] claims asserted" by two of the plaintiff groups at that time based on the principle of constitutional avoidance and because Alabama's upcoming elections would not occur on the basis of the allegedly unconstitutional map. *See Singleton v. Merrill*, No. 2:21-cv-1291, 2022 U.S. Dist. LEXIS 17362, at *277 (N.D. Ala. Jan. 24, 2022). The court noted that the avoidance principle has "particular salience when a court considers (as we do here) a request for equitable relief." *Id.* While the injunction has since been stayed by the U.S. Supreme Court pending the Supreme Court's decision on the Section 2 claims in *Merrill v. Milligan,* the three-judge court has affirmed that it continues to reserve ruling on the Equal Protection claims while *Merrill* is pending before the Supreme Court. *See Singleton*, 2022 U.S. Dist. LEXIS 83367, at *17 (N.D. Ala. Feb. 25, 2022). As such, it would be prudent for this Court to do the same and wait for soon-to-arrive Section 2 guidance from the Supreme Court in *Merrill*, as opposed to moving forward in an attempt to resolve Plaintiffs' claims through constitutional means. *Id.*

Time too counsels in favor of a stay considering the pertinent County Commission election in Precinct 3 will be held in 2024. Results from this November's elections—including who is on the ballot and how candidates perform—will provide non-hypothetical data that current discovery cannot. As such, the Parties could not only have the benefit of actual election data using the challenged map, but also, and most importantly, the benefit of the likely-altered Section 2 standard from *Merrill*. While all of the consolidated causes of action are a little different, and "Plaintiffs here attempt to distinguish [*Merrill*] from the

6

instant case[s], there is no question that [all] cases arise under Section 2 of the Voting Rights Act." *Id.* As such, the consolidated matters should be stayed pending the Supreme Court's resolution of *Merrill*.

## CONCLUSION

For the aforementioned reasons, the Court should stay all proceedings in the consolidated matters pending resolution of *Merrill v. Milligan* before the United States Supreme Court.

Respectfully submitted,

**HOLTZMAN VOGEL BARAN JOSEFIAK &TORCHINSKY LLC**

*/s/ Dallin B. Holt*
Dallin B. Holt
Attorney in Charge
Texas Bar No. 24099466
S.D. of Texas Bar No. 3536519
Jason B. Torchinsky*
Shawn T. Sheehy*
dholt@holtzmanvogel.com
jtorchinsky@holtzmanvogel.com
ssheehy@holtzmanvogel.com
15405 John Marshall Hwy
Haymarket, VA 2019
P: (540) 341-8808
F: (540) 341-8809

*Admitted pro hac vice

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with counsel for Consolidated Plaintiffs regarding the filing of this Motion. And, on September 29, 2022, counsel for the various Consolidated Plaintiffs each indicated that Consolidated Plaintiffs do not consent to the relief requested herein.

*/s/ Dallin B. Holt*
Dallin B. Holt

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on all counsel of record on September 30, 2022, through the CM/ECF system.

*/s/ Dallin B. Holt*
Dallin B. Holt