# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | |
|---|---|
| TERRY PETTEWAY, THE HONORABLE DERRECK ROSE, MICHAEL MONTEZ, SONNY JAMES and PENNY POPE,<br><br>*Plaintiffs*,<br><br>v.<br><br>GALVESTON, TEXAS, and HONORABLE MARK HENRY, in his official capacity as Galveston County Judge,<br><br>*Defendants*. | Civil Action No. 3:22-cv-57 |
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>GALVESTON, TEXAS, GALVESTON COUNTY COMMISSIONERS COURT, and HONORABLE MARK HENRY, in his official capacity as Galveston County Judge,<br><br>*Defendants*. | Civil Action No. 3:22-cv-93 |

| | | |
|---|---|---|
| Dickinson Bay Area Branch NAACP, GALVESTON BRANCH NAACP, MAINLAND BRANCH NAACP, GALVESTON LULAC COUNCIL 151, EDNA COURVILLE, JOE A. COMPIAN, and LEON PHILLIPS, *Plaintiffs*, v. GALVESTON, TEXAS, HONORABLE MARK HENRY, in his official capacity as Galveston County Judge, and DWIGHT D. SULLIVAN, in his official capacity as Galveston County Clerk *Defendants*. | § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 3:22-cv-117 |

## PETTEWAY PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' <u>RENEWED MOTION TO STAY</u>

On May 16, 2022, Defendant filed their first Motion to Stay, arguing, *inter alia,* that the United States Supreme Court's pending *Merrill* decision might be dispositive of Plaintiffs' case. Doc. 36 at 7-9. On May 24, 2022, this Court denied Defendants' first Motion to Stay. *See* Doc. 40. Although Defendants now renew their motion, nothing has changed to warrant Defendants' second bite at the apple. This Court should again deny Defendants' motion.

1

## LEGAL ARGUMENT

Defendants ask this Court to reconsider its previous Order denying their Motion to Stay on the sole basis that they disagree with the Court's decision. As discussed below, Defendants' Renewed Motion to Stay fails because 1) Defendants fail to meet the standard for a motion for reconsideration, and 2) Defendants fail to meet the standard for a motion to stay.

1. **Defendants Do Not Meet the Standard for a Motion for Reconsideration.**

Rule 24(b) of the Federal Rules of Civil Procedure governs this Court's authority to reconsider "any order or other decision…that does not end the action." *Id.* Reconsideration, however, "is an extraordinary remedy that should be used sparingly," as the party seeking reconsideration must "clearly establish that reconsideration is warranted." *Mod. Am. Recycling Servs., Inc. v. Dunavant*, No. CIV.A. 10-3153, 2012 WL 2087443, at *2 (E.D. La. June 8, 2012) (citing *Schiller v. Physicians Res. Group Inc.,* 342 F.3d 563, 567 (5th Cir. 2003)). "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted." *Id.*

Here, Defendants fail to support their argument with an independent basis warranting this Court's reconsideration of its Order. Defendants recycle the same arguments proffered in their first stay motion, namely, that the *Merrill* decision presents similar issues to the present case. *Compare* Doc. 36 at 4-9 *with* Doc 77 at 2-5. As in their previous motion, Defendants cite an unrelated federal district court decision to support their argument. After this Court issued its order denying Defendants Motion for a Stay, the

2

district court in *Nairne v. Ardoin* granted a motion to stay all proceedings pending the decision in *Merrill v. Milligan* as the Supreme Court had also granted a stay in a related Louisiana statewide redistricting case. Doc. 77-1 at 2-3. Both *Nairne* and the Supreme Court' pending decision in *Robinson* involve statewide redistricting in Louisiana, and the district court determined that "that the outcomes in those cases are intertwined." Doc. 77-1 at 4.

But the district court's decision in *Nairne v. Ardoin* does not change "law of the land" affecting the present case. *Cf.* Doc. 77 at 1. Both *Merrill* and *Robinson* seek the creation of an additional majority-minority district, while the present case seeks the restoration of an *eliminated* majority-minority district. Crucially, neither *Robinson* nor *Nairne* raise intent claims, as the present case does. That a different district court made a different decision based on different circumstances is not an independent reason justifying reconsideration in the present case. *See Mod. Am. Recycling Servs., Inc. v. Dunavant*, No. CIV.A. 10-3153, 2012 WL 2087443, at *2 (E.D. La. June 8, 2012) ("It is well settled that motions for reconsideration should not be used to re-urge matters that have already been advanced by a party.")

When Defendants in their prior Motion for Stay cited to other stay orders from federal district courts, the Court determined that "in none of those cases did the trial court stay its own case simply because a higher court *may* substantially change its own precedent." Doc. 40 at 1-2. That has not changed. Federal courts across the country continue to litigate cases under Section 2 of the Voting Rights Act in full awareness of the

3

Supreme Court's pending decision in *Merrill*[1]—one district court's decision to stay proceedings hardly represents a change to the "law of the land."

