# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | | |
|---|---|---|
| TERRY PETTEWAY, et al.<br><br>　　Plaintiffs,<br>v.<br><br>GALVESTON COUNTY, TEXAS, et al.<br><br>　　Defendants. | § § § § § § § § § § § | **Civil Action No. 3:22-CV-00057 (Consolidated)** |
| UNITED STATES OF AMERICA,<br><br>　　Plaintiffs,<br>v.<br><br>GALVESTON COUNTY, TEXAS, et al.<br><br>　　Defendants. | § § § § § § § § § § § § § | **Civil Action No. 3:22-CV-00093** |
| DICKINSON BAY AREA BRANCH NAACP, et al.<br><br>　　Plaintiffs,<br>v.<br><br>GALVESTON COUNTY, TEXAS, et al.<br><br>　　Defendants. | § § § § § § § § § § § § § | **Civil Action No. 3:22-CV-00117** |

## REPLY IN SUPPORT OF CONSOLIDATED DEFENDANTS' RENEWED MOTION TO STAY

Consolidated Defendants' request for a stay is about what Fifth Circuit district courts should do post-*Robinson* with Section 2 cases. Terrified of directly addressing the arguments in Consolidated Defendants' Renewed Motion to Stay, Plaintiffs spend a combined thirty-eight pages mischaracterizing Consolidated Defendants' Motion, ignoring the ongoing changes to the law in this Circuit, euphemistically using a man's death to bolster their position, and avoiding the point of constitutional avoidance. *See Petteway, et al. v. Galveston County, Texas, et al.*, 3:22-cv-57, ECF Nos. 78, 79, & 80 (October 21, 2022). That's a hefty number of pages expended on a supposedly meritless and "improper" six-page renewed motion to stay. Plaintiffs protest too much. Clearing aside all that underbrush, the simple fact remains: the Supreme Court stayed an injunction in a case similar to this one and held the case (then before the Fifth Circuit) in abeyance pending its decision in *Merrill v. Milligan*, Nos. 21-1086 and 21-1087, 2022 U.S. LEXIS 1626 (U.S., Feb. 7, 2022). Consolidated Defendants respectfully ask this Court to follow the Supreme Court's lead and grant the renewed motion to stay.

## ARGUMENT

I. **Because of the Supreme Court's New Guidance in *Robinson*, Consolidated Defendants' Renewed Motion to Stay is Appropriate.**

In mid-May 2022, as the present matters were not yet consolidated, Consolidated Defendants moved to stay the various proceedings before this Court pending resolution of *Merrill v. Milligan* at the Supreme Court of the United States. *See Petteway, et al.*, 3:22-cv-00057, ECF No. 36 (May 16, 2022); *Dickinson Bay Area Branch NAACP, et al. v. Galveston County, Texas, et al.*, 3:22-cv-00117, ECF No. 33 (May 17, 2022); *U.S. v.*

1

*Galveston County, Texas, et al.*, 3:22-cv-00093, ECF No. 27 (May 17, 2022). In separate yet identical orders, on May 24, 2022, the Court denied the Motions to Stay, concluding the balance of factors weighed against a stay. *See Petteway, et al.*, 3:22-cv-00057, ECF No. 40 (May 24, 2022); *Dickinson Bay Area Branch NAACP, et at.*, 3:22-cv-00117, ECF No. 36 (May 24, 2022); *U.S. v. Galveston County, Texas, et al.*, 3:22-cv-00093, ECF No. 28 (May 24, 2022). After changes to the legal "lay of the land" in the Fifth Circuit, *see Nairne v. Ardoin*, 2022 U.S. Dist. LEXIS 155706, at *6 (M.D. La. Aug. 30, 2022), Consolidated Defendants renewed their motion to the Court to stay all proceedings pending resolution of *Merrill*, Nos. 21-1086 and 21-1087, in the Supreme Court of the United States.

