January 4, 2023

The Honorable Judge Andrew M. Edison
United States District Court
601 Rosenberg, Seventh Floor
Galveston, TX 77550
**Re: Petteway et. al, v. Galveston County, et al., Civil Action No. 3:22-cv-00057**

Dear Judge Edison:

Plaintiffs seek a court order overruling Defendants' assertions of attorney-client privilege regarding communications with Dalton (Dale) Oldham made during the deposition of Galveston County GIS Specialist Nathan Sigler on December 19, 2022. Plaintiffs contend that a prompt ruling is necessary prior to depositions scheduled between January 5, 2023, and January 25, 2023.

This disagreement centers on the nature of Mr. Oldham's role during the 2021 redistricting process and arose during the December 19, 2022, deposition of Mr. Sigler, who disclosed participating in a virtual meeting with Commissioner Ken Clark and Mr. Oldham. *See* Ex. 1. Counsel for the United States asked "why were you meeting with [Commissioner Clark and] Mr. Oldham?" Defendants' counsel objected and advised Mr. Sigler that he could answer the question but only if in doing so, he did not disclose any communications protected under the attorney-client privilege. Ex. 1. Mr. Sigler took the advice of counsel and declined to answer the question. *Id.* This issue arose again during the deposition. Exs. 4, 5, and 6. The Parties attempted to resolve the issue first during the December 19th deposition, Exs. 2 and 3, with Plaintiffs providing all Defendants' counsel with an August 12, 2022, Order in *League of United Latin American Citizens* ("*LULAC*") *v. Abbott*, No. 21CV00259, 2022 WL 3353409, at *4 (W.D. Tex. Aug. 12, 2022) ( "Exhibit 2"), and again during a telephone conference on December 29th at 11 a.m. At Defendants' request, the Parties agreed to file this dispute letter *after* Defendants produced their privilege log on December 31, 2022.

## I.   Plaintiffs' Position

Defendants do not meet their burden of showing that attorney-client privilege protects conversations involving Dale Oldham. Analogous privilege issues have arisen in Texas statewide redistricting litigation, and court decisions there guide the outcome here. Specifically, evidence "concerning advice on political, strategic or policy issues" and "facts within the client's knowledge . . . , even if the client learned those facts through communications with counsel" are not protected by attorney-client privilege. *LULAC*, 2022 WL 3353409, at *4 (cleaned up). "So too facts within the client's knowledge are not protected by the attorney-client privilege, even if the client learned those facts through communications with counsel." *Id.* (internal quotations omitted). Defendants' vague explanations about the scope of Mr. Oldham's work for the County do not satisfy their burden. *See* Ex. 7 at 10 and Ex. 8; *LULAC*, 2022 WL 3353409, at *4 ("Privilege claims must be detailed"). Defendants attempt to shroud knowledge about the redistricting process behind privilege because a lawyer performed their legislative drafting. But Mr. Sigler's "personal knowledge," "actions (or inaction)," and "empirical features of the redistricting plans," and Mr. Oldham's "technical" or political advice on the impact of redistricting plans are not covered by attorney-client privilege. *LULAC v. Abbott*, 342 F.R.D. 227, 233, 235 (W.D. Tex. 2022)

1

(overruling attorney-client privilege objections to reopen deposition of legislator to answer redistricting questions).

The Court should, consistent with *LULAC*, overrule Defendants' blanket assertion of privilege, and direct witnesses to respond to questions regarding their work and communications related to drawing redistricting plans. *LULAC v. Abbott*, No. 21CV00259, 2022 WL 1570858 (W.D. Tex. May 18, 2022) ("Exhibit 9"). If necessary, any such testimony shall remain attorneys' eyes only until the Court rules on the applicability of the privilege.

## II.     Defendants' Position

Plaintiffs are asking this Court for an advisory opinion. On the basis of two broad questions, Plaintiffs ask this Court to determine the scope of attorney-client privilege concerning all communications with Mr. Oldham. This issue is unripe. *First*, Mr. Oldham was retained "to provide legal representation and *advice regarding redistricting* in Galveston County, Texas, including provision of a technical expert to draw the map." *See* Ex. 8 (emphasis added); *see also* Defs.' Ex. A. Plaintiffs' question to Mr. Sigler about why he was "meeting with Mr. Oldham to discuss these [precinct] splits" Ex. 1 and asking Mr. Sigler to divulge the contents of his discussions during his November 1, 2021 Zoom meeting with Mr. Oldham, Ex. 5, sought privileged communications. These questions are akin to asking "what did you and your attorney discuss." These questions are always objectionable. Simply put, Plaintiffs failed to ask specific questions to determine what exactly was and was not objectionable, such as "did you and Mr. Oldham discuss the partisan composition of Galveston County?" Additionally, counsel's instructions were not blanket instructions. For example, Mr. Sigler answered three questions about his meeting with Mr. Oldham prior to Plaintiffs' counsel asking what did Mr. Sigler discuss with Mr. Oldham. Ex. 5. And later, over Defense counsel's cautionary instructions, Mr. Sigler answered that he could not recall what was discussed during the November 1 Zoom meeting. Ex. 5. Thus, unlike Chairman Hunter in *LULAC v. Abbott* who invoked the attorney client privilege "hundreds" of times during his deposition, 342 F.R.D. at 227, Defendants' assertion of the attorney-client privilege only prevented Mr. Sigler from answering one question. Exs. 1 and 5.

