The Honorable Judge Andrew M. Edison                                                                   January 25, 2023
United States District Court
601 Rosenberg, Seventh Floor
Galveston, TX 77550

Re: *Petteway v. Galveston County*, Consolidated Case No. 3:22-cv-57

Dear Judge Edison:

The parties seek a conference on discovery disputes concerning Defendants' assertions of attorney-client and work-product privilege in response to Plaintiffs' requests for production.

## I. Summary of Dispute and Discussion

In August 2022, consolidated Plaintiffs served their first sets of written discovery on Defendants. On December 31, and by agreement between the parties, Defendants served their privilege log. Defendants provided a corrected version on January 2, 2023. Defendants withheld 468 documents based on attorney-client privilege and the work-product doctrine. Ex. A. On January 6, Plaintiffs sent Defendants an annotated excel version of Defendants' privilege log that included a row-by-row explanation of Plaintiffs' challenges to the asserted privileges for 353 documents on the log. Ex. B. Plaintiffs also provided the legal basis by category for each challenge and requested a meet-and-confer. Ex. C. Defendants agreed to meet over Zoom on January 12 at 3pm CT. Although after the meet and confer conference, Defendants made a few concessions, it remains clear that the Parties have a fundamental disagreement over the assertion and application of the attorney-client privilege and the attorney work-product protection. To reflect their concessions Defendants submitted a revised privilege log on January 20, 2023. Defs.' Ex. 1. After Plaintiffs requested an explanation of what changes were made in the revised privilege log, Defendants listed which entries had changed and the reason there were new entries in the revised log. Ex. F.

## II. Plaintiffs' Positions

Defendants' invocations of the work product privilege are overbroad. *See* Exs. B, C. They have asserted work-product protections over virtually every document detailing the 2021 map-drawing legislative record, despite the fact that "[d]ocuments created in the ordinary course of drafting legislation—including redistricting legislation—are not covered by the work product doctrine"; this is true even if the Commissioners Court "may have reasonably believed that litigation would result from its redistricting efforts." *LULAC v. Abbott*, No. EP-21-CV-00259, 2022 U.S. Dist. LEXIS 144545, at *16 (W.D. Tex. Aug. 12, 2022) (cleaned up). What's more, Defendants continue to assert work-product privilege even after Commissioner Apffel testified that Defendants "[a]bsolutely" did not expect litigation. Ex. D.

Defendants' assertions of attorney-client privilege are likewise overbroad and without basis. The descriptive information Defendants have provided for many documents shows that the primary purpose was "advice on political, strategic, or policy issues," not legal advice which is Defendants' burden to substantiate. *LULAC*, 2022 U.S. Dist. LEXIS 144545, at *14. This issue remains despite Defendants' recent modifications to their reasons for asserting privilege. *Compare* Ex. F *with*

1

Defs.' Ex. 1. Judge Henry testified that he retained Dale Oldham to draw the new commissioners' precinct map, not just provide legal advice to ensure compliance with applicable law. Ex. E. Defendants' choice to outsource their legislative duties to their attorneys does not allow them to cloak the legislative record—which is at the heart of the disputed factual issues—from public scrutiny, especially where those communications concern policy decisions taken pursuant to Defendants' legislative obligations. Likewise, the underlying demographic and political data conveyed to Commissioners constitute "facts within the client's knowledge" and are not themselves privileged "even if the client learned those facts through communications with counsel." *Id.* (internal quotation omitted); *see also Ohio A. Philip Randolph Inst. v. Smith*, No. 1:18-cv-357, 2018 U.S. Dist. LEXIS 211420, at *9–11 (S.D. Ohio Dec. 15, 2018). Plaintiffs request an order compelling Defendants to produce the documents identified in Exhibit B that have not been produced to date. Finally, Defendants' assertions below regarding Ms. Williamson are both inaccurate and irrelevant to the issue presented here.

### III. Defendants' Positions

Plaintiffs are wrong on both the facts and the law. Defendants have produced shapefiles of draft maps for both 2021 and 2011, Excel spreadsheets containing analyses of the draft maps, demographic data, and meeting schedules. Commissioners have also testified about policy considerations for the 2021 map. In total, Defendants have disclosed 4,149 documents constituting 31,246 pages of information and asserted privilege over only 464 documents. Plaintiffs' assertions that Defendants are using privilege to "cloak the legislative record" or claim privilege over "virtually every document" are factually wrong.

Defendants are entitled to legal counsel (and the associated privilege protections) during the legislative process to draft and analyze legislation, provide legal analysis of proposed legislation. *LULAC v. Abbott*, 342 F.R.D. 227, 236 (W.D. Tex. 2022); *Bethune-Hill v. Va. State Bd. Of Elections*, 114 F. Supp.3d 323, 346 (E.D. Va. 2015); *see also* Tex. Gov't Code § 323.017. Galveston County retained counsel "to provide legal representation and advice regarding redistricting in Galveston County, Texas, including provision of a technical expert to draw the map." Defs.' Ex. 2. Commissioner Apffel and Judge Henry repeatedly acknowledged Mr. Oldham's role as redistricting counsel to ensure the maps were legally compliant. Defs.' Exs. 3 and 4; *see also* Defs.' Ex. 4 at 242:6-9.

