# EXHIBIT 15

*NAACP Plaintiffs' and Petteway Plaintiffs'*
*Requests for Production of Documents*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| DICKINSON BAY AREA BRANCH NAACP; GALVESTON BRANCH NAACP; MAINLAND BRANCH NAACP; GALVESTON LULAC COUNCIL 151; EDNA COURVILLE; JOE A. COMPIAN; and LEON PHILLIPS, | § § § § § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Action No. 3:22-cv-117- JVB |
| | § § | |
| GALVESTON COUNTY; HONORABLE MARK HENRY, in his official capacity as Galveston County Judge; DWIGHT D. SULLIVAN, in his official capacity as Galveston County Clerk; | § § § § § § § | |
| *Defendants*. | § § § | |
| | § § | |
| TERRY PETTEWAY, DERRICK ROSE, MICHAEL MONTEZ, SONNY JAMES, and PENNY POPE, | § § § § | |
| *Plaintiffs*, | § § § | |
| v. | § § | Civil Action No. 3:22-cv-57-JVB [Lead Consolidated Case] |
| | § § | |
| GALVESTON COUNTY, TEXAS, and HONORABLE MARK HENRY, in his official capacity as Galveston County Judge, | § § § § § | |
| *Defendants*. | § § § | |

|                                                      |     |                                 |
|------------------------------------------------------|-----|---------------------------------|
| United States of America,                            | §   |                                 |
|                                                      | §   |                                 |
|                                                      | §   |                                 |
| *Plaintiff,*                                         | §   |                                 |
|                                                      | §   |                                 |
| v.                                                   | §   | Civil Action No. 3:22-cv-93-JVB |
|                                                      | §   |                                 |
|                                                      | §   |                                 |
| GALVESTON COUNTY, TEXAS;                             | §   |                                 |
| GALVESTON COUNTY                                     | §   |                                 |
| COMMISSIONERS COURT; and                             | §   |                                 |
| MARK HENRY, in his capacity as                       | §   |                                 |
| Galveston County Judge,                              | §   |                                 |
|                                                      | §   |                                 |
| *Defendants.*                                        | §   |                                 |
|                                                      | §   |                                 |

## *NAACP* PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS GALVESTON COUNTY, HON. MARK HENRY, AND DWIGHT D. SULLIVAN

Pursuant to the Federal Rules of Civil Procedure, Plaintiffs Mainland Branch NAACP, Dickinson Bay Area Branch NAACP, Galveston Branch NAACP, Galveston LULAC Council 151, Edna Courville, Joe A. Compian, and Leon Phillips (together, "NAACP Plaintiffs") serve this First Request for Production to Defendant(s) Galveston County, Honorable Mark Henry, in his official capacity as Galveston County Judge, and Dwight D. Sullivan, in his official capacity as Galveston County Clerk. Defendant(s) must serve their responses upon the undersigned counsel within thirty (30) days in electronic format, or if electronic format is not available, at 1405 Montopolis Drive, Austin, Texas 78741. Defendant(s) must supplement their responses as required by the Federal Rules of Civil Procedure and any orders entered by the Court.

2

## **DEFINITIONS**

1.   "Defendant(s)," "you," and "your" refer to Galveston County, Honorable Mark Henry, in his official capacity as Galveston County Judge, and Dwight D. Sullivan, in his official capacity as Galveston County Clerk, as well as their predecessors in office and any representative acting or purporting to act on their behalf or subject to their control, including but not limited to past or present employees, agents, interns, attorneys, advisors, consultants, and/or contractors.

2.   "Commissioner" means a past or present elected member of the Galveston County Commissioners Court, including such member's past or present employees, agents, attorneys, advisors, consultants, contractors, and/or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control on behalf of any committee or other body of which the elected member is part.

3.   "Communication(s)" means any transmittal of information, whether facts, ideas, inquiries, or otherwise, regardless of form, method, or medium and refers to every manner or means of disclosure, transfer, or exchange of information orally, telephonically, electronically, digitally, in-person, or in writing of any kind and in any form, including without limitation mail, notes, emails, text messages, SMS messages, instant messages, voice messages, Signal messages, WhatsApp messages, iMessages, etc., and refers both to actual and attempted communications of any kind.

4.    "Document(s)" means any writing of any kind, source, or authorship, regardless of

3

how it may be recorded, stored, or reproduced. The term includes both originals and all non-identical copies thereof, as well as all drafts, revisions, and amendments, regardless of whether adopted. The term also includes but is not limited to handwritten, typewritten, printed, photocopied, photographic, and electronically recorded matter. For purposes of illustration and not limitation, the term includes: contracts, agreements, communications, reports, charges, complaints, correspondence, letters, emails, social media postings, telegrams, memoranda, applications, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, journals, diaries, schedules, charts, graphs, worksheets, spreadsheets, reports, notebooks, note charts, handwritten notes, plans, drawings, sketches, maps, brochures, pamphlets, advertisements, circulars, press releases, summaries or records of meetings or conferences, summaries or reports or records of investigations or negotiations, opinions or reports of consultants, bills, statements, invoices, affidavits, schedules, audio recordings, video recordings, transcriptions, and photographs.

