IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| TERRY PETTEWAY, THE HONORABLE DERRECK ROOSE, MICHAEL MONTEZ, SONNY JAMES and PENELOPE POPE<br>　　*Plaintiffs,*<br><br>v.<br><br>GALVESTON COUNTY, TEXAS and HONORABLE MARK HENRY, in his official capacity as Galveston County Judge,<br>　　*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§    Civil Action No. 3:22-cv-57<br>(Consolidated Lead Case) |

## RESPONSES AND OBJECTIONS OF COMMISSIONER STEPHEN HOLMES TO THE RULE 45(a)(4) SUBPOENA

Defendant Commissioner Stephen Holmes hereby serves these responses and objections to the subpoena served upon him pursuant to Rule 45(d)(2)(B) of the Federal Rules of Civil Procedure

Dated: April 13, 2023

Respectfully submitted,

HOWRY BREEN & HERMAN, L.L.P.

/s/ Randy Howry
Randy Howry
State Bar No. 10121690
rhowry@howrybreen.com
1900 Pearl Street
Austin, Texas 78705-5408
Tel. (512) 474-7300
Fax (512) 474-8557

*Attorney for Defendant Commissioner Stephen Holmes*

## **CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of this document was served upon all counsel of record via e-mail on April 13, 2023, pursuant to the Federal Rules of Civil Procedure.

Joseph Russo
jrusso@greerherz.com
Jordan Raschke
jraschke@greerherz.com
GREER, HERZ & ADAMS, L.L.P.
1 Moody Plaza, 18th Floor
Galveston, Texas 77550-7947
Tel. (409) 797-3200
Fax (866) 422-4406

Angie Olalde
aolalde@greerherz.com
GREER, HERZ & ADAMS, L.L.P.
2525 S. Shore Blvd, Ste. 203
League City, Texas 77573
Tel. (409) 797-3262
Fax (866) 422-4406

Dallin B. Holt
dholt@holtzmanvogel.com
Jason B. Tochinsky
jtorchinsky@holtzmanvogel.com
Shawn T. Sheehy
ssheehy@holtzmanvogel.com
HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK PLLC
15405 John Marshall Hwy
Haymarket, VA 20169
Tel. (540) 341-8808
Fax (540) 341-8809

*Attorneys for Defendants*

**RESPONSES AND OBJECTIONS OF COMMISSIONER STEPHEN HOLMES TO THE RULE 45(a)(4) SUBPOENA**

**REQUEST NO. 1.**
Documents and Communications relating to Redistricting in 2010-2014. This includes, but is not limited to, emails (whether from a personal or work account), text messages, notes, calendar entries; and communications with any person, organization or governmental entity, or media.

> **SPECIFIC OBJECTION:**
> Commissioner Holmes objects to this subpoena under Rule 45 because it is propounded by his own counsel in this case and because a subpoena of this nature can only be served on a non-party to the case.
>
> Commissioner Holmes objects under Rule 34 because, as a party to this case, Rule 34 governs document requests propounded to him and under that Rule he is entitled to 30 days to respond. Commissioner Holmes had been informed that his counsel in this case were the lawyers propounding this subpoena so the service of this subpoena came as a complete surprise. At that point, Commissioner Holmes retained the undersigned to represent him with respect to this discovery and that retention was not accomplished until last week. Commissioner Holmes, under the Rule and under these circumstances, is entitled to at least 30 days to respond to respond to appropriate discovery once it is properly served.
>
> Commissioner Holmes also objects under Rule 45(d) in that in propounding this request, reasonable steps were not taken to avoid imposing undue burden or expense on him.
>
> Commissioner Holmes objects under Rule 26 that this subpoena, if it can be served on him at all, is not proportionate to the needs of the case and that limited utility in undertaking this burdensome discovery at this late date in the litigation, when the propounding attorneys represented Commissioner Holmes since the litigation was pending.
>
> Commissioner Holmes objects that this subpoena in so far as it seeks disclosure or documents from him that is not required of the other county commissioners and/or the County Judge.
>
> Commissioner Holmes invokes all of the objections, privileges and immunities that propounding counsel (and others) have invoked on his behalf and on behalf of all the members of the Galveston County Commissioners Court and Galveston County.

>Commissioner Holmes objects to the subpoena as it requests responsive documents and testimony that are protected by attorney client privilege, attorney work product privilege, legislative privilege and/or the deliberative process privilege.
>
>Commissioner Holmes objects that the requests are unduly burdensome, overly broad, unreasonable in scope and time, and outside what the parties have agreed to produce with other similarly situated witnesses.

**REQUEST NO. 2.**
Documents and Communications relating to Redistricting in 2020-2022. This includes, but is not limited to, emails (whether from a personal or work account), text messages, notes, calendar entries; and communications with any person, organization or governmental entity, or media.

