# GREER, HERZ & ADAMS, L.L.P.

A LIMITED LIABILITY PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

ATTORNEYS AT LAW

**ANGIE OLALDE**



2525 South Shore Blvd., Suite 203
League City, Texas  77573
409.797.3262
866.422.4406 fax
aolalde@greerherz.com
www.greerherz.com

April 18, 2023

Honorable Jeffrey V. Brown
United States District Court
for the Southern District of Texas
601 Rosenberg Ave., Room 613
Galveston, Texas 77550

     RE:    No. 3:22-cv-0057; *Terry Petteway, et al v. Galveston County, et al*

Dear Judge Brown:

     Following is a discovery dispute outline from the parties and counsel for Commissioner Holmes.

### Defendants' Position

     This suit involves a redistricting challenge. Commissioner Holmes disagreed with the adoption of the current redistricting map at issue in lawsuit. Plaintiffs have served extensive written discovery on Defendants.[1] Defense counsel reached out to Commissioner Holmes to request he search for and provide any responsive materials, but he did not respond.[2] Since then, Plaintiffs have deposed all other Commissioners, the County Judge and County Clerk. Each of those deponents searched their personal devices/emails and records for materials responsive to Plaintiffs' discovery requests. On March 15th, the USA Plaintiff produced a privilege log indicating two withheld documents described as "Attorney notes and mental impressions of interview with Stephen Holmes conducted for litigation purposes." Defense counsel reached out to Commissioner Holmes informally several times to set up his deposition and ensure all relevant documents have been produced. He agreed to accept service of a subpoena, and confirmed on the phone that would not take long to search his personal emails/texts for

---

[1] For example, the NAACP Plaintiffs requested "all Documents and Communications created or received by any Defendant or Commissioner relating to any redistricting proposal for the Commissioners Court Precinct Map for enactment since January 1, 2020 . . . ."

[2] Defendants have been able to electronically search for responsive documents on County email addresses and computers; counsel for Defendants have also asked that Defendants also search personal emails, cell phones, computers and for any responsive printed documents.

responsive information.³ He has counsel who also accepted service of a subpoena (changing the deposition date to April 20th). His attorney spoke with Plaintiffs' counsel before contacting Defense counsel about the subpoena. Exhibit A. Objections were served to the subpoena on April 13th, with no documents produced. Exhibit B. Discovery closes on Friday April 21st, and Commissioner Holmes' deposition is April 20th. Defendants ask that the Court schedule a brief discovery dispute conference to address these practical issues, and any legal argument Plaintiffs or Commissioner Holmes' counsel seek to propound.

### **Position of Commissioner Stephen Homes**

Counsel for Defendants have taken the unprecedented step of sending a Rule 45 subpoena to their own client, Commissioner Holmes. In contacting Commissioner Holmes regarding this unusual action, counsel for Defendants did not inform Commissioner Holmes that defense counsel had objected to—and refused to respond to—Rule 45 subpoenas sent by Plaintiffs to defense counsels' other clients in this case (including subpoenas to other commissioners, Mr. Oldham, and Mr. Bryan). On behalf of those clients, defense counsel strenuously objected that Rule 45 subpoenas are inappropriate when served on parties and could not be used to circumvent the response time and limitations of Rule 34 party discovery. Nor did defense counsel—who, again, purported to represent him—advise Commissioner Holmes of his right to object to the subpoena or its service upon him, or the apparent conflict of interest their actions with respect to him created.

If the other Defendants in this case wished to propound discovery requests against their co-defendant Commissioner Holmes, they had every opportunity to do so consistent with the Federal Rules, by (1) taking steps to appropriate resolve defense counsels' conflict of interest with respect to their various clients and then (2) serving a timely Rule 34 Request for Production of Documents that provided the required 30 days for Commissioner Holmes to respond. Defense counsel took neither of these steps. Having apparently been of the view for months that they wished to review documents from Commissioner Holmes's personal devices, defense counsel waited until the last moment to surprise their own client—a party to this case—with a Rule 45 subpoena. That is improper. See, e.g., Hernandez v. City of Corpus Christi, No. C-10-186, 2011 WL 2194254 (S.D. Tex. June 6, 2011). With the discovery deadline this week, it is too late for Defendants to seek this discovery now.

---

³ Defense counsel will email copies of correspondence with Commissioner Holmes to the Court, to maintain any applicable privilege.

No. 3:22-cv-0057; *Terry Petteway, et al v. Galveston County, et al*

---

Moreover, even if their subpoena were procedurally proper, Defendants cannot be heard to demand from Commissioner Holmes the very material they have refused to produce as privileged on behalf of their other clients.

**Petteway Plaintiffs' Position**

No Plaintiff to this case has sought to depose or serve a subpoena duces tecum on Commissioner Holmes. *See* Ex. C. Defendants' position statement elides this fact in obscuring the remarkable nature of Defendants' attorneys having subpoenaed their own client. *See* Ex. D at 1 ("We represent Galveston County and the Commissioners in their official capacities.").

Defendants have at every turn sought to shield evidence from discovery in this case—both documentary and testimonial—by asserting a host of inappropriate and inapplicable privileges. At the eleventh hour, Defendants' attorneys now seek to apply a different standard to their disfavored client Commissioner Holmes. By attempting to serve a request for documents on Commissioner Holmes that seeks the same categories of materials that Defendants have sought to shield from discovery by Plaintiffs, Defendants have now categorically waived their previously asserted privilege objections to Plaintiffs' discovery request and deposition questions. At the very least, to the extent Defendants' attorneys' Rule 45 subpoena to their own client and party to this case Commissioner Holmes is enforceable at all, Commissioner Holmes must not be required to produce material or answer questions Defendants' attorneys have resisted on behalf of their favored clients.

                                                              Sincerely,

                                                              */s/ Angie Olalde*
                                                              Counsel for Defendants

                                                             */s/ Valencia Richardson*
                                                              Counsel for Petteway Plaintiffs

                                                              */s/ Randy Howry*
                                                             Counsel for Commissioner Holmes