# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| DICKINSON BAY AREA BRANCH NAACP, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>GALVESTON COUNTY, TEXAS, et al.,<br><br>*Defendants*. | § § § § § § § § § § § | Civil Action No. 3:22-cv-117- JVB |
| TERRY PETTEWAY, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>GALVESTON COUNTY, TEXAS, et al.,<br><br>*Defendants*. | § § § § § § § § § § | Civil Action No. 3:22-cv-57-JVB<br>[Lead Consolidated Case] |
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>GALVESTON COUNTY, TEXAS, et al.,<br><br>*Defendants*. | § § § § § § § § § § § | Civil Action No. 3:22-cv-93-JVB |

**JOINT MOTION OF NAACP PLAINTIFFS, PETTEWAY PLAINTIFFS, AND DEFENDANTS TO SUPPLEMENT MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

**TABLE OF CONTENTS**

I.     Procedural Background ................................................................................................ 1

II.    Legal Standard............................................................................................................. 3

III.   Private Plaintiffs' Supplemental Argument................................................................. 3

IV.    Defendants' Supplemental Argument .......................................................................... 7

V.     Conclusion................................................................................................................. 11

NAACP Plaintiffs and Petteway Plaintiffs ("Private Plaintiffs") jointly move with Defendants to supplement their Joint Motion to Compel Production of Documents from Defendants, Doc. 102, to incorporate documents from Defendants' Supplemental Privilege Log.[1] Ex. 1 (Supplemental Privilege Log). The list of documents, and the basis for challenging privilege assertions, is appended to this Motion in Exhibit 2. The Parties additionally request that the Court incorporate a document subject to claw-back notice by Defendants, DEFS00031696, s*ee* Ex. 3 (Defendants' Letter Notifying Court of Additional Privileged Document); Ex. 4 (Plaintiffs' Letter Responding to Same), as well as the four redacted Oldham/Bryan emails and the Bryan texts that have already been transmitted to the Court, *see* Ex. 6 (Joint Dispute Letter re email redactions); Ex. 7 (Joint Dispute Letter re text message redactions), as part of the Court's consideration of the Motion to Compel at Doc. 102. Private Plaintiffs and Defendants respectfully request that the Court incorporate these documents into its ongoing *in camera* review of documents as part of its consideration of the Motion to Compel under consideration by the Court.

## I.      Procedural Background

On March 22, 2023, Defendants produced a handful of new documents in this matter that had not yet been produced. Defendants followed this production with a Supplemental Privilege Log on April 14, 2023. Ex. 1. Private Plaintiffs dispute the privilege assertions in 79 of these documents, as set forth in Exhibit 2 appended to this motion. Additionally, on

---

[1] As with the underlying motion, this is a non-dispositive motion and so the Court's ruling is subject to a "clearly erroneous" standard. *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995).

1

March 31, 2023, Private Plaintiffs inquired with Defendants regarding several documents

bates numbered DEFS00011236, DEFS00011258, DEFS00027884, and DEFS00027959

that were redacted based on attorney-client privilege. Private Plaintiffs raised the issue of

the redactions to the Court at a discovery dispute hearing on April 12, 2023, where the

Court agreed to review the redactions as a part of the larger Motion to Compel. *See* Minute

Entry (April 12, 2023); Ex. 6.

Additionally, on April 12, 2023, Defendants issued a claw-back letter for one

document produced on March 22, 2023, with bates number DEFS00031696. Private

Plaintiffs notified Defendants they would dispute the privilege assertion over this document

and the parties conferred on this issue on April 13, 2023. On April 14, 2023, Defendants

issued a notice to the Court regarding this document and their position as to why the

attorney-client privilege applies to this document and provided the document for *in camera*

review. Exhibit 3. Private Plaintiffs also filed a notice of their position on why the attorney-

client privilege does not apply to this document on April 14, 2023. Exhibit 4.

Finally, on April 18, 2023, Defendants produced a document with bates number

DEFS00031806. Plaintiffs notified Defendants on April 18, 2023, that they would dispute

the privilege assertions over the redactions contained in the productions, and the parties

sent a joint letter to the Court stating their positions on the attorney-client privilege

assertion. Ex. 7.

