# GREER, HERZ & ADAMS, L.L.P.

A LIMITED LIABILITY PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

ATTORNEYS AT LAW

**ANGIE OLALDE**



2525 South Shore Blvd., Suite 203
League City, Texas 77573
409.797.3262
866.422.4406 fax
aolalde@greerherz.com
www.greerherz.com

April 26, 2023

Honorable Jeffrey V. Brown
United States District Court, S.D. Texas
601 Rosenberg Ave., Room 613
Galveston, Texas 77550

RE: No. 3:22-cv-0057; *Terry Petteway, et al v. Galveston County, et al.*

Dear Judge Brown:

The following outlines a discovery dispute between Defendants and the NAACP-LULAC Plaintiffs regarding 24 documents withheld on the basis of First Amendment privilege and one item withheld based on First Amendment and attorney-client privileges.

**Defendants' Position**

Defendants request the Court's review of a narrow set of 24 documents (#s 2-19, 21-25 and 27 in Exhibit 1) to assess privilege claims. Importantly, Defendants are **not requesting** any membership lists. To the extent that information is included in the withheld documents, it can be redacted prior to production.

The NAACP/LULAC Plaintiffs have not met their burden to show any attorney-client privilege for item 13 in Exhibit 1. The document was not sent to or received by any attorney, so on its face does not constitute a confidential attorney-client communication.[1]

For the First Amendment qualified privilege claims, plaintiffs "must make a prima facie showing" that disclosure "will result in (1) harassment, membership withdrawal, or discouragement of new members, or (2) other consequences which objectively suggest an impact on, or chilling of, the members' associational rights." *La Union Del Pueblo Entero v. Abbott*, No. SA-21-CV-00844-XR, 2022 WL 17574079, at *6 (W.D. Tex. Dec. 9, 2022) (quoting *Perry v. Schwarzenegger*, 591 F.3d 1147, 1160 (9th Cir. 2010)). Communications with third parties or other organizations are **not** presumed to be

---

[1] The NAACP/LULAC Plaintiffs contend this dispute is untimely, but Defendants began conferring with them on this issue prior to the close of discovery, and first sent their position on this dispute for incorporation into letter format to the NAACP/LULAC Plaintiffs before discovery closed.

protected under a First Amendment associational privilege. *Id*. at *8. Otherwise, a party/organization could communicate with "every other person or entity with whom they share common beliefs or goals" and the privilege "would swallow the discovery process altogether." *Id*.

Exhibit 1 does not make a prima facie showing of privilege: (1) it appears the documents are not internal communications of an organization, but go beyond the membership, (2) there is a protective order in place that will protect the disclosure of the documents, (3) and there is no evidence of adverse effects due to disclosure that are discussed in *Abbott* or *Perry*. Even if a prima facie showing was made, the NAACP/LULAC Plaintiffs allege Defendants intentionally adopted a racially discriminatory redistricting plan; that is, the adoption was ***because of***, not ***in spite of***, adverse effects on a minority group. *See Miller v. Johnson*, 515 U.S. 900, 915 (1995). Plaintiffs' withheld documents go to the heart of this issue in this case—that redistricting was political, not due to race. The withheld documents are therefore relevant and crucial to the defense of this case. *See, e.g., Perez v. Abbott*, 253 F. Supp. 3d 864, 972 (W.D. Tex. 2017) (three-judge court) (holding that on intentional vote dilution claim Plaintiffs "failed to sufficiently distinguish the role of race and politics in the drawing of district lines in Harris County"). Additionally, such documents will show what facts were known to the organizations (e.g., the content of discussions with elected or government officials or decisions to not contact officials), what facts were driving the decisions to challenge districting efforts, coordination of complaints, as well as the organization's belief in racial or political gerrymandering, electability of candidates of choice, and alignment of interests between minority groups.

Defendants ask that the Court consider these 24 documents in camera, and ask that the Court find no privilege justifies the withholding of these documents from Defendants.

