## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| DICKINSON BAY AREA BRANCH NAACP, et al., | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Action No. 3:22-cv-117- JVB |
| GALVESTON COUNTY, TEXAS, et al., | § § § | |
| *Defendants*. | § § | |
| | | |
| TERRY PETTEWAY, et al., | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Action No. 3:22-cv-57-JVB [Lead Consolidated Case] |
| GALVESTON COUNTY, TEXAS, et al., | § § | |
| *Defendants*. | § § | |
| | | |
| UNITED STATES OF AMERICA, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 3:22-cv-93-JVB |
| GALVESTON COUNTY, TEXAS, et al., | § § § | |
| *Defendants*. | § § | |

## NAACP PLAINTIFFS' AND UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME

Defendants' request for a five-week extension to file dispositive motions purports to address an emergency of their own making and would cause unwarranted delay in the orderly disposition of this case. NAACP Plaintiffs and the United States oppose Defendants' requested extension and respectfully request a more modest and appropriate modification of the Amended Docket Control Order, Doc. 66, tailored to the needs of this case.

Rule 16(b) provides that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)). Courts in this Circuit consider four factors when determining if good cause exists: "(1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice." *Grant v. City of Houston*, 625 F. App'x 670, 679 (5th Cir. 2015) (internal quotation and alteration marks omitted).

Defendants have failed to show good cause for the five-week extension requested. They ground their request on the pending depositions, but just two of those depositions (that of Plaintiff Dickinson Branch NAACP and Commissioner Holmes) relate to Defendants' discovery requests, and the Dickinson Branch NAACP deposition took place yesterday. The other pending depositions were requested by *Plaintiffs* and are of witnesses

2

under the control of Defendants, including their experts Dr. Alford, Mr. Bryan, and Mr. Oldham, and the potential for reopening any other depositions (including those of Commissioners also within the control of Defendants) is speculative. In sum, only one pending deposition has any potential bearing on Defendants' ability to motion for summary judgment. *See Ranzy v. Extra Cash of Texas, Inc.*, No. H-09-3334, 2012 WL 1015923, at *8 (S.D. Tex. Mar. 22, 2012) (rejecting argument that Defendants' late receipt of discovery provided grounds for extension after finding it "resulted either from poor planning on the part of Defendants, was inconsequential to the outcome" of the motions, or "was unnecessary for Defendants to file an adequate, timely motion for summary judgment").

Importantly, the delay in Defendants' Rule 45 subpoena for documents and deposition testimony of Commissioner Stephen Holmes is a last-minute emergency of their own making. Defendants failed to notify Plaintiffs (or the Court) of their inability to collect relevant documentation from one of their clients despite becoming aware of this in or around October 2022. *See* Doc. 139 at 1, 3. Defendants then waited *five months* (until March 24, 2023) to serve a subpoena on their client. To the extent Defendants believed Commissioner Holmes' testimony and documents were necessary for dispositive motions, they should have acted much more expediently to collect them.

Defendants' failure to serve a subpoena on Commissioner Holmes for five months, until less than 30 days before the close of discovery, demonstrates a failure to act with the diligence necessary to support the extension they request. *S&W Enterprises,* 315 F.3d at 535 (5th Cir. 2003) (noting the "good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the *diligence* of the party needing

3

the extension.") (emphasis added, internal quotations omitted); *Hernandez v. Groendyke Transp., Inc.*, No. 3:21-CV-0108-D, 2022 WL 487915, at *2 (N.D. Tex. Feb. 17, 2022) (finding party "failed to demonstrate that he acted diligently to meet the scheduling order deadlines" and thus "failed to demonstrate good cause to modify the scheduling order"). Defendants should not be rewarded for their months-long delay in issuing this subpoena with an unwarranted extension of the dispositive motions deadline.

What's more, allowing the dispositive motion deadline to creep into June, and thus briefing to happen concomitantly with trial preparation, risks prejudice to Plaintiffs in seeking an expeditious resolution of this matter on the merits before the Court. The Court has set trial for August 7, 2023, which the parties have requested be two weeks. Plaintiffs have acted diligently in requesting and responding to discovery requests to adhere to this trial date and the other deadlines set by the Court, consistent with and as required by the Federal Rules of Civil Procedure. Defendants, on the other hand, let five months elapse before launching their eleventh-hour attempt to obtain discovery from their own client.

In line with the Court's inclination to entertain an extension, NAACP Plaintiffs and the United States respectfully submit that any modification to the Scheduling Order should be narrowly tailored to the needs of this case and allow for orderly and timely preparation for the August 7, 2023 trial deadline. NAACP Plaintiffs' proposed schedule—which Plaintiffs conveyed to Defendants via email and sought to confer with Defendants on, *see* Doc. 146-1—is set forth below. It includes a two-week extension of the dispositive motion deadline, a responsive deadline that accounts for the Memorial Day Holiday, and a two-

week extension of all related deadlines in the Amended Scheduling Order and as set forth

in the Local Rules.[1]

