United States District Court
Southern District of Texas
**ENTERED**
May 01, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| TERRY PETTEWAY, *et al.*, | § | |
| | § | |
| Plaintiffs. | § | |
| | § | |
| V. | § | |
| | § | CIVIL ACTION NO. 3:22-cv-00057 |
| GALVESTON COUNTY, *et. al.*, | § | |
| | § | |
| Defendants. | § | |

### ORDER

Today I held a brief status conference regarding deficiencies with Defendants' privilege log. I am entering this Order to memorialize my instructions to the parties during today's conference.

Defendants have included an extraordinary number of pre-existing documents on their privilege log—many of which are public, were created by third-parties (in the case of at least one document, *by a plaintiff*, the United States), and have ostensibly already been produced. It is axiomatic that pre-existing documents—whether prepared by a third-party or even by the client, so long as the client was not compelled to write it (aka, a testimonial communication)—are underlying facts that are *not* protected by the attorney-client privilege. *See Fisher v. United States*, 425 U.S. 391, 403–04 (1976) ("[The Supreme Court] and the lower courts have thus uniformly held that pre-existing documents which could have been obtained by court process from the client when he was in possession may also be obtained from the attorney by similar process following transfer by the client in order to obtain more informed legal advice."); *United States v. Robinson*, 121 F.3d 971, 975 (5th Cir.1997) ("It goes without saying that documents do not become cloaked with the lawyer-client privilege merely by the fact of their being passed from client to lawyer.").

Among the many pre-existing documents on Defendants' privilege log are:

- Automated messages generated by Granicus (a technology service that provides a civic engagement platform for governments) when public comments were submitted to Galveston County regarding its redistricting plans (Doc ID 457)
- Court filings (Doc IDs 28, 29)
- EEOC Complaints (Doc IDs 33, 41)
- Law firm logos (Doc ID 99)
- Letters written by the Department of Justice (Doc IDs 18, 21)
- Newspaper clippings (Doc IDs 5, 454-55)
- PDFs of public webpages (Doc ID 456)
- Public meeting minutes (Doc IDs 8-12, 14)
- Public orders (Doc ID 116)
- Public sign-in sheets (Doc ID 16)

It is an absolute waste of this Court's time and precious judicial resources to sift through nearly 500 documents when a not insignificant percentage of those documents are not privileged, and some have already been produced. *See* Dkt. 107 at 27 ("Many of these have been provided to the Plaintiffs or are publicly available."). Documents that have already been produced categorically do not belong on a privilege log. And barring some extraordinarily compelling argument not presented here, pre-existing documents do not belong a privilege log. Unfortunately, the inclusion of pre-existing documents is not the only problem with Defendants' privilege log.

There are also substantive errors in Defendants' privilege log. For example, Plaintiffs did not request Doc IDs 101, 253, 266, or 270. Presumably, Plaintiffs did not request these documents because they are described as nothing more than law firm logos. But none of these documents are in fact law firm logos. Doc ID 101 is a precinct inventory for Map 1[1]; Doc ID 253 is an Order Establishing New

---

[1] This document was produced to the Court under the file name "000100_Original2332360." Defendants have confirmed to the Court that although Defendants' privilege log begins with Doc ID 1, the files produced to the Court for *in camera* review begin with a numbering system that starts at 0 instead of 1.

2

Commissioner Precinct Boundaries[2]; Doc ID 266 appears to be a .pdf of a .xml file[3]; and Doc ID 270 is a shapefile.[4] Conversely, Plaintiffs *did* request Doc ID 99, thinking that it is a precinct inventory for Map 2, but it is actually nothing more than a law firm logo.

The Court should not be spending its time and resources correcting these errors. The privilege is to be narrowly construed. *See EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 695 (5th Cir. 2017) ("Because the attorney-client privilege has the effect of withholding relevant information from the fact-finder, it is interpreted narrowly so as to apply only where necessary to achieve its purpose." (cleaned up)). The court expects parties to take assertions of privilege seriously. Defendants' current privilege log does not evince the seriousness this Court expects when handling a privilege dispute.

Accordingly, lead counsel for Defendants is **ORDERED** to produce, by midnight on Thursday, May 4, 2023, a revised privilege log that accounts for the points raised during today's status conference and within this Order. At a minimum, Defendants should remove pre-existing and/or already produced documents from the privilege log and indicate as much by striking through those entries.[5] If Defendants find errors when revising their privilege log, they should correct those errors by striking through (not deleting) incorrect information and bolding the new, correct information.[6] Defendants should produce this revised

---

[2] I leave it to Defendants to identify whether this is a draft document, as I have no way of knowing. This document was produced to the Court under the file name "000252_Original2329786."

[3] This document was produced to the Court under the file name "000265_Original2336448."

[4] This document was produced to the Court under the file name "000269_Original2336461."

[5] Under no circumstances should Defendants renumber documents and further complicate the problematic disconnect between the privilege log's numbering system and the numbering system for the documents produced to the Court for *in camera* review.

[6] Plaintiffs can only challenge Defendants' privilege log based on the descriptions that Defendants provide. If Defendants' descriptions are erroneous, then Plaintiffs cannot

privilege log to Plaintiffs and the Court in both .pdf and native Excel formats. Finally, Defendants' lead counsel must file a certification that he has personally reviewed every document on Defendants' revised privilege log and has a good faith belief based in the law that such documents are cloaked with the privilege.

Because I expect the revised privilege log to reveal that some entries previously requested by Plaintiffs are no longer desired, whereas entries not previously requested by Plaintiffs now are, Plaintiffs have until midnight on Friday, May 5, 2023 to submit any changes to docket entries 102-5 and 102-17.

Lastly, Plaintiffs requested to submit supplemental briefing to their motion to compel regarding implied waiver. Plaintiffs may file a *single letter* of no more than three pages on behalf of the NAACP Plaintiffs, the Petteway Plaintiffs, and the United States, by midnight on Tuesday, May 2, 2023. Defendants may respond with a letter of equivalent length no later than midnight on Friday, May 5, 2023. I will issue a ruling on all privilege issues next week.

SIGNED this 1st day of May 2023.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

know what to request or challenge. For this reason, further errors will be strictly construed against Defendants and improperly identified documents will be ordered produced. *See BDO USA*, 876 F.3d at 695 ("Ambiguities as to whether the elements of a privilege claim have been met are construed against the proponent.").