May 2, 2023

The Honorable Judge Andrew M. Edison
United States District Court
601 Rosenberg, Seventh Floor
Galveston, TX 77550

**Re: Petteway et. al, v. Galveston County, (Consolidated) No. 3:22-cv-00057 | Private Plaintiffs' Supplement to the Motion to Compel**

Dear Judge Edison:

As directed by the Court in the May 1, 2023 Status Hearing and Order, Doc. 157, NAACP Plaintiffs and Petteway Plaintiffs ("Private Plaintiffs") hereby supplement their Joint Motion to Compel, Doc. 102 (the "Motion"), to address representations contained in Defendants' Answers served on April 21, 2023.

*Procedural Background*

Private Plaintiffs filed a Motion to Compel documents on February 9, 2023, to challenge Defendants' sweeping assertions of the work product and attorney-client privileges in this matter. Doc. 102. On April 21, Private Plaintiffs and Defendants jointly moved to supplement their briefing on the Motion to incorporate documents challenged from Defendants' Supplemental Privilege Log, served April 14, as well as an Excel file subject to claw-back by Defendants (DEFS00031696), and a set of redacted Oldham/Bryan emails and Bryan texts that had been transmitted to the Court.[1] Also on April 21, Defendants filed their Answers to all three Complaints in this matter. Docs. 142, 143, 144. Finally, later that night, Defendants served a Second Supplemental Privilege Log to Plaintiffs, which Private Plaintiffs reserve the right to challenge following Defendants' reconsideration of their privilege assertions.

Among several challenges to Defendants' assertions of privilege, Private Plaintiffs argued in their initial Motion that Defendants have waived attorney-client privilege by implementing it as both a sword and shield in this matter. Doc. 102 at 23–25. Private Plaintiffs now wish to alert the Court that Defendants' Answers, and specifically the Defenses stated therein, prove what Plaintiffs' foresaw, which is that Defendants have continued to "repeatedly assert[] privilege over matters in which they have in other context made assertions central to their defense in this matter." *See* Motion, Doc. 102 at 23. Furthermore, Defendants' asserted positions concerning the documents they seek from Commissioner Holmes also support they are misusing the attorney-client privilege as a sword and shield in this matter.

---

[1] In the interest of judicial economy, and to reduce the submission of duplicative information in this filing, Private Plaintiffs hereby incorporate by reference the more detailed description of the procedural background of this dispute in the Motion, Doc. 102 at 2-5, and Joint Motion to Supplement the Motion to Compel, Doc. 141.

1

*Legal Standard*

Private Plaintiffs incorporate by reference their respective statements of the applicable legal standards as set forth in the Motion to Compel (Doc. 102) and Reply (Doc. 109).

*Private Plaintiffs' Second Supplemental Argument*

Claims made in Defendants' Answers reinforce that the doctrine of implied waiver requires Defendants to produce all challenged documents that concern the 2021 redistricting process.[2]

In the Motion, Private Plaintiffs described several contexts in which Defendants have made specific claims about the 2021 redistricting process (i.e., the sword), and then asserted privileges that essentially deprive Plaintiffs of access to the very material that might disprove or undermine those claims (i.e., the shield). *See* Doc. 102 at 23–24 (describing interrogatory responses, deposition testimony, and shapefiles that Defendants have used to assert what redistricting criteria they used to draw and enact the 2021 Enacted Plan).

Now, in their Answers filed April 21, 2023, Defendants have explicitly claimed as a defense that "The County Commissioners precincts were drawn without consideration of race." Doc. 142 at 19 (Defenses ¶ 3(a)); Doc. 143 at 22 (same). This is belied by the clawed-back Excel file, *see* Doc. 141-4 (Private Plaintiffs' Correspondence to the Court re: Clawback Claim), and Defense Counsel Mr. Sheehy's representations to the Court in the May 1 Status Conference, in which he admitted that withheld shapefiles potentially contain demographic information. In other words, Defendants continue to withhold the very information that would allow Plaintiffs to test whether representations about the drafting of the 2021 Enacted Plan are, in fact, accurate.

