UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| TERRY PETTEWAY, et al. | § § § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. 3:22-CV-00057 |
| | § | (Consolidated) |
| GALVESTON COUNTY, TEXAS, et al. | § § | |
| Defendants. | § § § | |
| | § | |
| UNITED STATES OF AMERICA, | § § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. 3:22-CV-00093 |
| | § | |
| GALVESTON COUNTY, TEXAS, et al. | § § | |
| Defendants. | § § § | |
| | § | |
| DICKINSON BAY AREA BRANCH NAACP, et al. | § § § | |
| Plaintiffs, | § § | |
| v. | § | Civil Action No. 3:22-CV-00117 |
| | § | |
| GALVESTON COUNTY, TEXAS, et al. | § § § | |
| Defendants. | § § § | |

**CERTIFICATION OF COUNSEL REGARDING DEFENDANTS' PRIVILEGE LOGS.**

COMES NOW, Shawn T. Sheehy, lead counsel for the Defendants, who certifies the following:

1

1. I am a resident of Washington, D.C. I am competent to provide the information in this Certification, and I have personal knowledge of all facts set forth herein.

2. On Monday, May 1, 2023, this Court held a status conference. During the status conference, the Court identified certain deficiencies in Defendants' privilege logs. (Doc. 157 at 1).

3. The privilege logs in question were submitted to Plaintiffs on January 20, 2023 and April 14, 2023.

4. On February 9, 2023, Defendants submitted the January 20, 2023 privilege log to the Court for *in-camera* review. (Ex A).

5. The cover letter identified 126 documents on the privilege log that were already produced to Plaintiffs. The letter stated that these documents were listed on the privilege log because they because "they were part of a communication to legal counsel for legal analysis, representation, and advice." (Ex. A). Defendants identified which entries on the privilege log contained these already produced documents.

6. To date, Defendants have produced 4,380 documents. This includes 32,765 pages of information.

7. Undersigned counsel has reviewed both the January 20, 2023 and April 14, 2023 privilege logs.

8. The January 20, 2023 privilege log contained 464 entries. After undersigned counsel reviewed the privilege log, and in light of the Court's observations during the May 1, 2023 status conference, undersigned counsel has removed 324 documents.

Defendants are producing these documents to Plaintiffs by noon on Friday, May 5, 2023.

9. Undersigned counsel maintains a good faith belief that privilege protects from disclosure the remaining 140 documents.

10. The April 14, 2023 privilege log contained 139 entries. After undersigned counsel reviewed the privilege log, and in light of the Court's observations during the May 1, 2023 status conference, undersigned counsel has removed 87 entries. Defendants are producing these documents to Plaintiffs by noon on Friday, May 5, 2023.

11. Undersigned counsel maintains a good faith belief that privilege protects from disclosure the remaining 51 documents.

12. It does not appear that these 51 documents are before the Court for *in camera* review. Undersigned counsel will coordinate with co-counsel to ensure that these documents are before the Court promptly.

13. Undersigned counsel has stricken through the privilege log to indicate that Defendants no longer assert privilege over that entry.

14. Furthermore, the Court identified four documents, Doc IDs 101, 253, 266, and 270, as documents that were misidentified on the privilege log as containing law firm logos. (Doc. 157 at 2).

15. Upon further inspection, the documents submitted to the Court for review are named starting with the number 0 while the privilege log begins with the number 1. Additionally, when the documents were placed on the thumb drive for submission to the Court, the software altered the order of attachments. Thus where documents

were attached to emails, the software shifted the attachments based upon the file's size. Thus, although the privilege log correctly identifies the documents, once the documents were placed on the thumb drive, the order of the documents attached to emails was shifted. This appears to be the source of the confusion.

16. To correct these errors, and in accordance with this Court's order, on the resubmitted privilege logs, we have bolded and highlighted the corrected Document ID numbers that correspond to the privilege log entry. To be clear, the order of the resubmitted privilege logs remains the same as the original privilege logs.

Defendants thank the Court for its time and consideration. Undersigned counsel apologizes to the Court for this confusion.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 4th day of May, 2023.

/s/ Shawn T. Sheehy  
Shawn T. Sheehy  
Counsel to Defendants

## Certificate of Service

    I hereby certify that the foregoing document was filed via the CM/ECF system which instantaneously sent a Notice of Electronic Filing to all counsel of record.

/s/ Shawn T. Sheehy
Shawn T. Sheehy
Counsel to Defendants
