**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| DICKINSON BAY AREA BRANCH NAACP, et al., <br><br>*Plaintiffs*, <br><br>v. <br><br>GALVESTON COUNTY, TEXAS, et al., <br><br>*Defendants*. | § § § § § § § § § § § § | Civil Action No. 3:22-cv-117- JVB |
| TERRY PETTEWAY, et al., <br><br>*Plaintiffs*, <br><br>v. <br><br>GALVESTON COUNTY, TEXAS, et al., <br><br>*Defendants*. | § § § § § § § § § § § § | Civil Action No. 3:22-cv-57-JVB <br> [Lead Consolidated Case] |
| UNITED STATES OF AMERICA, <br><br>*Plaintiff*, <br><br>v. <br><br>GALVESTON COUNTY, TEXAS, et al., <br><br>*Defendants*. | § § § § § § § § § § § § | Civil Action No. 3:22-cv-93-JVB |

**DECLARATION OF MARY PATRICK
IN SUPPORT OF FIRST AMENDMENT PRIVILEGE ASSERTIONS**

**MAY 9, 2023**

I, Mary Patrick, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct:

1. My name is Mary Patrick, and I am a current resident of Galveston County and a current President of the Galveston branch of the Texas NAACP. I have been a member of the Galveston NAACP for at least the last 10 years.

2. I am above the age of 18 and am otherwise competent to testify.

3. The statements in this affidavit are based upon my personal knowledge and best recollection.

4. The Galveston NAACP unit is a part of the Texas State Conference of the NAACP and the national NAACP. The NAACP mission is to ensure the political, educational, social, and economic equality of rights of all persons and to eliminate racial hatred and racial discrimination.

5. In furtherance of this mission, the Galveston NAACP unit organizes and participates in voter registration drives, voter education events, poll watcher programs, and get-out-the-vote campaigns that predominantly serve the minority populations of the city of Galveston in Galveston County. The unit also advocates for fair housing, natural disaster relief, fair policing, education, and public health services, for example, by serving as a liaison for members facing eviction and helping to organize COVID vaccination clinics.

6. In 2021, a member of the Galveston NAACP unit, Roxy Hall Williamson, participated in a fellowship known as the CROWD Fellowship in order to lead our unit's redistricting committee to assist us with public education and advocacy relating to the local redistricting process following the 2020 Census.

7. I have reviewed the 16 documents that were in my / Galveston NAACP's custody or control and that were withheld in this matter based upon a First Amendment privilege. These documents include NAACP training materials, communications between and to NAACP branch leaders within the Texas NAACP, and communications with Ms. Williamson.

8. Importantly, these documents were intended to remain internal to NAACP, and not for public distribution. I understand from my counsel that any materials that were intended for public distribution and not meant to stay confidential within NAACP have been produced in this matter. I have attached one such example to this affidavit as Exhibit 1, which was redacted for membership information when it was produced to Defendants.

9. I am very concerned that disclosure of the documents sought by Defendants will seriously harm NAACP Galveston's ability to discuss important issues of

discrimination and strategize about how to effectively carry out our mission. We live in a small, tight-knit community and fear retaliation, harassment, or other negative consequences for speaking out on difficult issues. I am aware that there is harassment of a member of the Dickinson Bay Area NAACP who is a La Marque city counsellor, and this is just one such example.

10. It is fundamental to NAACP Galveston's work that our leadership and membership be able to discuss and strategize privately and confidentially. We often discuss controversial issues, as I mention above, and the only reason people are able to speak freely and openly how they feel about issues, and what change we want to advocate for, is because these conversations are confidential within NAACP. We intentionally do not record our meetings, for example, so that leadership and membership can speak freely.

11. However, if the NAACP Galveston documents sought by Defendants in this matter are made public, I have serious concerns and a sincere belief that this will discourage individuals from continuing their membership, or joining membership, in NAACP. I truly feel that this disclosure would discourage individuals from taking leadership positions.

12. I am certain that if NAACP internal communications discussing strategy and the trainings that guide us in how we can accomplish what we need to do, both general and specific to redistricting, are disclosed that it will prevent leadership and membership from speaking their mind in the future. Our work often concerns sensitive, and sometimes politically charged, issues such as fair policing, fair housing, equitable distribution of natural disaster relief funds, advocacy around the removal of the confederate statue, redistricting and other elections issues, as just some examples. If individuals believe their communications might be made public in the future, I believe that leadership and members will decline to fully contribute thoughts and ideas when we strategize and discuss these issues in email as well is in meetings.

13. In short, NAACP would become less effective if our internal communications are required to be disclosed because people trust us and believe that when they speak in confidence about difficult issues, those confidences will be kept.

14. I understand from my counsel that Defendants are not seeking membership names or information. Notwithstanding this limitation, I also have a fear of retaliation if these communications are disclosed because leadership are still known and these documents would still reveal the contents of our communications.

15. In addition, disclosure of NAACP internal communications discussing training and strategy may result in the national and statewide organization being less willing to share insight and resources with local units like my Galveston NAACP unit, making

it more difficult for us to muster the information and guidance needed to carry out effective public advocacy and education campaigns.

Signed this, the 9th day of May, 2023.

*Mary Patrick*
Mary Patrick (May 9, 2023 14:36 CDT)
_____

Mary Patrick

# EXHIBIT 1

# to May 9, 2023 Declaration of Mary Patrick

**Date:** Thursday, November 4 2021 09:25 PM
**Subject:** Fwd: Fw: Redistricting Maps
**From:** Galveston NAACP 6180 <naacpgalveston@gmail.com>
**To:** undisclosed-recipients:;
**BCC:** Redacted - 1st Amendment Redacted - Privilege islandfatcat@yahoo.com; Redacted - Privilege Redacted - 1st Amendment Redacted - PII Redacted - Privilege Redacted - 1st Amendment Redacted - Privilege sdholmes1@aol.com; Redacted - Privilege Redacted - 1st Amendment Redacted - 1st Amendment Patricia Toliver < Redacted - PII > Redacted - Privilege Redacted - 1st Amendment

---

**From:** Mary Patrick < Redacted - PII >
**Sent:** Thursday, November 4, 2021 9:07 PM
**Subject:** Redistricting Maps

https://www.galvestoncountytx.gov/our- county/county-judge/redistricting

I have posted the website to go to and express comments about the two maps that may be voted on next Tuesday. Dr. Scott, Roxy Hall Williamson, Mr, Hatter and I were on the call tonight with Commissioner Holmes and he provided great information.

Please click on the link and provide your comments.

Map 1 - remove Bolivar from the Map
Map 2 - Eliminate the Map.

Please pass the word.

Dr. Scott, please send out to the membership.

Thanks.

Mary Patrick

CONFIDENTIAL

NAACP00001491
KD0222WF00003682