# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | | |
|---|---|---|
| DICKINSON BAY AREA BRANCH NAACP, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>GALVESTON COUNTY, TEXAS, et al.,<br><br>*Defendants*. | § § § § § § § § § § § | Civil Action No. 3:22-cv-117- JVB |
| TERRY PETTEWAY, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>GALVESTON COUNTY, TEXAS, et al.,<br><br>*Defendants*. | § § § § § § § § § § § | Civil Action No. 3:22-cv-57-JVB<br>[Lead Consolidated Case] |
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>GALVESTON COUNTY, TEXAS, et al.,<br><br>*Defendants*. | § § § § § § § § § § § | Civil Action No. 3:22-cv-93-JVB |

**DECLARATION OF LUCRETIA LOFTON
IN SUPPORT OF FIRST AMENDMENT PRIVILEGE ASSERTIONS**

**MAY 9, 2023**

I, Lucretia Lofton, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct:

1. My name is Lucretia Lofton, and I am a current resident of Galveston County and the most recent past President of the Dickinson Bay Area branch of the Texas NAACP. I have been a member of the Dickinson Bay Area NAACP since 2017 and prior to that, a member of the Mainland Branch NAACP for decades, since I was a child.

2. I am above the age of 18 and am otherwise competent to testify.

3. The statements in this affidavit are based upon my personal knowledge and best recollection.

4. The Dickinson Bay Area NAACP unit is a part of the Texas State Conference of the NAACP and the national NAACP. The NAACP mission is to ensure the political, educational, social, and economic equality of rights of all persons and to eliminate racial hatred and racial discrimination.

5. The Dickinson Bay Area NAACP unit serves people who live and work in the northern part of Galveston County, including Dickinson and the portions of League City and Friendswood within Galveston County. The unit organizes and participates in voter registration drives, voter education events, poll watcher programs, and get-out-the-vote campaigns that predominantly serve the minority populations of north Galveston County. Like other NAACP units in Galveston County, the unit also advocates for fair housing, natural disaster relief, fair policing, education, and public health services, for example, by coordinating hurricane relief efforts, running a program educating members about home ownership, and helping to represent families in discrimination complaints against local school boards.

6. I have reviewed the 15 documents that were in my / Dickinson Bay NAACP's custody or control and that were withheld in this matter based upon a First Amendment privilege. These documents include NAACP training materials, communications between and to NAACP branch leaders within the Texas NAACP, and communications with Roxy Hall Williamson, who was to my knowledge a member of the Galveston NAACP focusing on public education and advocacy around local redistricting.

7. These internal NAACP documents are confidential communications, within the context of a group that exists to advance the rights and interests of a particular community, and were not meant for public distribution. I understand from my counsel that any materials that were intended for public distribution and not meant to stay confidential within NAACP have been produced in this matter.

8. I sincerely believe that forcing the disclosure of confidential communications between NAACP members would violate our First Amendment rights to free speech and association because it would have a chilling effect on the ability of individuals and groups to engage in candid, frank discussions about issues of importance to our communities.

9. These emails contain information about the NAACP's strategies, tactics, and internal operations. If disclosed, this information could compromise the effectiveness of the NAACP's advocacy efforts and jeopardize the safety and privacy of its members. Members would be far less likely to participate and speak up if it is known that sensitive information can be made public and because we fear harassment and retaliation.

10. For my area in the northern part of the county, a lot of people have expressed that they do not want to join Dickinson Bay Area NAACP or worry about going forward with racial discrimination complaints because they do not want a bull's eye on their back. For example, there are issues of racial discrimination by staff and students in the school districts in the areas my unit serves, and people come to me and the NAACP for advice or assistance. I often do not tell people I am from the NAACP until after having meetings with the school officials to avoid the kind of retaliation that NAACP membership can attract.

11. In another example, an officer of my unit is a local elected official and spoke out about various issues and had to face racialized attacks and a recall campaign. Her family was threatened and called racial slurs, and her dog was poisoned.

12. Public disclosure of documents that reveal NAACP leaders' names and opinions would dissuade people from joining the Dickinson Bay Area NAACP unit or seek out leadership positions, or cause them not to share their thoughts and complaints as freely within our group when we strategize on issues we think may need to be addressed.

13. The local units also rely on being able to freely exchange strategy and information with other units, the statewide conference, and national NAACP, and disclosure of those types of communications would chill our ability to collaborate effectively on important issues like voting rights and redistricting, criminal justice, and housing and workforce equity.

14. Therefore, I firmly believe in the unit's right to assert its First Amendment privilege in this matter and call on the court to respect this important constitutional principle.

Signed this, the 9th day of May, 2023.               05/09/2023


_____

Lucretia Lofton

4