Defendants' puzzling contention regarding the "canon of constitutional avoidance" likewise offers no independent reason for reconsideration. Defendants already made that argument, and this Court recognized that Plaintiffs' constitutional "challenges will likely be unaffected by any outcome in *Merrill*," such that a delay would "impair this court's ability to issue effective relief later." Doc. 40 at 2-3. Likewise, Defendants repeatedly misconstrue the purpose of constitutional avoidance to seek their ends. The canon of constitutional avoidance is an equitable doctrine which aids the court's final determination of constitutional questions presented in a case. *See Ashwander v. Tennessee Valley Auth.*, 297 U.S. 288, 346-49 (1936) (Brandeis, J., concurring).[2] Constitutional avoidance is not relevant to this Court's discretion to manage its docket and maintain proceedings in the interest of justice. *See id.; see also Guillen v. Lulac,* 142 S. Ct. 2773 (2022) (denying Texas defendants' emergency application for a stay of depositions pending the outcome in

---

[1] *E.g., Arkansas NAACP et al., v. Arkansas Board of Apportionment et al.*, No. 22-1395 (8th Cir.); *Turtle Mountain Band of Chippewa Indians v. Jaeger,* 3:22-cv-00022-PDW-ARS (D.N.D.); *Ga. State Conf. NAACP v. Georgia,* No. 1:21-CV-5338-ELB-SCJ (N.D.Ga.); *League of United Latin American Citizens v. Abbott*, 3:21-cv-00259 (W.D.Tex.).

[2] The cases to which Defendants cite in its renewed motion addressed the canon of constitutional avoidance in the context of merits decisions. In *Singleton v. Merrill,* the district court examined constitutional avoidance in its order granting a preliminary injunction. 582 F. Supp. 3d 924, 937 (N.D. Ala. 2022), *order clarified*, No. 2:21-CV-1291-AMM, 2022 WL 272637 (N.D. Ala. Jan. 26, 2022), *and appeal dismissed sub nom. Milligan v. Sec'y of State for Alabama*, No. 22-10278-BB, 2022 WL 2915522 (11th Cir. Mar. 4, 2022). *LULAC* and *Gingles* were decided by the Supreme Court in a final appeal. In none of the cases which Defendants rely does a court examine constitutional avoidance in the context of this Court's non-dispositive authority to manage its docket.

4

*Merrill*). *See also Labouliere v. Our Lady of Lake Found.*, No. CV 16-00785-JJB-EWD, 2017 WL 4365989, at *10 (M.D. La. Sept. 29, 2017) ("A court's authority includes the general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice."). Nor would constitutional avoidance prevent resolution of Plaintiffs' intentional discrimination claims. In any event, constitutional avoidance bears no relevance to this Court's discretion to proceed with discovery in the present case.

Finally, the schedule for the 2024 elections has not changed since the Court issued its order denying Defendants' Motion to Stay. Therefore, Defendants' repeated claim that "time too counsels in favor of a stay" provides no independent or intervening reason to grant a stay, and indeed, merely serves to reveal this motion as a transparent attempt by Defendants to prevent Plaintiffs from obtaining relief before the Precinct 3 elections.

\*   \*   \*

In sum, Defendants offer no independent reason why this Court should reconsider its prior ruling, instead repeating the same arguments that this Court has already rejected. Therefore, Defendants do not meet the standard to warrant this Court's reconsideration, reason enough to deny Defendants' Motion.

2. **Even If Defendants Meet the Standard for Reconsideration, Defendants Fail to Meet the Standard for a Motion to Stay.**

Because Defendants simply rehash their previous arguments, the Court's reasoning in its order denying Defendants' first stay motion applies with equal force here. As this Court has already noted, the balance of the equities weighs against staying the case. *See* Doc. 40 at 2. A court's authority includes "the 'general discretionary power to stay

5

proceedings before it in the control of its docket and in the interests of justice," but that discretion is "not limitless." *Labouliere v. Our Lady of Lake Found.*, No. CV 16-00785-JJB-EWD, 2017 WL 4365989, at *10 (M.D. La. Sept. 29, 2017). In determining whether a stay is appropriate, a court will consider "(1) the potential for hardship and inequity imposed on the parties by proceeding with the action, (2) whether prejudice will result if a stay is imposed, and (3) the interests of judicial economy." *Id. See also* Doc. 40 at 2.