And it was a *renewed* motion to stay. Plaintiffs waste time and space discussing irrelevant strawman arguments and law on motions for *reconsideration*—entirely mischaracterizing the nature of the Motion. Had Consolidated Defendants wanted to file a motion for reconsideration, they would have done so. They did not. They were making no allegations of mistake of law or fact. Instead, Consolidated Defendants brought a new motion based on a subsequent legal development, acting reasonably in response to the Supreme Court's June 28, 2022 decision in *Ardoin v. Robinson*. A renewed motion to stay is an appropriate action for a party to take in light of material changes to law or fact. Courts in this Circuit have entertained such motions without deeming them "improper." *See, e.g., Performance Sols. LLC v. Sea Ties, LLC*, 2022 U.S. Dist. LEXIS 29923, at *8 (M.D. La. Feb. 18, 2022) (granting renewed motion to stay where intervening changes on the ground, including a pending case in a different federal court, warranted a stay).

Consolidated Defendants' argument is, respectfully, that the Court should change its position consistent with new guidance from the Supreme Court. In *Ardoin v. Robinson*, the Supreme Court held the entirety of the case in abeyance pending its own forthcoming decision in *Merrill* and took the case from the Fifth Circuit. 142 S. Ct. 2892 (2022). Just as the Chief Justice had to reconsider his approach to Section 2 stays post-*Merrill*, *compare id. with Merrill v. Milligan*, 142 S. Ct. 879, 882 (2022) (Roberts, C.J., dissenting from grant of applications for stays), so too should this Court post-*Robinson*. No reading of tea leaves about *Merrill*'s oral argument is necessary, *see* NAACP Pls.' Opp'n to Defs.' Renewed Mot. to Stay, ECF No. 79 at 10–11; the Supreme Court in *Robinson* essentially reversed the Fifth Circuit's denial of stay in a case very similar to this one. The difference that *Robinson* is a state-legislature map case while this is a county-wide map is an aesthetic one only. The import of *Merrill* is not grounded in the size of the maps at issue. It's about the legal standards under which federal courts evaluate those maps, large or small. This case, then, is on all fours with *Robinson*.

## II. The Cases Plaintiffs Rely on Are Inapplicable.

The United States argues that Section 2 cases are continuing across the country without being stayed. But not a single case it cites sits on the same side of the line as *Robinson*, *Nairne*, and this litigation. In two of them, no stay was sought, making any invocation of those cases fatuous. *See Dixon v. Lewisville Indep. Sch. Dist.*, No. 4:22-cv-304, 2022 WL 4477320 (E.D. Tex. Sept. 26, 2022); *Alpha Phi Alpha Fraternity, Inc. v. Raffensperger*, 587 F. Supp. 3d 1222 (N.D. Ga. 2022). *Bowman v. Chambers*, 586 F. Supp. 3d 926 (E.D. Mo. Feb. 22, 2022), meanwhile, isn't even a Section 2 case and ended in

February 2022 anyway, long before *Robinson*. The United States is at least right that *Baltimore Cnty. Branch of the NAACP, et al. v. Baltimore County, Md.*, No. 21-cv-03232-LKG, 2022 WL 657562 (D. Md. Feb. 22, 2022), *order modified*, 2022 WL 888419 (D. Md. Mar. 25, 2022) is a Section 2 case, but that case does not need to be stayed under *Robinson* and *Merrill*, because the Baltimore City Council mooted Section 2 issues by passing a new bill approved by the district court for the 2022 elections three months before *Robinson*. *See id.*, ECF No. 80. In *LULAC v. Abbott*, No. 3:21-cv-259, ECF No. 246 (W.D. Tex. Apr. 22, 2022), a stay was indeed denied; but just like in this case, that was *before Robinson*. Additionally, *LULAC v. Abbott* is entirely different procedurally than the present matter; *LULAC* dealt with a preliminary injunction that had already been decided and complaints that sought injunctive relief for the November *2022* elections, as opposed to dealing with *2024* elections. *See id.*, ECF No. 176.