*Second*, Defendants' document production proves their transparency. *See, e.g.,* Ex. 7 (identifying redistricting meetings that occurred with counsel, detailing that there were three phases to the redistricting process, and identifying redistricting criteria, and the detailing the development of draft maps). In fact, Defendants have produced numerous shapefiles of draft maps, underlying data supporting the draft maps, the data for both Map 1 and Map 2, and communications between counsel and client regarding the scheduling of meetings to discuss redistricting. Defendants have even produced shapefiles for map *proposals* from the 2011 round of redistricting. In all, Defendants have produced 3,887 documents constituting 30,363 pages of information, not including the shapefiles. Defendants have produced 76 documents with slight redactions and have withheld 468 documents for privilege. Defs.' Ex. A. Clearly, Defendants are not abusing the attorney-client privilege to shroud the redistricting process.

January 4, 2023                                    Respectfully submitted

/s/ Dallin B. Holt
Dallin B. Holt
Attorney in Charge
Texas Bar No. 24099466
S.D. of Texas Bar No. 3536519
Shawn T. Sheehy*
dholt@holtzmanvogel.com
ssheehy@holtzmanvogel.com
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK
15405 John Marshall Hwy
Haymarket, VA 2019
P: (540) 341-8808
F: (540) 341-8809

*Admitted Pro Hac Vice*

*Counsel for Defendants*

/s/ Chad Dunn
Chad W. Dunn
Tex. Bar No. 24036507
Brazil & Dunn
1900 Pearl Street
Austin, TX 78705
(512) 717-9822
chad@brazilanddunn.com

*Counsel for Petteway Plaintiffs*

/s/    Sarah Xiyi Chen
**TEXAS CIVIL RIGHTS PROJECT**
Attorney-in-Charge
Hani Mirza
Texas Bar No. 24083512
Sarah Xiyi Chen*
California Bar No. 325327
1405 Montopolis Drive
Austin, TX 78741
512-474-5073 (Telephone)
512-474-0726 (Facsimile)
hani@texascivilrightsproject.org
schen@texascivilrightsproject.org

3

*admitted *pro hac vice*

*Counsel for NAACP Plaintiffs*

| | |
|---|---|
| JENNIFER B. LOWERY<br>United States Attorney<br>Southern District of Texas | KRISTEN CLARKE<br>Assistant Attorney General<br>Civil Rights Division |
| DANIEL D. HU<br>Civil Chief<br>United States Attorney's Office<br>Southern District of Texas<br>Texas Bar No. 10131415<br>SDTX ID: 7959<br>1000 Louisiana Ste. 2300<br>Houston, TX 77002<br>713-567-9000 (telephone)<br>713-718-3303 (fax)<br>daniel.hu@usdoj.gov | /s/ *Catherine Meza*<br>T. CHRISTIAN HERREN, JR.<br>ROBERT S. BERMAN*<br>CATHERINE MEZA*<br>Attorney-In-Charge<br>BRUCE I. GEAR*<br>THARUNI A. JAYARAMAN*<br>ZACHARY J. NEWKIRK*<br>Attorneys, Voting Section<br>Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530<br>202-307-2767 (telephone)<br>202-307-3961 (fax)<br>catherine.meza@usdoj.gov<br><br>* *Admitted Pro Hac Vice*<br><br>*Counsel for the United States* |

## CERTIFICATE OF CONFERENCE

Undersigned counsel hereby certifies that on December 29 at 11 A.M., the following representatives of the Parties participated in a meet and confer telephone conference call:

On behalf of the Defendants: Shawn Sheehy, Jordan Raschke Elton, and Joseph Russo

On behalf of the NAACP Plaintiffs:  Sarah Chen, Diana Vall-llobera, Kathryn Garrett, and Andrew Silberstein;

On behalf of the Petteway Plaintiffs:  Bernadette Reyes and Valencia Richardson;

On behalf of the United States: Catherine Meza, Bruce Gear, Tharuni Jayaraman, and K'Shaani Smith.

Undersigned counsel hereby certifies that also on December 19, the Parties engaged in meet and confer email correspondence and discussions during the deposition of Mr. Sigler. *See* Exs.1, 3,  5, and 6.  The counsel involved in the discussions were:

On behalf of the Petteway Plaintiffs: Bernadette Reyes

On behalf of the NAACP Plaintiffs: Sarah Chen

On behalf of the United States: Tharuni Jayaraman

On behalf of Defendants: Joseph Russo

All counsel were included in the email portion of the electronic correspondence. Ex. 3.

Dated: January 4, 2023

/s/ Shawn T. Sheehy
Shawn T. Sheehy