Finally, Plaintiffs' reliance on *LULAC* is misplaced because the court there merely highlighted an unaddressed issue without deciding the matter. *LULAC*, 2022 U.S. Dist. LEXIS 144545 at *17-18. Here, the map drafting process began on or around October 15, 2021. Defs.' Ex. 1 at 9 (entry 59). Plaintiffs' hired Ms. Williamson, who was in communication with Commissioner Holmes about redistricting as early as September, 2021, to gather information for redistricting litigation. Defs.' Ex. 5, 141:20-25, 142:1-12; 144:21-22, 151:24-25-152:1-5; 168:4-13. Ms. Williamson communicated with Plaintiffs' counsel often regarding Ms. Williamson's redistricting work. *Id*. at 130:2-10. Ms. Williamson invited Commissioner Holmes to participate in redistricting meetings in October 11, 2021. Defs.' Ex. 6. Commissioner Holmes also spoke for approximately 30 minutes about Map Proposals 1 and 2 at a local Democratic Party event on November 4. Defs.' Ex. 7. Litigation was anticipated.

2

Respectfully submitted, this the 25 day of January 2023.

**HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK**

/s/ Dallin B. Holt
Dallin B. Holt
Attorney in Charge
Texas Bar No. 24099466
S.D. of Texas Bar No. 3536519
Shawn T. Sheehy*
dholt@holtzmanvogel.com
ssheehy@holtzmanvogel.com
15405 John Marshall Hwy
Haymarket, VA 2019
P: (540) 341-8808
F: (540) 341-8809
*Admitted Pro Hac Vice

*Counsel for Defendants*

ALAMDAR S. HAMDANI
United States Attorney
Southern District of Texas

/s/ Hilary Harris Klein
**SOUTHERN COALITION FOR SOCIAL JUSTICE**
Hilary Harris Klein*
N.C. Bar No. 57311
1415 W. Hwy. 54, Suite 101
Durham, NC 27707
919-323-3380 (Telephone)
919-323-3942 (Facsimile)
hilaryhklein@scsj.org

**TEXAS CIVIL RIGHTS PROJECT**
Attorney-in-Charge
Hani Mirza
Texas Bar No. 24083512
Sarah Xiyi Chen*
California Bar No. 325327
1405 Montopolis Drive
Austin, TX 78741
512-474-5073 (Telephone)
512-474-0726 (Facsimile)
hani@texascivilrightsproject.org
schen@texascivilrightsproject.org

*admitted *pro hac vice*

*Counsel for NAACP Plaintiffs*

*/s/* Chad W. Dunn
Chad W. Dunn
Tex. Bar No. 24036507
Brazil & Dunn
1900 Pearl Street
Austin, TX 78705
(512) 717-9822
chad@brazilanddunn.com

*Counsel for Petteway Plaintiffs*

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

3

DANIEL D. HU
Civil Chief
United States Attorney's Office
Southern District of Texas
Texas Bar No. 10131415
SDTX ID: 7959
1000 Louisiana Ste. 2300
Houston, TX 77002
713-567-9000 (telephone)
713-718-3303 (fax)
daniel.hu@usdoj.gov

/s/ Catherine Meza
T. CHRISTIAN HERREN, JR.
ROBERT S. BERMAN*
CATHERINE MEZA*
Attorney-In-Charge
BRUCE I. GEAR*
THARUNI A. JAYARAMAN*
ZACHARY J. NEWKIRK*
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
202-307-2767 (telephone)
202-307-3961 (fax)
catherine.meza@usdoj.gov

*Admitted Pro Hac Vice*

*Counsel for the United States*

## **CERTIFICATE OF CONFERENCE**

Undersigned counsel hereby certifies that on January 12, 2023, at 3 P.M., the following representatives of the Parties participated in a meet and confer telephone conference call:

Present for *NAACP* Plaintiffs: Hilary Harris Klein, Sarah Chen, Richard Mancino, Diana Vall-llobera, Kathryn Garrett, and Adrianne Spoto.

Present for *Petteway* Plaintiffs were Valencia Richardson, Bernadette Reyes, Alexandra Copper, and Neil Baron.

Present for the United States: Catherine Meza, Tharuni Jayaraman, and Zachary Newkirk.

Present for Defendants: Shawn Sheehy and Dallin Holt.

Undersigned counsel hereby certifies that also on January 2 through January 24, the Parties engaged in meet and confer email correspondence. *See* Ex. F. The counsel involved in the discussions were Hilary Klein, on behalf of NAACP Plaintiffs, and Shawn Sheehy, on behalf of Defendants.

Dated: January 25, 2023

/s/ Hilary Harris Klein
Hilary Harris Klein