5. "Person" means not only natural persons, but also firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trusts, groups, and organizations; federal, state, or local governments or government agencies, offices, bureaus, departments, or entities; other legal, business, or government entities; and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof or any combination thereof.

4

6.      "Redistricting" means any consideration of the alignment of district boundaries for the entire Commissioners Court Precincts map for Galveston County, any single Commissioner Court Precinct, or Commissioner Court Precincts within a geographic area.

7.      "Identify" when referring:

   a.  to a person, means to state the person's full name, present or last known address, telephone number, and email address;

   b.  to an organization or entity, means to state its full name, present or last known address, telephone number, fax number, and email address;

   c.  to a document, means to describe its contents; to identify when, where, and how it was made; to identify who made it; and to identify who has present or last known possession, custody, or control of the document;

   d.  to a statement or communication, means to describe its contents; to identify when, where, and how it was made; to identify who made it and who was present when it was made; and to identify who has present or last known possession, custody, or control of any recording of the statement or communication;

   e.  to a social media account, means to provide the username of the account, identify all persons who control or have access to the account, and provide the date(s) of the relevant activity on the account.

8.      "Relating to" means referring to, regarding, consisting of, concerning, pertaining to,

5

reflecting, evidencing, describing, constituting, mentioning, or being in any way logically or factually connected with the matter discussed, including any connection, direct or indirect, whatsoever with the requested topic.

9.      "Commissioners Court Precinct Map" means the Commissioners Court Precinct map for Galveston County adopted by the Galveston County Commissioners Court on November 12, 2021, unless another plan is specified.

## **INSTRUCTIONS**

1.      This First Set of Requests for Production is served jointly on all Defendant(s) for convenience only. It is to be construed as a separate request for each.

2.      In responding to these requests, please produce all responsive documents in your possession, custody, or control, including Documents reviewed by Defendant(s) which Defendant(s) have the legal right and/or the practical ability to obtain from a non-party to this action.

3.      All references in these requests to an individual person include their employees and agents past and present, including attorneys, advisors, consultants, contractors, predecessors, and all other persons or entities acting or purporting to act their behalf or subject to the control of such person.

4.      All references in these requests to any entity, governmental entity, or any other type of organization include its past or present officers, executives, directors, employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, and all other persons or entities acting or purporting to act on

6

behalf of such an organization or subject to its control.

5.     In construing these document requests, apply the broadest construction, so as to produce the most comprehensive response.

    a.   Construe the terms "and" and "or" either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside that scope.

    b.   Words used in the singular include the plural and vice-versa.

    c.   Words or terms used herein have the same intent and meaning regardless of whether the words or terms are depicted in lowercase or uppercase letters.

    d.   "Persons" can include entities, incorporated and not, and "entities" can include persons and associations thereof. A reference to a person or entity includes their agents past and present.

6.     Documents should be produced in their entirety, without abbreviation, redaction, or expurgation; file folders with tabs or labels identifying Documents responsive to these requests should be produced intact with the Documents; Documents attached to each other should not be separated; all emails or Documents maintained in electronic form should be produced with all associated metadata and the appropriate load file(s); Documents stored as Excel files or as a database should be produced in their native format; each page should be given a discrete production number; and color copies of Documents should be produced where color is necessary to interpret or understand the contents.

7.    For the avoidance of doubt, these requests are not intended to require the production of sensitive personally identifiable information.

8.    Documents should be produced in a form consistent with any agreement concerning production format entered in this action.

9.    Each document produced should be categorized by the number of the document request in response to which it is produced.

10.   No portion of a request may be left unanswered because an objection is raised to another part of that request. If Defendant(s) object to any portion of a document request, they must state with specificity the grounds of any objections. Any ground not stated will be waived.

11.   For any document withheld from production on a claim of privilege or work product protection, provide a written privilege log identifying each document individually and containing all information required by Rule 26(b)(5) of the Federal Rules of Civil Procedure, including a description of the basis of the claimed privilege and all information necessary for NAACP Plaintiffs to assess the privilege claim.

12.   If Defendant(s) contend that it would be unduly burdensome to obtain and provide all of the Documents called for in response to any document request or any subsection thereof, then in response to the appropriate document request: (a) produce all such Documents as are available without undertaking what Defendant(s) contend to be an unreasonable request; (b) describe with particularity the efforts made by Defendant(s) or on their behalf to produce such Documents; and (c) state

8

with particularity the grounds upon which Defendant(s) contend that additional efforts to produce such Documents would be unreasonable.

13. If any requested document or other potentially relevant document is subject to destruction under any document retention or destruction program, the Documents should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by the Court.