>**SPECIFIC OBJECTION:**
>Commissioner Holmes objects to this subpoena under Rule 45 because it is propounded by his own counsel in this case and because a subpoena of this nature can only be served on a non-party to the case.
>
>Commissioner Holmes objects under Rule 34 because, as a party to this case, Rule 34 governs document requests propounded to him and under that Rule he is entitled to 30 days to respond. Commissioner Holmes had been informed that his counsel in this case were the lawyers propounding this subpoena so the service of this subpoena came as a complete surprise. At that point, Commissioner Holmes retained the undersigned to represent him with respect to this discovery and that retention was not accomplished until last week. Commissioner Holmes, under the Rule and under these circumstances, is entitled to at least 30 days to respond to respond to appropriate discovery once it is properly served.
>
>Commissioner Holmes also objects under Rule 45(d) in that in propounding this request, reasonable steps were not taken to avoid imposing undue burden or expense on him.
>
>Commissioner Holmes objects under Rule 26 that this subpoena, if it can be served on him at all, is not proportionate to the needs of the case and that limited utility in undertaking this burdensome discovery at this late date in the litigation, when the propounding attorneys represented Commissioner Holmes since the litigation was pending.
>
>Commissioner Holmes objects that this subpoena in so far as it seeks disclosure or documents from him that is not required of the other county commissioners and/or the County Judge.

Commissioner Holmes invokes all of the objections, privileges and immunities that propounding counsel (and others) have invoked on his behalf and on behalf of all the members of the Galveston County Commissioners Court and Galveston County.

Commissioner Holmes objects to the subpoena as it requests responsive documents and testimony that are protected by attorney client privilege, attorney work product privilege, legislative privilege and/or the deliberative process privilege.

Commissioner Holmes objects that the requests are unduly burdensome, overly broad, unreasonable in scope and time, and outside what the parties have agreed to produce with other similarly situated witnesses.

**REQUEST NO. 3.**
Documents and Communications relating to the allegations in the Lawsuit, including (but not limited to) allegations that the Redistricting map adopted in Galveston County in 2021 : (1) was adopted with a discriminatory purpose, (2) has a discriminatory result, (3) was adopted with race as a predominant consideration, and/or (4) violates Section 2 of the Voting Rights Act.

**SPECIFIC OBJECTION:**
Commissioner Holmes objects to this subpoena under Rule 45 because it is propounded by his own counsel in this case and because a subpoena of this nature can only be served on a non-party to the case.

Commissioner Holmes objects under Rule 34 because, as a party to this case, Rule 34 governs document requests propounded to him and under that Rule he is entitled to 30 days to respond. Commissioner Holmes had been informed that his counsel in this case were the lawyers propounding this subpoena so the service of this subpoena came as a complete surprise. At that point, Commissioner Holmes retained the undersigned to represent him with respect to this discovery and that retention was not accomplished until last week. Commissioner Holmes, under the Rule and under these circumstances, is entitled to at least 30 days to respond to respond to appropriate discovery once it is properly served.

Commissioner Holmes also objects under Rule 45(d) in that in propounding this request, reasonable steps were not taken to avoid imposing undue burden or expense on him.

Commissioner Holmes objects under Rule 26 that this subpoena, if it can be served on him at all, is not proportionate to the needs of the case and that limited utility in undertaking this burdensome discovery at this late date in the litigation, when the propounding attorneys represented Commissioner Holmes since the litigation was pending.

Commissioner Holmes objects that this subpoena in so far as it seeks disclosure or documents from him that is not required of the other county commissioners and/or the County Judge.

Commissioner Holmes invokes all of the objections, privileges and immunities that propounding counsel (and others) have invoked on his behalf and on behalf of all the members of the Galveston County Commissioners Court and Galveston County.

Commissioner Holmes objects to the subpoena as it requests responsive documents and testimony that are protected by attorney client privilege, attorney work product privilege, legislative privilege and/or the deliberative process privilege.

Commissioner Holmes objects that the requests are unduly burdensome, overly broad, unreasonable in scope and time, and outside what the parties have agreed to produce with other similarly situated witnesses.

**REQUEST NO. 4.**
Documents and Communications relating to allegations in the Lawsuit that you, Commissioner Holmes, were excluded from the 2010-2014 Redistricting and/or the 2020-2021 Redistricting.

**SPECIFIC OBJECTION:**
Commissioner Holmes objects to this subpoena under Rule 45 because it is propounded by his own counsel in this case and because a subpoena of this nature can only be served on a non-party to the case.

Commissioner Holmes objects under Rule 34 because, as a party to this case, Rule 34 governs document requests propounded to him and under that Rule he is entitled to 30 days to respond. Commissioner Holmes had been informed that his counsel in this case were the lawyers propounding this subpoena so the service of this subpoena came as a complete surprise. At that point, Commissioner Holmes retained the undersigned to represent him with respect to this discovery and that retention was not accomplished until last week. Commissioner Holmes, under the Rule and under these circumstances, is entitled to at least 30 days to respond to respond to appropriate discovery once it is properly served.

Commissioner Holmes also objects under Rule 45(d) in that in propounding this request, reasonable steps were not taken to avoid imposing undue burden or expense on him.