The parties agree to incorporate Private Plaintiffs' Challenges to 79 privilege

assertions from Defendants' Supplemental Privilege Log, as well as document

2

DEFS00031696, the four redacted Oldham/Bryan emails and the Bryan texts that have already been transmitted to the Court, as part of the Court's consideration of the Motion to Compel at Doc. 102. Defendants have agreed to provide the challenged documents to the Court for *in camera* review concomitantly with the filing of this motion.

## II.      Legal Standard

The Parties incorporate by reference their respective statements of the applicable legal standards as set forth in the Private Plaintiffs' Motion to Compel (Doc. 102), Defendants' Response (Doc. 108), and Private Plaintiffs' Reply (Doc. 109).

## III.     Private Plaintiffs' Supplemental Argument

It is Private Plaintiffs' position that Defendants have inappropriately asserted attorney-client privilege over 79 documents in their Supplemental Privilege Log. *See* Ex. 2.

The bulk of newly challenged documents include those describing the drafting of Commissioner Court Precincts in 2011 and related data and analysis. These documents are not privileged as they do not serve the primary purpose of conveying legal advice; instead, they convey policy, political, technical, or strategic advice. *See, e.g.*, *LULAC v. Abbott* ("*LULAC IV*"), 342 F.R.D. 227, 232 (W.D. Tex. 2022); Doc. 102 at 15–21. The mere decision to delegate map-drawing responsibilities to an attorney (or someone hired by an attorney) is not enough to establish that legal advice was the primary purpose of any communication. *See Ohio A. Philip Randolph Inst. v. Smith*, No. 1:18- CV-357, 2018 WL 6591622, at *4 (S.D. Ohio Dec. 15, 2018); *Freiermuth v. PPG Indus.*, 218 F.R.D. 694, 699

(N.D. Ala. 2003); *see also* Doc. 102 at 16.

Nor do Defendants include sufficient information about these map-related communications in their Supplemental Privilege Log to satisfy their burden of establishing privilege. Indeed, Defendants' descriptions for several of these documents do not even mention "legal advice" at all. *See, e.g.*, Ex. 1 at Doc ID 2867350 ("Communication from Galveston County redistricting counsel to Galveston County GIS engineer transmitting draft map csv files); Doc ID 2896903 ("Communication from Galveston County redistricting counsel . . . re: new map proposal in response to published comments); Doc ID 3130356 ("Communication from Galveston County redistricting counsel . . . re: map proposal 3 and accompanying data.").

The limited evidence that Defendants *have* disclosed casts doubt on any assertions that their withheld communications primarily concerned legal advice. One newly withheld document, Doc ID 2896903, has been otherwise produced to Plaintiffs in this matter as a later, forwarded, chain of emails. Ex. 5 (DEFS00031597, also produced by the United States at US0002221).[2] That email does not include anything resembling legal advice. Instead, attorney Trey Trainor notifies County Judge Mark Henry that he had "drafted a new plan" after reading a newspaper article and was sending the plan and related demographic analysis for his consideration. Ex. 5. There is no mention of any legal standards or review, nor is there any discussion of the potential legal consequences of the

---

[2] Private Plaintiffs have not challenged the privilege assertion over Doc ID 2896903 only because they already have a copy of this document and its attachments.

plan. In other words, the attorney in this email did not "run the legal" on the plan; he simply

drafted and transmitted it, devoid of any legal advice. *See LULAC IV*, 342 F.R.D. at 236;

*see also S.C. State Conf. of NAACP v. Alexander*, No. 21-CV-3302, 2022 WL 2375798

(D.S.C. Apr. 27, 2022) (email to attorney in redistricting case seeking "specific factual

information" not privileged).

As this document makes clear, Defendants have misconstrued the attorney-client

privilege as it applies in this matter and should thus be compelled to produce documents

concerning the drafting and related demographic and other analysis of Commissioners

Precincts in 2011 and 2021. To the extent there is any genuine legal advice included in any

of these communications alongside the technical or policy-related information—which

NAACP and Petteway Plaintiffs doubt—"redaction" of that legal advice "is the appropriate

solution." *LULAC v. Abbott* ("*LULAC I*"), No. EP-21-CV-00259-DCG-JES-JVB, 2022

WL 2921793, at *8–9, 13 (W.D. Tex. July 25, 2022). The attachments to these emails that

draft maps and associated data, however, are themselves underlying facts not covered by

the attorney-client privilege that should be produced regardless of any legal advice

contained in the parent email. *See, e.g.*, *Ohio A. Philip Randolph Inst.*, 2018 WL 6591622,

at *3 (documents that "contain only facts, data, and maps . . . are not protected by the

attorney client privilege" and must be produced); *see also* Doc. 102 at 21-22.