**NAACP/LULAC Plaintiffs' Position**

Defendants' challenge is untimely. Plaintiffs produced their first privilege log on March 7, 2023, and Defendants' six-week delay precludes them from this eleventh-hour challenge. *See, e.g., Vann v. Gilbert*, 482 F. App'x 876, 879 (5th Cir. 2012) (affirming motion to compel was untimely following an "unexplained delay in seeking the court's assistance in compelling discovery"); *Garcia v. SEIU*, 332 F.R.D. 351, 356 n.8 (D. Nev. 2019) (denying motion to compel and noting that the moving parties' position "does not account for . . . the month-long delay in initiating the meet-and-confer process"); *Nexus Display Techs. LLC v. Dell Inc.*, No. 2:14-CV-762, 2015 U.S. Dist. LEXIS 194070, at *9 (E.D. Tex. Nov. 2, 2015) (finding motion to compel untimely when party "would have been aware of the parties' privilege dispute" over a month before filing).

.

Substantively, the challenged documents are properly withheld. Plaintiffs have asserted First Amendment privilege over just 25[1] of the 319 documents produced in this matter, indicating a refined assertion of privilege that is narrowly tailored to the needs of the case.

The challenged documents consist of internal,[2] deliberative and strategic organizational communications, the disclosure of which would "inhibit[] internal . . . communications that are essential to effective association and expression." *Perry*, 591 F.3d at 1163 (finding party made prima facie showing of First Amendment privilege over internal, strategic documents). The associational interest of the Organizational Plaintiffs here is further "self-evident" given the strategic nature of these communications and the history of harassment against these groups. *Young Conservatives Found. v. Univ. of N. Tex.*, No. 4:20-CV-973-SDJ, 2022 U.S. Dist. LEXIS 132093, at *8 (E.D. Tex. Jan. 11, 2022) (finding evidence of past harassment supported that "discovery request implicates important First Amendment interests"); Southern Poverty Law Center, *FBI Looking for Person of Interest in NAACP Bombing* (Jan. 07, 2015) (detailing an example of harassment against NAACP).[3] Furthermore, there is "no doubt that the compelled disclosure of such sensitive information in the context of highly charged litigation involving issues of great political controversy would have a chilling effect on plaintiffs' freedom of association by adversely impacting their ability to organize, promote their message(s), and conduct their affairs." *Ohio Org. Collaborative v. Husted*, No. 2:15-cv-01802, 2015 U.S. Dist. LEXIS 153279, at *12 (S.D. Ohio Nov. 12, 2015). The Protective Order in this matter "cannot eliminate these threatened harms." *Perry*, 591 F.3d at 1164.

Defendants' contention that the Challenged Documents "go the heart of" this matter is categorically false. Plaintiffs' internal communications inform nothing about Defendants' intent and knowledge in drawing and approving the Enacted Plan, nor do they bear on a single operative allegation in the Complaint or assertion in Defendants' Answer, Doc. 143. Defendants have thus failed to show any—much less a "compelling"—need for this information. *Young Conservatives*, 2022 U.S. Dist. LEXIS 132093, at *9. By contrast, Plaintiffs have already disclosed third-party and even internal communications that were intended for public dissemination, and have appeared for depositions, thus affording Defendants ample opportunity to discover potentially relevant information to their defenses. As Defendants have failed to show the balance of interests would require production of First Amendment protected materials here, their request should be denied.

---

[1] The attorney-client privileged information in Entry 13 would require redaction if production of this document is required.

[2] Defendants incorrectly assert the challenged documents are not internal: each document is among leadership, membership, and/or NAACP contractor Roxy Hall Williamson.

[3] https://www.splcenter.org/hatewatch/2015/01/07/fbi-looking-person-interest-naacp-bombing.

.

No. 3:22-cv-0057; *Terry Petteway, et al v. Galveston County, et al*

---

Plaintiffs respectfully request the opportunity to fully set out their position in briefing on a motion to compel before any documents are ordered for production.

    Sincerely,

    */s/ Angie Olalde*
    Counsel for Defendants

    */s/ Hilary Harris Klein*
    Counsel for NAACP-LULAC Plaintiffs

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served to all counsel of record via the Court's electronic filing service on April 26, 2023.

    */s/ Angie Olalde*