**Table 1: Plaintiffs' Proposed Amended Scheduling Order**

| | Current Deadline & Source | Plaintiffs' Proposed Amended Deadline |
|---|---|---|
| Dispositive Motions | 4/28/2023 (Doc. 66 ¶ 6) | 5/12/2023 (or one week after the last deposition is scheduled, whichever is earlier) |
| Opposition to Dispositive Motions | 5/19/2023 (S.D. Tex. L.R. 7.3-7.4) | 6/7/2023 (or 26 days after the dispositive motion is filed) |
| Reply to Dispositive Motions | 5/26/2023 (S.D. Tex. L.R. 7.3-7.4) | 6/14/2023 (or 33 days after the dispositive motion is filed) |
| Pretrial Motions (other than dispositive motions) | 5/26/2023 (Doc. 66 ¶ 7) | 6/9/2023 |
| Exchange Pretrial Materials | 6/2/2023 (Doc. 66 ¶ 8; *see also* Galv. Div. R. Prac. 10, 14 (tying deadlines to docket call)) | 6/16/2023 |
| Pretrial Filings & Tabbed Binders *- Exhibit list* *- Witness list* *- Motions in limine* *-Deposition designations and objections* | 6/8/2023 (Doc. 66 ¶ 9; *see also* Galv. Div. R. Prac. 10, 14 (tying deadlines to docket call)) | 6/29/2023 |
| Docket Call or Pretrial Conference | 6/9/2023 Docket Call (Doc. 66 ¶ 9) | 6/30/2023 Pretrial Conference |
| Trial Date | 8/7/2023 (Doc. 117) | 8/7/2023 |

---

[1] NAACP Plaintiffs and the United States can submit this proposal in a separate motion if that is the Court's preference.

For the reasons stated above, NAACP Plaintiffs and the United States respectfully request that the Court only grant in part Defendants' motion for an extension by adopting NAACP Plaintiffs' proposed amended schedule, as set forth above.

Respectfully submitted this, the 27th day of April, 2023:

/s/   *Hilary Harris Klein*

**TEXAS CIVIL RIGHTS PROJECT**
Attorney-in-Charge
Hani Mirza
Texas Bar No. 24083512
Joaquin Gonzalez*
Texas Bar No. 24109935
Sarah Xiyi Chen*
California Bar No. 325327
1405 Montopolis Drive
Austin, TX 78741
512-474-5073 (Telephone)
512-474-0726 (Facsimile)
hani@texascivilrightsproject.org
joaquin@texascivilrightsproject.org
schen@texascivilrightsproject.org

**SPENCER & ASSOCIATES, PLLC**
Nickolas Spencer
Texas Bar No. 24102529
9100 Southwest Freeway, Suite 122
Houston, TX 77074
713-863-1409 (Telephone)
nas@naslegal.com

**SOUTHERN   COALITION   FOR   SOCIAL JUSTICE**
Hilary Harris Klein*
North Carolina Bar No. 53711
Adrianne M. Spoto*
DC Bar No. 1736462
1415 W. Hwy 54, Suite 101
Durham, NC 27707
919-323-3380 (Telephone)
919-323-3942 (Facsimile)
hilaryhklein@scsj.org
adrianne@scsj.org

**WILLKIE   FARR   &   GALLAGHER   LLP**
Richard Mancino*
New York Bar No. 1852797
Andrew J. Silberstein*
New York Bar No. 5877998
Molly Linda Zhu*
New York Bar No. 5909353
Kathryn Carr Garrett*
New York Bar No. 5923909
787 Seventh Avenue
New York, New York 10019
212-728-8000 (Telephone)
212-728-8111 (Facsimile)
rmancino@willkie.com
asilberstein@willkie.com
mzhu@willkie.com
kgarrett@willkie.com

Diana C. Vall-llobera*
DC Bar No. 1672102
1875 K Street, N.W.
Washington, DC 20006-1238
(202) 303-1000 (Telephone)
(202) 303-2000 (Facsimile)
dvall-llobera@willkie.com

**COUNSEL FOR NAACP PLAINTIFFS**
*admitted *pro hac vice*


ALAMDAR S. HAMDANI
United States Attorney
Southern District of Texas



DANIEL D. HU
Civil Chief
United States Attorney's Office
Southern District of Texas
Texas Bar No. 10131415
SDTX ID: 7959
1000 Louisiana Ste. 2300
Houston, TX 77002
713-567-9000 (telephone)
713-718-3303 (fax)
daniel.hu@usdoj.gov



KRISTEN CLARKE
Assistant Attorney General
ELISE C. BODDIE
Principal Deputy Assistant Attorney General
Civil Rights Division


 */s/ Catherine Meza*
T. CHRISTIAN HERREN, JR.
ROBERT S. BERMAN*
CATHERINE MEZA*
Attorney-In-Charge
BRUCE I. GEAR*
K'SHAANI SMITH*
THARUNI A. JAYARAMAN*
ZACHARY J. NEWKIRK*
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
202-307-2767 (telephone)
202-307-3961 (fax)
catherine.meza@usdoj.gov

**COUNSEL FOR THE UNITED STATES**
* Admitted Pro Hac Vice

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 27, 2023, the foregoing document was filed

electronically (via CM/ECF), and that all counsel of record were served by CM/ECF.

/s  *Hilary Harris Klein*