A party may not "at once, employ the privilege as both a sword and shield . . . . Attempts at such improper dual usage of the privilege result in waiver by implication." *Nguyen v. Excel Corp.*, 197 F.3d 200, 207 n.18 (5th Cir. 1999) (citing *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2nd Cir. 1991)); *see also Willy v. Admin. Review Bd.*, 423 F.3d 483, 497 (5th Cir. 2005) ("[A] party may not use privileged information both offensively and defensively at the same time.").[3] This is especially true here, where the Commissioners' intent is at issue and communications "with counsel regarding the legality of [their] schemes would have been directly relevant in determining the extent of [their] knowledge and, as a result, [their] intent." *See Bilzerian*, 926 F.2d at 1292. In precisely this circumstance, a federal court in the Western District recently ruled that invoking an attorneys' work product as a defense in an Answer waives any

---

[2] This includes Doc. IDs 52 to 457 in Exhibit 4 to the Motion to Compel, Doc. 102-5, the clawed-back Excel document, DEFS00031696, and redacted documents that are also before the Court. *See* Doc. 141-6 (Exhibit 6 to Joint Motion to Supplement), 141-7 (Exhibit 7 to Joint Motion to Supplement).

[3] Plaintiffs take this opportunity to correct the case citation for an otherwise correct quote included in the Motion, Doc. 102 at 24, that it would be fundamentally "unfair for a party asserting contentions to an adjudicating authority to then rely on its privileges to deprive its adversary of access to material that might disprove or undermine the party's contentions." *In re Grand Jury Proceedings John Doe Co. v. United States*, 350 F.3d 299, 302 (2d Cir. 2003).

2

claim of privilege over that work product. *See Doe 1 v. Baylor Univ.*, 335 F.R.D. 476, 493 (W.D. Tex. 2020).

In sum, Defendants here have made a claim—that precincts were drawn "without consideration of race,"—which Plaintiffs "cannot adequately dispute unless [they] have access to privileged materials." *Charalambopoulos v. Grammer*, CV No. 3:14-CV-2424-D, 2017 U.S. Dist. LEXIS 41600, at *10–11 (N.D. Tex. Mar. 8, 2017). Accordingly, Defendants "have implicitly waived the privilege" over communications on this topic, i.e., the drawing of the 2021 Enacted Plan. *Id.* (holding party is "entitled to obtain discovery regarding" a specific fact issue subject to implied waiver).

Finally, Defendants' conduct with respect to documents sought from Commissioners Stephen Holmes underscores their misuse of the attorney-client privilege. On April 25, 2023, Commissioner Holmes responded to a subpoena for documents served on him by Defendants by producing a privilege log of documents withheld on the basis of attorney client privilege, among other privileges. Doc. 156 at 1. In challenging the withheld documents, Defendants contend that Holmes's communications with a redistricting attorney and mapdrawing consultant are nonprivileged while simultaneously contending that their same such communications are privileged. *Id.* Indeed, Defendants have challenged Commissioner Holmes' attorney-client privilege assertions on the same basis that Defendants claim privilege over documents related to the redistricting process which are the object of this Motion. In other words, Defendants attempt to use the attorney-client privilege as a sword to ensure disclosure of the relevant documents which may be helpful to their defense, and as a shield to withhold documents which may be unhelpful.

As this Court recently held, "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." Doc. 140 at 2 (citing Hickman v. Taylor, 329 U.S. 495, 507 (1947). Defendants' transparent attempt to selectively withhold unhelpful documents on the one hand, and seek disclosure of helpful documents on the other, is an improper use of the attorney-client and work product privileges.

For the foregoing reasons and those stated in the Motion to Compel, Reply in support of same, and Joint Motion to Supplement, Plaintiffs respectfully request that the Court grant their Motion to Compel, order production of documents identified in those pleadings, and award other relief as requested in the Motion.

Respectfully submitted this the 2nd day of May, 2023.

| | |
|---|---|
| */s/ Valencia Richardson* | s/   *Hilary Harris Klein* |
| Valencia Richardson | Hilary Harris Klein (NC Bar No. 53711) |
| Campaign Legal Center | Southern Coalition for Social Justice |
| 1101 14th St. NW, Ste. 400 | 1415 W. Hwy 54, Suite 101 |
| Washington, DC 20005 | Durham, NC 27707 |
| (202) 736-2200 | 919-323-3380 (Telephone) |
| vrichardson@campaignlegal.org | hilaryhklein@scsj.org |
| | |
| *Counsel for Petteway Plaintiffs* | *Counsel for NAACP Plaintiffs* |