Here, there is no hardship imposed on the parties by proceeding with the case, especially given that the case is in the middle of discovery. Indeed, proceeding with discovery will allow the parties the opportunity to gather evidence relevant to the claims and defenses related to both the Section 2 and intentional discrimination allegations in time for the 2024 Commissioners Court elections. And there is no indication that any decision in *Merrill* will make any discovery the parties are undertaking irrelevant. *See Merrill v. Milligan*, 142 S. Ct. 879, 879 (mem.) (2022) (Kavanaugh, J., concurring) ("The stay order does not make or signal any change to voting rights law."); *see also* Doc. 40 at 2-3. As stated above, *Merrill, Robinson,* and *Nairne* present different factual and legal circumstances which do not arise in the present case, and the present case presents factual and legal circumstances which do not arise in *Merrill, Robinson,* and *Nairne*. If the Supreme Court's ruling in *Merrill* ultimately bears on some aspect of this case—by no means a guarantee— this Court can always reopen discovery for limited purposes.

In contrast, a stay *will* severely prejudice the Plaintiffs' ability to obtain relief in this case. As this Court noted, "plaintiffs have made clear that they hope to have the Commissioners Court precinct lines redrawn in time for the 2024 election." Doc. 40 at 3.

6

The operative deadline for the 2024 election is the November 2023 qualifying period.[3] A delay in the litigation would prejudice Plaintiffs' ability to obtain relief in time for the November 2023 qualifying period for the 2024 Commissioners' Court elections. Should Plaintiffs prevail, the delay caused by a stay would likely require the Court to order special elections for the Commissioners Court precincts in order to avoid relief being delayed until the 2028 election cycle. That would be significantly more disruptive and costly than ensuring resolution in time for the 2024 election. Furthermore, the delay Defendants seek would halt *all discovery* in this matter until as late as the end of June 2023, a prejudice the Supreme Court did not impose on the *Merrill* plaintiffs when it stayed a preliminary injunction granting *relief* in that matter. Waiting almost two years after the November 2021 redistricting cycle to resume discovery is likely to impair witnesses' ability to recall key details or obtain documents, or result in witnesses' unavailability,[4] depriving Plaintiffs of a fair opportunity to gather key evidence to support their claims.

Similarly a stay in this case will not promote judicial economy. Regardless of the outcome of *Merrill,* this Court will have to adjudicate Plaintiffs' claims in time for the 2024 elections. The parties have already initiated discovery in this case, Plaintiffs have served their first discovery requests, and Defendants have initiated document production. The parties must develop a factual record, and there is no indication that *Merrill* will make any

---

[3] To the extent that Defendants may argue that this Court could move the November 2023 qualifying period, that decision would be premature. If this Court decides that it needs more time to adjudicate the case later on, it certainly can do so at a later time; delaying discovery to hypothetically move the qualifying period does not promote judicial economy.

[4] This is especially true given that at least one key witness, former Commissioner Ken Clark, has become unavailable since the filing of Plaintiffs' Complaint.

discovery in this case irrelevant. Rather, conducting discovery before a decision in *Merrill* is more likely to help the parties and the Court in determining whether and to what extent the ultimate decision affects this case. If the Court grants Defendants' stay, the parties would not be able to resume discovery until as late as the end of June 2023, let alone dispositive briefing, pretrial briefing, trial, the necessary time for this Court to consider the evidence and issue a decision, a remedial phase, and any possible appeal. Judicial economy, therefore, requires that this case proceed. Any theoretical hardship will be circumvented by this Court's "ability to adjust quickly to any changes in the law that may come from *Merrill* or any other case." Doc. 40 at 3.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs request that this Court deny Defendants' Renewed Motion to Stay.

Respectfully submitted this 21 day of October, 2022.

*/s/ Valencia Richardson*
Mark P. Gaber*
Simone Leeper*
Valencia Richardson*
Campaign Legal Center
1101 14th St. NW, Ste. 400
Washington, DC 20005
(202) 736-2200
mgaber@campaignlegal.org
sleeper@campaignlegal.org
vrichardson@campaignlegal.org

Sonni Waknin*
Bernadette Reyes*
UCLA Voting Rights Project

Chad W. Dunn (Tex. Bar No. 24036507)
Brazil & Dunn
4407 Bee Cave Road
Building 1, Ste. 111
Austin, TX 78746
(512) 717-9822
chad@brazilanddunn.com

Neil G. Baron
Law Office of Neil G. Baron
1010 E Main Street, Ste. A
League City, TX 77573
(281) 534-2748
neil@ngbaronlaw.com

3250 Public Affairs Building
Los Angeles, CA 90095
Telephone: 310-400-6019
sonni@uclavrp.org

*admitted pro hac vice*

*Counsel for Petteway Plaintiffs*

## CERTICATE OF SERVICE

I HEREBY CERTIFY that on October 21, 2022, the foregoing document was filed electronically (via CM/ECF), and that all counsel of record were served by CM/ECF.

*/s/ Valencia Richardson*
*Counsel for Petteway Plaintiffs*