It is true that a stay motion very similar to Consolidated Defendants' was filed in the Eighth Circuit in *Lower Brule Sioux Tribe v. Lyman County*, No. 22-2748 (8th Cir. Aug. 22, 2022). That motion, however, was dismissed without prejudice to be filed later after the Eighth Circuit is decides an appellate jurisdictional issue related to the underlying preliminary injunction, a process that continues to this day. *Lower Brule Sioux Tribe*, then, provides little guidance, although Consolidated Defendants certainly think that case should be stayed as well if the appellants renew their motion.

Finally, the stay in *Rose v. Raffensperger* was vacated because the Eleventh Circuit used *Purcell*'s stay standard when it should not have, because the defendants had already functionally conceded *Purcell* did not apply. No. 22A136, 2022 LEXIS 3315, at *1 (U.S.

Aug. 19, 2022). The Supreme Court then sent the case back to the Eleventh Circuit to reconsider whether a stay should be granted, which of course would include consideration of *Robinson* and *Merrill*. The Supreme Court never said that a stay should not be granted and gave no discussion of *Robinson*, *Merrill*, or Section 2 claims. As such, *Rose* has nothing to add to the conversation here.[1]

In the one district court case actually similar to *Robinson* (aside from this one), *Nairne*, the plaintiffs too attempted to distinguish their case from *Merrill*, making many of the same arguments as Plaintiffs in the present case. *See generally Nairne*, 3:22-cv-178-SDD-SDJ, ECF No. 64. The district court would not have it. As a Section 2 case dealing with *Gingles* preconditions that had not seen any preliminary injunction findings, *Nairne* warranted a stay. See *Nairne*, 2022 U.S. Dist. LEXIS 155706, at *7 ("By holding *Robinson* in abeyance pending the outcome of *Merrill*, the Supreme Court has unmistakably communicated that the outcomes in those cases are intertwined.").

---

[1] Plaintiffs repeatedly argue that "[t]he holdings in [] unrelated matters have no bearing on the balance of the equities in this case." ECF No. 79 at 9; *see also* ECF No. 78 at 2 ("Defendants cite an unrelated federal district court decision to support their argument."). Despite this, just yesterday, Plaintiffs filed a Notice of Additional Authority, alerting the Court of a denial of a request to stay pending *Merrill* that was recently decided by the Western District of Washington. ECF No. 81. Aside from the decision being outside the Fifth Circuit and containing no analysis, the underlying matter, *Palmer, et al. v. Hobbs, et al.*, 3:22-cv-5035, is on an entirely different schedule. *Compare id.*, ECF No. 93 (close of discovery is January 1, 2023 with dispositive motions due January 31, 2023) *with* ECF No. 66 (present matter has close of discovery as April 21, 2023, with dispositive motions due April 28, 2023). Also, *Palmer* dealt with motions to dismiss and for preliminary injunction that were already decided prior to the Supreme Court's *Robinson* decision. *See Palmer*, 3:22-cv-5035, ECF No. 66 (order issued April 13, 2022). Here, Plaintiffs did not file for preliminary relief and the Court has not yet decided Consolidated Defendants' Motions to Dismiss. Finally, it is worth noting that the *Palmer* Court invited the moving party to re-file the motion to stay once discovery ends in January 2023. *Id.* ECF No. 101 at 2.

## III. Plaintiffs' Arguments Regarding Irreparable Harm, Witness Unavailability, and Constitutional Avoidance Are Also Unavailing.