14. In the event that a responsive document has been destroyed or has passed out of Defendant(s)' possession, custody, or control, please identify the following information with respect to each such document: its title, date, author(s), sender(s), recipient(s), subject matter, the circumstances under which it has become unavailable, and, if known, its current location and custodian.

15. These requests are continuing in nature. Defendant(s)' responses must be supplemented and any additional responsive material disclosed if responsive materials become available after Defendant(s) serve their response. Defendant(s) must also amend their responses to these requests if they learn that an answer is in some material respect incomplete or incorrect. If Defendant(s) expect to obtain further information or expect the accuracy of a response given to change between the time responses are served and the time of trial, they are requested to state this fact in each response.

16. NAACP Plaintiffs expressly reserve the right to supplement these requests to the extent permitted by the applicable rules and under applicable law.

17.     Unless otherwise limited or expanded by a particular request, the requests apply to

the period from January 1, 2020 through the present.

## NAACP PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

Produce all Documents and Communications created or received by any Defendant or Commissioner relating to any redistricting proposal for the Commissioners Court Precinct Map for enactment since January 1, 2010. This request specifically includes but is not limited to:

a.   the origination or source of any redistricting proposal;

b.   the impetus, rationale, background, or motivation for the redistricting proposal;

c.   the criteria used in creating or assessing a redistricting proposal;

d.   all drafts in the development or revision of any of the redistricting proposals, including but not limited to shapefiles, files, or datasets used in mapping software, statistical reports, demographic data, election data, and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, citizenship, changing census geography, or any other measure used to evaluate the redistricting proposal;

e.   all Communications between or among Defendant(s) relating to the redistricting proposal;

f.   all Documents and Communications relating to the protection of any incumbents in any such redistricting proposal;

g.   all Documents and Communications relating to any amendment, whether partial or total, to each such proposal;

h.   all Documents and Communications relating to negotiations regarding any redistricting proposal;

i.   any concept maps or other pre-drafting documents provided to, shown to, or discussed with Defendant(s) or members of the Commissioners Court;

j.   any academic or expert materials, including but not limited to essays, histories, analyses of past redistricting proposals in Galveston County or elsewhere, articles, or litigation documents viewed or consulted regarding any redistricting proposal;

k.   all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to any effect or impact of the redistricting proposals

10

of any kind – including on (1) racial or ethnic minority voters, (2) existing or emerging districts in which racial minorities had the ability to elect the candidate of their choice, and (3) voter turnout (including Spanish Surname Voter Turnout) – that could result from the implementation of any such redistricting proposal;

l.   all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the total population or eligible voter population of Galveston County and the number of majority party seats and minority party seats that might be provided for in any redistricting proposal; and

m.   all Communications with third parties or third-party organizations, consultant, expert, law firm, vendor, or other political party, community group, or organization relating to any redistricting proposal.

## REQUEST FOR PRODUCTION NO. 2:

All Documents and Communications relating to the 2021 redistricting process for the Galveston County Commissioners Court such as documents dealing with planning, timing, hearings, staffing, training, outreach, public participation, deadlines, limitations, and involved persons or entities. This request specifically includes but is not limited to:

a.   all Communications with Galveston County staff and/or individual or multiple Commissioners, relating to the redistricting process, including but not limited to establishing a timeline, hiring a consultant, and utilizing redistricting criteria;

b.   all Communications with third parties or any third-party organization, consultant, expert, law firm, vendor, or other political party, community group, or organization relating to the redistricting process;

c.   all Communications with constituents, including public commentary, imagery, or social media posts (whether still maintained on any Defendant(s)' social media account or since deleted and including any comments made by Defendant(s) on their own posts or to other social media users' posts) relating to the redistricting process, review of redistricting proposals and adoption of the Commissioners Court Precinct Map;

d.   a list of all individuals requested, invited, permitted, or considered to testify in the Commissioners Court relating to the redistricting process, redistricting proposals, or the Commissioners Court Precinct Map, in any forum and form, including in person, virtually, orally, and in writing;

e.   all transcripts of testimony relating to the redistricting process, redistricting proposals, and the Commissioners Court Precinct Map;

f.   all written testimony and comments received by mail, email, website portal, or by other means;

g.   all Documents and Communications related to the planning, timing, location,

11

and accommodations for any public hearing on redistricting;

h.  all notices published or transmitted to individuals or the public about the redistricting hearing and the scheduling of the hearing;

i.  all Documents and Communications relating to the process by which proposals were reviewed by Defendant(s) or Commissioners; and

j.  all Documents and Communications relating to the involvement with or comments on the Commissioners Court Precinct Map by any division, sub-division, or local branch of political parties including the Republican Party and the Democratic Party.

## REQUEST FOR PRODUCTION NO. 3:

For the period spanning January 1, 1990 until the present, all rules, procedural memos, and guidelines for the Galveston County Commissioners Court on elections and redistricting.