Commissioner Holmes objects under Rule 26 that this subpoena, if it can be served on him at all, is not proportionate to the needs of the case and that limited

utility in undertaking this burdensome discovery at this late date in the litigation, when the propounding attorneys represented Commissioner Holmes since the litigation was pending.

Commissioner Holmes objects that this subpoena in so far as it seeks disclosure or documents from him that is not required of the other county commissioners and/or the County Judge.

Commissioner Holmes invokes all of the objections, privileges and immunities that propounding counsel (and others) have invoked on his behalf and on behalf of all the members of the Galveston County Commissioners Court and Galveston County.

Commissioner Holmes objects to the subpoena as it requests responsive documents and testimony that are protected by attorney client privilege, attorney work product privilege, legislative privilege and/or the deliberative process privilege.

Commissioner Holmes objects that the requests are unduly burdensome, overly broad, unreasonable in scope and time, and outside what the parties have agreed to produce with other similarly situated witnesses.

**REQUEST NO. 5.**
For any time period, all Documents and Communications you have given to any party to the Lawsuit that relates to the subject matter of the Lawsuit.

> **SPECIFIC OBJECTION:**
> Commissioner Holmes objects to this subpoena under Rule 45 because it is propounded by his own counsel in this case and because a subpoena of this nature can only be served on a non-party to the case.
>
> Commissioner Holmes objects under Rule 34 because, as a party to this case, Rule 34 governs document requests propounded to him and under that Rule he is entitled to 30 days to respond. Commissioner Holmes had been informed that his counsel in this case were the lawyers propounding this subpoena so the service of this subpoena came as a complete surprise. At that point, Commissioner Holmes retained the undersigned to represent him with respect to this discovery and that retention was not accomplished until last week. Commissioner Holmes, under the Rule and under these circumstances, is entitled to at least 30 days to respond to respond to appropriate discovery once it is properly served.
>
> Commissioner Holmes also objects under Rule 45(d) in that in propounding this request, reasonable steps were not taken to avoid imposing undue burden or expense on him.

>Commissioner Holmes objects under Rule 26 that this subpoena, if it can be served on him at all, is not proportionate to the needs of the case and that limited utility in undertaking this burdensome discovery at this late date in the litigation, when the propounding attorneys represented Commissioner Holmes since the litigation was pending.
>
>Commissioner Holmes objects that this subpoena in so far as it seeks disclosure or documents from him that is not required of the other county commissioners and/or the County Judge.
>
>Commissioner Holmes invokes all of the objections, privileges and immunities that propounding counsel (and others) have invoked on his behalf and on behalf of all the members of the Galveston County Commissioners Court and Galveston County.
>
>Commissioner Holmes objects to the subpoena as it requests responsive documents and testimony that are protected by attorney client privilege, attorney work product privilege, legislative privilege and/or the deliberative process privilege.
>
>Commissioner Holmes objects that the requests are unduly burdensome, overly broad, unreasonable in scope and time, and outside what the parties have agreed to produce with other similarly situated witnesses.

**REQUEST NO. 6.**
Documents or Communications exchanged from January 1, 2010 to the present between you and the officers, representatives, or members of the Dickinson Bay Area NAACP, the Galveston Branch NAACP, the Mainland Branch NAACP, and/or the Galveston LULAC Council 151 regarding Redistricting for the Galveston County Commissioners Court.

>**SPECIFIC OBJECTION:**
>Commissioner Holmes objects to this subpoena under Rule 45 because it is propounded by his own counsel in this case and because a subpoena of this nature can only be served on a non-party to the case.
>
>Commissioner Holmes objects under Rule 34 because, as a party to this case, Rule 34 governs document requests propounded to him and under that Rule he is entitled to 30 days to respond. Commissioner Holmes had been informed that his counsel in this case were the lawyers propounding this subpoena so the service of this subpoena came as a complete surprise. At that point, Commissioner Holmes retained the undersigned to represent him with respect to this discovery and that retention was not accomplished until last week. Commissioner Holmes, under the Rule and under these circumstances, is

entitled to at least 30 days to respond to respond to appropriate discovery once it is properly served.

Commissioner Holmes also objects under Rule 45(d) in that in propounding this request, reasonable steps were not taken to avoid imposing undue burden or expense on him.

Commissioner Holmes objects under Rule 26 that this subpoena, if it can be served on him at all, is not proportionate to the needs of the case and that limited utility in undertaking this burdensome discovery at this late date in the litigation, when the propounding attorneys represented Commissioner Holmes since the litigation was pending.

Commissioner Holmes objects that this subpoena in so far as it seeks disclosure or documents from him that is not required of the other county commissioners and/or the County Judge.

Commissioner Holmes invokes all of the objections, privileges and immunities that propounding counsel (and others) have invoked on his behalf and on behalf of all the members of the Galveston County Commissioners Court and Galveston County.

Commissioner Holmes objects to the subpoena as it requests responsive documents and testimony that are protected by attorney client privilege, attorney work product privilege, legislative privilege and/or the deliberative process privilege.

Commissioner Holmes objects that the requests are unduly burdensome, overly broad, unreasonable in scope and time, and outside what the parties have agreed to produce with other similarly situated witnesses.