Another tranche of documents newly withheld include those concerning the form of

the appropriate resolution to adopt a new map in 2011. These are procedural or strategic

communications that resemble documents deemed non-privileged in a recent South

5

Carolina redistricting case because they primarily concerned "normal legislative business" or "legislative strategy." *See, e.g., S.C. State Conf. of NAACP*, 2022 WL 2375798, at *4–7 (holding the following documents not privileged:  (1) communications relating to outside counsel reviewing the state legislature's "draft map room procedures," as this was "normal legislative business"; (2) attorney approval of a draft text regarding the timing of when session would be called for redistricting, as this constituted "legislative strategy"; and (3) attorney advice to put up a "special order" to adopt a house resolution regarding redistricting maps, as this was "strategy as per procedural aspects of the special order").

Of particular note here is Doc ID 2873023, an email from Nathan Sigler (the County's GIS Engineer) to Mike Fitzgerald (the County's GIS Supervisor): Neither is an attorney, nor does the email appear to merely be forwarding legal advice from an attorney (as both Sigler and Fitzgerald were copied earlier in the email chain). So, even if prior emails in this chain primarily contained legal advice, this particular email almost certainly does not. Similarly, exemplar orders from 2001 attached to many of these communications are certainly not privileged, as they would have been signed during a Commissioners Court meeting and shared publicly at that time.[3]

Finally, the clawed-back document, DEFS00031696, and the redactions in the four Oldham/Bryan emails and the Bryan texts that were transmitted to the Court are not

---

[3] Private Plaintiffs incorporate by reference additional arguments supporting their privilege challenges to documents specified in Exhibit 2 as set forth in that document as well as Private Plaintiffs Motion to Compel, Doc. 102, and Reply in support of same, Doc. 109.

privileged for the reasons set forth in Private Plaintiffs' Motion to Compel, the corresponding letters submitted to the Court on these issues, and those stated in the April 12, 2023, Hearing. Ex. 4 (DEFS00031696); Ex. 6 (Emails); Ex. 7 (Texts).

## IV.    Defendants' Supplemental Argument

The attorney-client privilege protects communications between Galveston County and its attorneys where legal advice is sought or provided while preparing a legally compliant redistricting plan. Fighting this, Plaintiffs simply rehash the same tired, meritless arguments they have raised throughout this litigation. These arguments fail for the same reasons set forth in Defendants' Oppositions to DOJ's and Private Plaintiffs' Motions to Compel, ECF Nos. 107, 108, the letters submitted to the court on the above-mentioned issues, and Defendants' privilege claims specified in Exhibit 2, all of which Defendants incorporate by reference here. While those arguments apply equally to Plaintiffs' supplemental argument here, Defendants wish to address some particular points.

*Sufficiency*: The Supplemental Privilege Log amply supports Defendants' invocations of privilege. Plaintiffs' complaints about "boilerplate" language, raised 11 times in their objection notes, are unsupported by law. Defendants' privilege log identifies the individuals involved in the communication, the date of the communication, the subject matter of the communication, and provides an adequate description of the document. This is sufficient. *Carhartt, Inc. v. Innovative Textiles, Inc.*, 333 F.R.D. 118, 121 (E.D. Mich. 2019). The mere fact that they describe the documents as "advice" or "legal questions" do not render them insufficient. Those descriptions are not generic where, as here, they are

7

paired with detailed description of the context for court review.

*Underlying Facts Exception*: Plaintiffs continue their attempts to access attachments in the withheld communications via the underlying facts exception to the attorney-client privilege—but that exception does not apply here. Plaintiffs insist any maps attached to emails containing legal advice and requests for legal advice are *per se* not privileged. But written communications from a client to counsel *are* protected under the attorney-client privilege, because clients need to "*transfer relevant documents* to their attorneys" to "obtain fully informed legal advice." *United States v. Davis*, 636 F.2d 1028, 1041 (5th Cir. 1981) (emphasis added). Documents included in communications from Defendants to counsel for this purpose are thus clearly privileged. This includes letters seeking legal advice, and all documents created by the attorney "that are within the normal ambit of the common-law attorney-client privilege[.]" *Id*. Defendants have carefully adhered to that principle in this litigation by including such attachments on their privilege log, including all draft maps created, analyzed, and revised within the attorney-client relationship for discussion between counsel and client.