Notably, in most redistricting cases, plaintiffs—like many in the cases cited above—seek preliminary injunctions on the theory these Plaintiffs now try to invoke, *i.e.*, that proceeding under a challenged map "would risk irreparable harm to Plaintiffs." ECF No. 79 at 2. But Plaintiffs here never tried to enjoin the 2022 map. They never sought expedited relief. To the extent Plaintiffs now want to argue waiver, *see id.* at 5, they sit in a glass house. Also, this supposed injury is no injury at all. At least, this Court has never made a finding that the map violates or is even likely to violate Section 2 of the Voting Rights Act. And until a federal court finds otherwise, "the good faith of [the legislature] must be presumed." *Abbott v. Perez*, 138 S. Ct. 2305, 2324 (2018). The harm cannot be that the Plaintiffs believe (as litigants often do) they will ultimately win the case and that they are harmed because they cannot win sooner.

Beyond the dispositive *Robinson* question, some of the arguments against the stay are bizarrely dark and ridiculous, like Petteway Plaintiffs' assertion that a stay would result in witnesses' unavailability, "especially true given that at least one key witness, former Commissioner Ken Clark, has become unavailable since the filing of Plaintiffs' Complaint." ECF No. 78 at 7 n.4. If it's unclear from Plaintiffs' euphemistic phrasing, Commissioner Clark passed away. Plaintiffs seem to be making the surprising prediction that further "delay" will likewise result in the deaths of Commissioners. This case is not some mafia prosecution where witnesses are liable to become "unavailable" before trial. In any case, the untimely passing of Commissioner Clark, who was under sixty—as well

6

as any potential passings of other witnesses—is not something Consolidated Defendants either control or expect.

Finally, on the doctrine of constitutional avoidance, Plaintiffs misrepresent Consolidated Defendants' arguments. Consolidated Defendants are not arguing, and have not argued, that the Court should grant the stay to avoid ever ultimately deciding the constitutional issues in this case on the merits. Rather, the argument presented in the Motion to Stay is that, should this Court stay the Section 2 claims, it should likewise stay the constitutional claims (the intentional discrimination claims), lest it end up adjudicating statutory claims before constitutional ones in violation of the canon's purpose. Constitutional avoidance is the simple idea that federal courts should avoid a constitutional avenue for deciding a claim when a statutory one is open. *See Citizens United v. FEC*, 558 U.S. 310, 374 (2010) (Roberts, C.J., concurring) ("If there were a valid basis for deciding this statutory claim in Citizens United's favor (and thereby avoiding constitutional adjudication), it would be proper to do so."); *see also Nw. Austin Mun. Util. Dist. No. One v. Holder*, 557 U.S. 193, 197 (2009). It would be error to rush to decide this case on intentional discrimination (constitutional) grounds while avoiding Section 2. *See Singleton v. Merrill*, No. 2:21-cv-1291, 2022 U.S. Dist. LEXIS 83367, at *15-17 (N.D. Ala. Feb. 25, 2022) (reserving ruling on Equal Protection intentional discrimination claims in *Merrill* while the Section 2 claims are pending before the Supreme Court).

The Court should stay all parts of this case, get guidance the statutory Section 2 claims, and then decide this case on the merits on those grounds.

**CONCLUSION**

For the aforementioned reasons, the Court should follow the Supreme Court's lead in *Robinson* and stay all proceedings in the consolidated matters pending resolution of *Merrill v. Milligan* before the United States Supreme Court.

Respectfully submitted,

**HOLTZMAN VOGEL BARAN JOSEFIAK & TORCHINSKY PLLC**

*/s/ Dallin B. Holt*
Dallin B. Holt
Attorney in Charge
Texas Bar No. 24099466
S.D. of Texas Bar No. 3536519
Jason B. Torchinsky*
Shawn T. Sheehy*
dholt@holtzmanvogel.com
jtorchinsky@holtzmanvogel.com
ssheehy@holtzmanvogel.com
15405 John Marshall Hwy
Haymarket, VA 2019
P: (540) 341-8808
F: (540) 341-8809

*Admitted pro hac vice*

## **CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of the foregoing was served on all counsel of record on October 28, 2022 through the CM/ECF system.

                                          */s/ Dallin B. Holt*
                                          Dallin B. Holt