## REQUEST FOR PRODUCTION NO. 4:

All other Documents and Communications relating to Redistricting for the Galveston County Commissioners Court including but not limited to redistricting criteria, public statements, correspondence, calendar invitations, scheduling emails, meeting minutes, agendas, attendance sheets, call logs, notes, presentations, studies, advocacy, letters, or other communications from January 1, 2010 until the present. This request specifically includes but is not limited to:

a.  all Documents and Communications relating to the use of Voting Age Population, Citizen Voting Age Population, and/or Total Population with regard to the Commissioners Court Precinct Map or the drawing of any district;

b.  all Documents and Communications relating to the growth, diminishment, or stagnation of populations of white, African-American, Latino, Asian American Pacific Islander ("AAPI"), or other minority residents and/or voters in Texas as a whole or in Galveston County;

c.  all Documents and Communications relating to whether the Commissioners Court Precinct Map complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections or other analyses;

d.  all Documents and Communications relating to or providing guidance on what is required in order to ensure compliance with the Voting Rights Act or the United States Constitution;

e.  all Documents and Communications relating to any Commissioner Precinct considered protected under Section 2 of the Voting Rights Act;

f.  all Documents and Communications relating to the group or groups considered protected under Section 2 of the Voting Rights Act;

g.  all Documents and Communications relating to whether "coalition districts" are recognized under Section 2 of the Voting Rights Act;

h.  all Documents and Communications relating to any discussion of any coalition, disagreement, or division between African American, Latino, or AAPI voters; and

i.  all Documents and Communications referencing a distinction, or lack of distinction, between racial minority voters and Democratic voters.

## REQUEST FOR PRODUCTION NO. 5:

All Documents and Communications relating to enumerations or estimates by the U.S. Census Bureau or Texas Demographic Center related to population changes, race, ethnicity, language minority status, or United States citizenship.

## REQUEST FOR PRODUCTION NO. 6:

All Documents and Communications relating to payment for services, agreements of representation, or contracts with any consultant, any political operative, any expert, any law firm, any attorney, any vendor, or any other person or entity related to the Commissioners Court Precinct Map. This request specifically includes but is not limited to:

a.  all Documents and Communications relating to the availability of any attorney or other consultant to provide assistance to Defendant(s) or Commissioner(s) on redistricting matters; and

b.  all Documents and Communications relating to plans for any person or entity to be present in or near the Galveston County Commissioners Court during or near the time of any hearing on redistricting.

## REQUEST FOR PRODUCTION NO. 7:

All Documents and Communications relating to the appointment of any individuals to the Commissioners Court from January 1, 2010 to the present.

## REQUEST FOR PRODUCTION NO. 8:

All Documents and Communications regarding any formal or informal complaints made against the County, its offices, or its employees, alleging discrimination based on race, ethnicity, or national origin, from January 1, 2010 to the present.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents and Communications from the U.S. Department of Justice related to proposed or enacted Commissioners Court redistricting plans from January 1, 2010 to the present.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents and Communications that Defendant(s) may use to support any contention that the Commissioners Court Precinct Map was not enacted with a discriminatory purpose, to the extent that Defendant(s) take that position.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications that Defendant(s) may use to support any contention that race did not predominate in the drawing of the Commissioners Court Precinct Map, to the extent that Defendant(s) take that position).

**REQUEST FOR PRODUCTION NO. 12:**

For any time period, all Documents and Communications that Defendant(s) may use to support the contention that the Commissioners Court Precinct Map configuration does not have discriminatory results, as defined by 52 U.S.C. § 10301, to the extent that Defendant(s) take that position.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents and Communications relied upon by Defendant(s) in Your responses to NAACP Plaintiffs' First Set of Interrogatories.

**REQUEST FOR PRODUCTION NO. 14:**

For any time period, all Documents and Communications produced to other parties in the above captioned dispute.


DATE: August 12, 2022


/s/    *Sarah Xiyi Chen*
**TEXAS CIVIL RIGHTS PROJECT**

14

Attorney-in-Charge
Mimi M.D. Marziani
Texas Bar No. 24091906
Hani Mirza
Texas Bar No. 24083512
Joaquin Gonzalez*
Texas Bar No. 24109935
Sarah Xiyi Chen*
California Bar No. 325327
1405 Montopolis Drive
Austin, TX 78741
512-474-5073 (Telephone)
512-474-0726 (Facsimile)
mimi@texascivilrightsproject.org
hani@texascivilrightsproject.org
joaquin@texascivilrightsproject.org
schen@texascivilrightsproject.org

**SOUTHERN COALITION FOR SOCIAL JUSTICE**
Hilary Harris Klein*
North Carolina Bar No. 53711
1415 W. Hwy 54, Suite 101
Durham, NC 27707
919-323-3380 (Telephone)
919-323-3942 (Facsimile)
hilaryhklein@scsj.org