All documents that are draft maps (including draft resolutions prepared for adopting them) fashioned within that relationship are privileged, despite Plaintiffs' contention that underlying drafts are not privileged. These maps are protected because, as Defendants' log sufficiently explains, the maps were born out of the attorney-client relationship, and they were rendered and revised in response to the client's requests for legal analysis and input. This includes any data created inside the relationship as well, if it was shared as part of a

request (or in response to a request) for legal advice from a client.

*Primary Purpose*: For many of the same documents, Plaintiffs claim forty-five times that privilege does not attach because drafting maps is "quintessentially legislative." These documents, per Plaintiffs, are not privileged because they purportedly serve the primary purpose of policy, political, technical, or strategic advice. That is incorrect on both the law and the reality of those documents.

First, the mere fact that legislators happen to consider technical, procedural, or strategic issues while also seeking the advice of counsel does not remove the privilege legislators enjoy while seeking or receiving advice of counsel. *Cf. Exxon Mobil Corp. v. Hill*, 751 F.3d 379, 382 (5th Cir. 2014) (holding memorandum could not be "mistaken for anything other than legal advice" where nothing showed counsel provided "business advice divorced from its legal implications").

More fundamentally, many of these documents were prepared for the Commissioners Court as it was engaged in ongoing (or imminently anticipated) redistricting litigation with the Petteway Plaintiffs. The federal work product privilege protects documents prepared in anticipation of litigation or for trial. *In re Kaiser Aluminum & Chem. Co.*, 214 F.3d 586, 593 (5th Cir. 2000). And there is also no categorical exclusion of legislative documents from the work product doctrine. *See LULAC I*, 2022 U.S. Dist. LEXIS 131217 at *33-38 (rejecting categorical rule preventing legislators from asserting work-product protection). Additionally, the Fifth Circuit has extended work product privilege to instances where litigation is not imminent, so long as the "primary motivating

9

purpose behind the creation of the document was to aid in *possible* future litigation." *Davis*,

636 F.2d at 1040 (emphasis added).

Documents created in the ordinary course of legislative business are not privileged,

but the documents Plaintiffs want here are (as before) not ordinary. Rather, these

documents were created in the already contentious and litigiously fraught context of 2021

AND 2011. Specifically, at the time the work product at issue here was prepared,

redistricting litigation between many of the same Petteway plaintiffs and Galveston County

was either imminently threatened or *ongoing*. *See Petteway v. Galveston County*, No. 3:13-

cv-308 (S.D. Tex.), ECF No. 79 (final judgment entered Aug. 31, 2022); *see also Petteway*

*v. Galveston County*, No. 3:11-cv-511 (S.D. Tex.), ECF No. 1 (complaint filed on

November 14, 2011).

It strains credulity that future litigation was not the primary issue on the minds of

the creators of these documents. All maps passed in 2011 were subject to mandatory

preclearance by the DOJ. As such, the Commissioners Court retained redistricting counsel

for that cycle in anticipation of litigation with the DOJ, which did in fact occur. At a

minimum, these maps, including the draft resolutions prepared for adopting them, can

"fairly be said to have been prepared or obtained because of the *prospect* of litigation." 8

C. Wright and A. Miller, Federal Practice and Procedure § 2024 at 198 (1970) (emphasis

added); *see also Davis*, 636 F.2d at 1040. And the record also demonstrates that Galveston

County reasonably anticipated litigation during the time that draft maps and resolutions

were prepared and considered for the 2021 redistricting cycle, meaning those documents

were prepared primarily to aid in future litigation.

## V.   Conclusion

As set forth above, the parties have agreed and hereby respectfully request that the Court incorporate Private Plaintiffs' Challenges to 79 privilege assertions from Defendants' Supplemental Privilege Log, as well as document DEFS00031696, the four redacted Oldham/Bryan emails and the Bryan texts that have already been transmitted to the Court, as part of the Court's consideration of the Motion to Compel at Doc. 102.

Respectfully submitted this 21st day of April, 2023.