**WILLKIE FARR & GALLAGHER LLP**
Richard Mancino*
New York Bar No. 1852797
Michelle Anne Polizzano*
New York Bar No. 5650668
Andrew J. Silberstein*
New York Bar No. 5877998
Molly Linda Zhu*
New York Bar No. 5909353
Kathryn Carr Garrett*
New York Bar No. 5923909

15

787 Seventh Avenue
New York, New York 10019
212-728-8000 (Telephone)
212-728-8111 (Facsimile)
rmancino@willkie.com
mpolizzano@willkie.com
asilberstein@willkie.com
mzhu@willkie.com
kgarrett@willkie.com

JoAnna Suriani*
DC Bar No. 1645212
1875 K Street, N.W.
Washington, DC 20006-1238
(202) 303-1000 (Telephone)
(202) 303-2000 (Facsimile)
jsuriani@willkie.com

**SPENCER & ASSOCIATES, PLLC**
Nickolas Spencer
Texas Bar No. 24102529
9100 Southwest Freeway, Suite 122
Houston, TX 77074
713-863-1409 (Telephone)
nas@naslegal.com

***COUNSEL FOR PLAINTIFFS***
*admitted *pro hac vice*

## CERTICATE OF SERVICE

I HEREBY CERTIFY that on August 12, 2022, the foregoing document was served

via e-mail on all counsels of record.

/s  *Sarah Xiyi Chen*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| TERRY PETTEWAY, THE HONORABLE DERRECK ROSE, MICHAEL MONTEZ, SONNY JAMES and PENNY POPE, | § § § § § | |
| *Plaintiffs*, | § § | Civil Action No. 3:22-cv-57 |
| v. | § § | |
| GALVESTON COUNTY, TEXAS, and HONORABLE MARK HENRY, in his official capacity as Galveston County Judge, | § § § § § § | |
| *Defendants.* | § § | |
| UNITED STATES OF AMERICA, | § § | |
| *Plaintiff*, | § § | |
| v. | § § | |
| GALVESTON COUNTY, TEXAS, GALVESTON COUNTY COMMISSIONERS COURT, and HONORABLE MARK HENRY, in his official capacity as Galveston County Judge, | § § § § § § § | Civil Action No. 3:22-cv-93 |
| *Defendants.* | § § | |
| Dickinson Bay Area Branch NAACP, GALVESTON BRANCH NAACP, MAINLAND BRANCH NAACP, GALVESTON LULAC COUNCIL 151, EDNA COURVILLE, JOE A. COMPIAN, and LEON PHILLIPS, | § § § § § § § | Civil Action No. 3:22-cv-117 |

1

|  |  |  |
|---|---|---|
| *Plaintiffs,* | § | |
| | § | |
| v. | § | |
| | § | |
| GALVESTON COUNTY, TEXAS, | § | |
| HONORABLE MARK HENRY, in | § | |
| his official capacity as Galveston | § | |
| County Judge, and DWIGHT D. | § | |
| SULLIVAN, in his official capacity as | § | |
| Galveston County Clerk | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

## PETTEWAY PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION

      Pursuant to Rules 26(b) and 34 of the Federal Rules of Civil Procedure ("FRCP"), Plaintiffs Terry Petteway, the Honorable Derrick Rose, Michael Montez, Penny Pope, and Sonny James ("Plaintiffs" or "*Petteway* Plaintiffs") request that Defendants Galveston County, Texas and the Honorable Mark Henry, ("Defendants") produce all items responsive to the following Requests for Production ("Requests") within thirty (30) days of service. Responses may be served electronically to chad@brazilanddunn.com.

      These Requests are subject to the Instructions and Definitions set forth below and are continuing in nature, as provided in FRCP 26(e).

## DEFINITIONS

**For the purposes of these requests only, Plaintiffs use the definitions set forth below:**

1.    "You," "Your," or "Defendant" means Galveston County, Texas and the Honorable Mark Henry in his official capacity as Chief Officer of Galveston County and any of their past or present agents, advisors, employees, representatives, attorneys, consultants, contractors, or other persons or entities acting on behalf of Defendants or subject to Defendants' control.

2.    "Communication" is used in the broadest sense and means every conceivable manner or means of disclosure, transfer, or exchange of oral or written information between one or more persons, entities, devices, platforms, or systems. This includes transmission of information by oral, graphic, written, pictorial, electronic, or other perceptible means,

2

including later memorializing of such transmission, including in e-mail, text messages, messages sent or received on internet websites or applications (such as Facebook, Facebook Messenger, WhatsApp, Signal, etc.), memoranda of conversations, correspondence, data processing, pictures, or recordings.

3.  "Concerning," "Reflecting, "Regarding," and "Relating to" are used in the broadest possible sense and mean, in whole or in part, addressing, affecting, analyzing, constituting, containing, commenting, in connection with, dealing with, discussing, describing, embodying, evidencing, identifying, pertaining to, referring to, reporting, stating, or summarizing.