/s/ Valencia Richardson
Mark P. Gaber*
Simone Leeper*
Valencia Richardson*
Alexandra Copper*
Campaign Legal Center
1101 14th St. NW, Ste. 400
Washington, DC 20005
(202) 736-2200
mgaber@campaignlegal.org
sleeper@campaignlegal.org
vrichardson@campaignlegal.org
acopper@campaignlegal.org

Sonni Waknin*
Bernadette Reyes*
UCLA Voting Rights Project
3250 Public Affairs Building
Los Angeles, CA 90095
Telephone: 310-400-6019
sonni@uclavrp.org
bernadette@uclavrp.org

/s/  Hilary Harris Klein
**TEXAS CIVIL RIGHTS PROJECT**
Attorney-in-Charge
Hani Mirza
Texas Bar No. 24083512
Joaquin Gonzalez*
Texas Bar No. 24109935
Sarah Xiyi Chen
California Bar No. 325327
1405 Montopolis Drive
Austin, TX 78741
512-474-5073 (Telephone)
512-474-0726 (Facsimile)
hani@texascivilrightsproject.org
joaquin@texascivilrightsproject.org
schen@texascivilrightsproject.org

**SOUTHERN     COALITION     FOR SOCIAL JUSTICE**
Hilary Harris Klein*
North Carolina Bar No. 53711
Adrianne M. Spoto*
DC Bar No. 1736462

Chad W. Dunn (Tex. Bar No. 24036507)
Brazil & Dunn
4407 Bee Cave Road
Building 1, Ste. 111
Austin, TX 78746
(512) 717-9822
chad@brazilanddunn.com

Neil G. Baron
Law Office of Neil G. Baron
1010 E Main Street, Ste. A
League City, TX 77573
(281) 534-2748
neil@ngbaronlaw.com

***COUNSEL FOR***
***PETTEWAY PLAINTIFFS***
*admitted *pro hac vice*

**HOLTZMAN VOGEL**
**BARAN TORCHINSKY & JOSEFIAK**
/s/ *Dallin B. Holt*
Dallin B. Holt
Attorney in Charge
Texas Bar No. 24099466
S.D. of Texas Bar No. 3536519
Jason B. Torchinsky*
Shawn T. Sheehy*
dholt@holtzmanvogel.com
jtorchinsky@holtzmanvogel.com
ssheehy@holtzmanvogel.com
15405 John Marshall Hwy
Haymarket, VA 2019
P: (540) 341-8808
F: (540) 341-8809
* admitted *pro hac vice*

**GREER, HERZ & ADAMS, LLP**
Angie Olalde
Fed. ID No. 690133

1415 W. Hwy 54, Suite 101
Durham, NC 27707
919-323-3380 (Telephone)
919-323-3942 (Facsimile)
hilaryhklein@scsj.org
adrianne@scsj.org

**WILLKIE   FARR   &   GALLAGHER**
**LLP**
Richard Mancino*
New York Bar No. 1852797
Andrew J. Silberstein*
New York Bar No. 5877998
Molly Linda Zhu*
New York Bar No. 5909353
Kathryn Carr Garrett*
New York Bar No. 5923909
787 Seventh Avenue
New York, New York 10019
212-728-8000 (Telephone)
212-728-8111 (Facsimile)
rmancino@willkie.com
asilberstein@willkie.com
mzhu@willkie.com
kgarrett@willkie.com

Diana C. Vall-llobera*
DC Bar No. 1672102
1875 K Street, N.W.
Washington, DC 20006-1238
(202) 303-1000 (Telephone)
(202) 303-2000 (Facsimile)
dvall-llobera@willkie.com

**SPENCER & ASSOCIATES, PLLC**
Nickolas Spencer
Texas Bar No. 24102529
9100 Southwest Freeway, Suite 122
Houston, TX 77074
713-863-1409 (Telephone)
nas@naslegal.com

12

State Bar No. 24049015
aolalde@greerherz.com
Joseph Russo
Fed. ID No. 22559
State Bar No. 24002879
jrusso@greerherz.com
Jordan Raschke
Fed. ID No.3712672
State Bar No. 24108764
jraschke@greerherz.com
2525 S. Shore Blvd. Ste. 203
League City, Texas 77573
(409) 797-3262 (Telephone)
(866) 422-4406 (Facsimile)

***COUNSEL FOR
DEFENDANTS***

***COUNSEL FOR NAACP PLAINTIFFS***
*admitted *pro hac vice**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 21, 2023, the foregoing document was filed

electronically (via CM/ECF), and that all counsel of record were served by CM/ECF.

/s  *Hilary Harris Klein*

14