4.  "Document" is defined to be synonymous in meaning and scope to the term "document" as used in Federal Rule of Civil Procedure 34 and the phrase "writings and recordings" as defined in Federal Rule of Evidence 1001, and includes all forms of recorded information, without limitations, all writings, correspondence (including, but not limited to, social media messages, text messages, direct messages on platforms such as Facebook, Twitter, and LinkedIn, and messages through common messaging applications such as WhatsApp, Signal, and Facebook Messenger), email communications, voice mail communications, memoranda, notes, drawing, graphic material, data compilations, contracts, agreements, charts, photographs, and records, whether stored in tangible, hard-copy, mechanical, or electronic form or representation of any kind. Email communication includes anything sent or received including where the party was carbon copied ("cc'd") or blind carbon copied ("bcc'd"). All drafts, copies, or preliminary materials that are different in any way from the executed or final document shall be considered to be additional documents as that term is used herein. All e-mail records retained on personal and work cellular phones and SIM cards, personal work and home computers, centralized servers, cloud storage, and laptop computers are specifically included in this request.

5.  "Identify" means to state: a) in the case of a natural person, the person's name, business address and telephone number, employer, and title or position; and b) in the case of a person other than a natural person, the entity's name, website if any, the address of its principal place of business (including  zip code), its telephone number, the name of its chief executive officer or other designated representative, and that person's telephone number.

6.  "Item" is defined as documents, communications, electronically stored information (as defined by the parties' agreed ESI protocol), and tangible things. *See, e.g.*, Fed. R. Civ. P. 34.

7.  "2011 Redistricting Cycle" means the time period beginning in August 2011 when Defendants began the process of redistricting the Commissioners Court and ending in March 2012 when the Benchmark Plan was adopted.

8.  "2021 Redistricting Cycle" means the time period between August 2021 when Defendants began the process of redistricting the Commissioners Court and ending in December 2021 when the Enacted Plan was adopted.

9.  "Enacted Plan" means the Commissioners Court districting plan adopted during the 2021 redistricting process.

10. "Applicable Period" refers to the time period between January 1, 2010 and the present.

11. "Benchmark Plan" means the Commissioners Court districting plan in effect from 2012 to 2021.

12. "Allegation(s)" means any formal or informal complaint, claim, or assertion of an act described within the relevant request.

## INSTRUCTIONS

1.  In construing these Requests, apply the broadest construction, so as to produce the most comprehensive response. Construe the terms "and" and "or" either disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside that scope. Words used in the masculine gender include the feminine, and words used in the feminine include the masculine; and words used in the singular include the plural, and in the plural include the singular; verbs in the present tense include the past tense, and in the past tense include the present tense. If policies or procedures responsive to the Requests changed or change at any time during the period of the request or between the time the request was made and the date of your response, include items related to any and all policies or procedures that were in effect during the time period in question.

2.  These requests are intended to cover all responsive items in your possession, custody, or control, whether or not located at any of your office(s), including items in the possession, custody, or control of anyone acting on behalf of or at the direction of You, or otherwise subject to Your control.

3.  To the extent there are no items responsive to a specific request, state that no item exists. If items not specifically requested exist, provide the items available that are closest to those that are not available.

4.  If any item is not produced on the basis of a claim of privilege or for any other reason, identify the item with particularity, including the author(s), any recipient(s), any other individual or entity to whom the item has been shown or transmitted, any

other individual or entity with whom the item has been discussed, the number of pages, attachments, and appendices, the date of the item, a description of the subject matter sufficient to form the basis of a claimed privilege and to identify uniquely the item, and a short statement of the nature of the claimed privilege or reason for withholding production.

5.     You are further requested to provide all portions of requested items that are not subject to a claim of privilege or other reason for nonproduction by excising or otherwise protecting the portions for which a privilege is asserted, if such a technique does not result in disclosing the contents of the portions for which some privilege is asserted.

6.     If you object to or otherwise decline to answer any portion or aspect of a request for production, provide all information requested by the remainder of the request. If you object to a request for production for the reason that it is too broad, provide all information that you concede is relevant. If you object to a request for production on the ground that to provide an answer would constitute an undue burden, provide all requested information that can be supplied without undertaking the alleged undue burden. If you are providing less than a complete response to any request, your written response should clearly indicate any limitation on your production.

7.     These requests require you to produce all items in your "possession, custody, or control" within the broadest meaning of that phrase permitted by the Federal Rules of Civil Procedure, including items in the possession, custody, or control of your employees, agents, representatives, subsidiaries, attorneys (unless privileged), or any other person acting or purporting to act on your behalf or under your direction or control. These requests further require you to produce all items that you have a legal right to obtain on demand. If items called for in any request cannot be produced in full after exercising due diligence to secure them, you should so state and specify why the requested item cannot be produced.

8.     Items sought in this request include information currently or previously within your possession, custody, or control, as well as information which comes into your possession, custody, or control subsequent to service hereof. If any item responsive to a request has been lost or destroyed, describe the content of the item, the location of any copies of the item, the date the item was lost or destroyed, and the name of the person who ordered or authorized the destruction, and provide any items existing at the time of such loss or destruction setting forth or concerning any policy or procedure then in effect for destruction or retention of items.

9.     If an item responsive to a request has been destroyed, it should be identified as follows: (i) preparer and addressor; (ii) addressee; (iii) each recipient and each person to whom it was distributed or shown; (iv) date prepared; (v) date transmitted;

(vi) date received; (vii) description of contents and subject matter; (viii) date of destruction; (ix) manner of destruction; (x) name, title, and address of the person who directed that the item be destroyed and the person who destroyed the item; (xi) the reason for the item's destruction; (xii) the names of persons having knowledge of the destruction; and (xiii) a full description of the efforts made to locate the item.

10.   If an item responsive to a request has been transferred to the custody or control of another entity, the name, address, and principal officer or officers of such other entity should be provided.

11.   If, in answering any of the requests, any ambiguity in construing either the request or a definition or instruction relevant to the inquiry contained within the request is encountered, identify the matter deemed ambiguous and set forth the construction chosen or used in responding to the request.

12.   Each request is to be answered separately and as completely as possible. Each paragraph and subparagraph hereof and the definitions herein are to be construed independently, and not by or with reference to any other paragraph or subparagraph or definition herein for purposes of limiting the scope of any particular request or the subject matter thereof.

13.   The fact that investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to respond to each request based on the knowledge and information currently available.

14.   Where responsive items are partly or wholly in a language other than English, state whether any translation of the non-English language information exists and, if so, provide the non-English information and its English translation.

15.   To the extent responsive items rely on administrative or electronic codes, provide information sufficient to understand those codes, such as the name and description of the fields in the data and a description of each code.

16.   Items responsive to these requests shall be produced as they are kept in the usual course of business and shall be organized and labeled to correspond to the request to which they are responsive. If an item is responsive to more than one request, it shall be labeled to correspond to the request to which it is first responsive.

17.   Items from any single file should be produced in the same order as they were found in such file.

18.   When any request calls for the production of any portion of any item, the entire item containing any such portion must be produced, including all attachments, cover

letters, memoranda, and appendices, as well as the file, folder tabs, and labels appended to or containing any items. Copies which differ in any respect from an original (because, by way of example only, handwritten or printed notations have been added) should be produced separately.

19. If any of the requested items cannot be disclosed or produced in full, produce the items to the extent possible, and specify your reasons for your inability to disclose or produce the remainder, stating whatever information, knowledge, or belief you have concerning the undisclosed or unproduced portions.

20. Each request that seeks items concerning communications to, from, or within a governmental, business or corporate entity, or political committee, is hereby designated to demand, and should be construed to include, all communications by and between representatives, officers, directors, employees, or agents of the governmental, business, or corporate entity, or political committee.

21. These Requests apply to items created, obtained, or made known to You on or after January 1, 2010, unless otherwise limited or expanded by a particular request.

22. These requests are continuing in nature. If, after responding, You obtain or become aware of any further items that are responsive to these requests, including items created, obtained, or made known to you after receipt of these requests or your response thereto, supplementary production is required.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Produce all Documents upon which You relied in Your responses to *Petteway* Plaintiffs' First Set of Interrogatories.

### REQUEST FOR PRODUCTION NO. 2:

Produce all Documents related to this suit, including but not limited to, *Petteway* Plaintiffs' First Amended Complaint dated March 14, 2022, *Petteway* Plaintiffs' First Supplemental Complaint dated January 18, 2022, and Plaintiffs' Second Amended Complaint dated May 25, 2022.

### REQUEST FOR PRODUCTION NO. 3:

Produce all Documents regarding communications (written or oral) related to *Petteway v. Galveston*, No. 3:13-cv-00308.

### REQUEST FOR PRODUCTION NO. 4:

Produce all Communications and Documents exchanged between Defendant and the U.S. Department of Justice related to proposed and enacted Commissioners Court redistricting plans during the Applicable Period

### REQUEST FOR PRODUCTION NO. 5:

Produce all Items related to the planning, timing, location, and accommodations for the public hearing on 2021 redistricting plans.

### REQUEST FOR PRODUCTION NO. 6:

Produce all Commissioners Court plans proposed or considered by the Commissioners Court during the 2011 redistricting cycle, including but not limited to any underlying population data; underlying citizen voting age population data; shapefiles associated with each plan; and items sufficient to show all vendors contracted in relation to developing Commissioners Court districts during the 2011 redistricting cycle.

### REQUEST FOR PRODUCTION NO. 7:

Produce all Commissioners Court plans proposed or considered by the Commissioners Court during the 2021 redistricting cycle, including but not limited to any underlying population data; underlying citizen voting age population data; shapefiles associated with each plan; and items sufficient to show all vendors contracted in relation to developing Commissioners Court districts during the 2021 redistricting cycle.

**REQUEST FOR PRODUCTION NO. 8:**

Produce all Items related to Defendants' consideration of the racial effects of proposed Commissioners Court plans (including the Benchmark Plan) during the 2011 Redistricting Cycle.

**REQUEST FOR PRODUCTION NO. 9:**

Produce all Items related to Defendants' consideration of the racial effects of proposed Commissioners Court plans (including the Enacted Plan) during the 2021 Redistricting Cycle.

**REQUEST FOR PRODUCTION NO. 10:**

Produce all Items related to the relationship between race and voting created by or for Defendants during the Applicable Period.

**REQUEST FOR PRODUCTION NO. 11:**

Produce all Items related to analysis of voter behavior in Galveston County and any data considered in such analysis. As used herein, "voter behavior" includes but is not limited to voter registration data, political party affiliation, and voter turnout by racial demographic.

**REQUEST FOR PRODUCTION NO. 12:**

Produce all Items addressing racial disparities in health outcomes, education, income, policing, employment, and housing in Galveston County created for or by Defendants during the Applicable Period.

**REQUEST FOR PRODUCTION NO. 13:**

Produce all Items related to Allegations of voter intimidation in Galveston County during the Applicable Period.

**REQUEST FOR PRODUCTION NO. 14:**

Produce all Items related to Allegations of racial appeals in political campaigns in Galveston County during the Applicable Period.

**REQUEST FOR PRODUCTION NO. 15**

Produce all Communications related to the appointment of Dr. Robin Armstrong to the Galveston County Commissioners Court.

**REQUEST FOR PRODUCTION NO. 16:**

Produce all Communications referencing Commissioner Stephen Holmes during the 2011 Redistricting Cycle and 2021 Redistricting Cycle to which Commissioner Holmes was not a party.

**REQUEST FOR PRODUCTION NO. 17:**

Produce all Items related to analysis of racially polarized voting in Galveston County created or relied upon by the Commissioners Court during the 2011 Redistricting Cycle and 2021 Redistricting Cycle.

**REQUEST FOR PRODUCTION NO. 18:**

Produce all Items related to projected electoral outcomes under the Benchmark Plan and Enacted Plan.

**REQUEST FOR PRODUCTION NO. 19:**

Produce all Items related to the County's 2007 consent decree with the Department of Justice in Spanish language assistance in *United States v. Galveston County*, *TX* (S.D. Tex. 2007).

**REQUEST FOR PRODUCTION NO. 20:**

Produce all Items related to Allegations of racial discrimination against the Galveston Housing Authority.

**REQUEST FOR PRODUCTION NO. 21:**

Produce all Items related to any lawsuits—noticed or filed—against Defendants, individually or collectively, including any and all Galveston County departments or offices, or any members of Galveston County government in their official capacities, during the Applicable Period that alleged or related to racial discrimination.

**REQUEST FOR PRODUCTION NO. 22:**

Produce items sufficient to show any measures adopted by Defendants during the Applicable Period to address racial and ethnic disparities in income, health, educational attainment, employment opportunities, and environmental impacts between minority residents and non-minority residents.

**REQUEST FOR PRODUCTION NO. 23:**

Produce all Items related to the role of law enforcement at the public hearing on 2021 redistricting plans.

Dated: August 16, 2022

Respectfully submitted,

/s/Valencia Richardson
Mark P. Gaber*
Simone Leeper*
Valencia Richardson* (D.C. Bar No. 1739245)
Orion de Nevers**
Campaign Legal Center
1101 14th St. NW, Ste. 400
Washington, DC 20005
(202) 736-2200
mgaber@campaignlegal.org
sleeper@campaignlegal.org
vrichardson@campaignlegal.org
odenevers@campaignlegal.org

Sonni Waknin*
Bernadette Reyes*
UCLA Voting Rights Project
3250 Public Affairs Building
Los Angeles, CA 90095
Telephone: 310-400-6019
sonni@uclavrp.org
bernadette@uclavrp.org

/s/ Chad W. Dunn
Chad W. Dunn (Tex. Bar No. 24036507)
Brazil & Dunn
4407 Bee Cave Road
Building 1, Ste. 111
Austin, TX 78746
(512) 717-9822
chad@brazilanddunn.com

Neil G. Baron
Law Office of Neil G. Baron
1010 E Main Street, Ste. A
League City, TX 77573
(281) 534-2748
neil@ngbaronlaw.com

*admitted pro hac vice
**admitted pro hac vice; licensed to practice
in CA only, supervised by Mark Gaber, a
member of the D.C. bar

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that all counsel of record were served a copy of the foregoing this 16th day of August 2022 via e-mail.

/s/ Valencia Richardson