# GREER, HERZ & ADAMS, L.L.P.

### A LIMITED LIABILITY PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

ATTORNEYS AT LAW

JOSEPH R. RUSSO, JR.
409.797.3215
866.456.0170 fax

One Moody Plaza, 18th Floor
Galveston, Texas  77550
www.greerherz.com

May 10, 2023

The Honorable Jeffrey V. Brown
U.S. District Court for the
Southern District of Texas
601 Rosenberg Ave., Room 613
Galveston, Texas 77550

> Re:   Discovery Dispute Rebuttal Expert Report Underlying Materials; *Petteway, et al. v. Galveston County, et al.*, Civil Action No. 3:22-cv-00057

Dear Judge Brown,

On April 14, 2023, Petteway Plaintiffs (Plaintiffs) submitted to Defendants a rebuttal expert report written by Dr. Matt Barreto and Mr. Michael Rios. However, Defendants contend that Plaintiffs have not provided the supporting information of that analysis to allow Defendants' experts to fully review/duplicate their work. Defendants ask that the Court either require the production of all materials used in the Barreto/Rios rebuttal report,[1] or order that the report be withdrawn.

### Defendants' Position

At his deposition, Dr. Barreto testified that his BISG analysis for each name on the voter file produced a probability regarding the person's race/ethnicity. Barreto Dep. at 44:6-17. Those probabilities were created and used by Dr. Barreto and Mr. Rios to reach the results and conclusions in their rebuttal report. *Id.* at 51:19-24. Those conclusions included analysis of Republican primary elections in Galveston County (not previously studied in the initial report). *Id.* at 41:12-16. It is thus uncontroverted that the actual R script that Dr. Barreto used to run the BISG analysis contains the data he relied on to create the rebuttal report, and that this data was used to study elections not previously considered.[2] In spite of all of this, none of the inputs for the BISG analysis or the resulting materials have been produced to Defendants for examination.

---

[1] In their rebuttal report, Dr. Barreto and Mr. Rios conducted an analysis of the official Galveston County voter file using a methodology called Bayesian Improved Surname Geocoding (BISG). Specifically, they used BISG to estimate County voters' race and ethnicity, and to assess voting patterns in 29 federal, statewide, and local elections from 2014 to 2022. To conduct this BISG analysis, Dr. Barreto and Mr. Rios employed two statistical programs entitled "Who Are You (WRU) package in R" and *eiCompare*. *See* Barreto/Rios Expert Report, at 9-10.

[2] Dr. Barreto testified that he had been unable to run the BISG analysis in time for the initial report because Defendants did not produce the Galveston County voter file until January 11, 2023. Barreto Dep. at 34:18-35:8. In their footnote 4 below, Plaintiffs claim that this delay was a result of Defendants not producing the voter file in response to their First Requests for Production of Documents. Yet, Plaintiffs ignore that the voter file was *not responsive* to any of those Requests. *See* E-Mail from Mr. Shawn Sheehy (Dec. 9, 2022) (Pfs. Ex. 5). Notably, Plaintiffs included a request for the materials in December 2022. In any event, Dr. Barreto testified that running the

May 10, 2023                                                                                    Page 2

Re:      Discovery Dispute over Underlying Materials used in Rebuttal Expert Report
             *Petteway, et al. v. Galveston County, et al.*, Civil Action No. 3:22-cv-00057

---

Fed. R. Civ. P. 26(a)(2)(B)(ii) requires Dr. Barreto and Mr. Rios to provide all data they considered when forming their opinions and rebuttals. *See Freeny v. Murphy Oil Corp.*, No. 2:13-CV-791-RSP, 2015 U.S. Dist. LEXIS 118731, at *6 (E.D. Tex. June 3, 2015); *Wesdem, LLC v. Ill. Tool Works, Inc.*, No. SA-20-CV-00987-OLG, 2021 U.S. Dist. LEXIS 263726, at *3 (W.D. Tex. Aug. 12, 2021). Should they fail to do so, Plaintiffs cannot use that information or those experts before the Court "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Fifth Circuit considers four factors in determining substantial justification: (1) the explanation for failing to identify the information; (2) the importance of the information; (3) potential prejudice to the other side; and (4) whether a continuance is available to cure any such prejudice. *Majestic Oil, Inc. v. Certain Underwriters at Lloyd's*, No. 21-20542, 2023 U.S. App. LEXIS 6593, at *3 (5th Cir. Mar. 17, 2023).

Plaintiffs contend that Defendants' expert Dr. John Alford can replicate the BISG analysis using publicly available data; but that is not accurate because Dr. Barreto and Mr. Rios have not provided the assumptions and variables they used in conducting their analysis. Defendants cannot replicate Dr. Barreto's work and test his results without disclosure of each step taken, each assumption made, and each variable applied without seeing those materials.

Plaintiffs claim that the underlying data Defendants seek either "does not exist, or is not needed"—but they also readily admit that a "'temporary file' containing WRU's probability data *can* be generated." Nevertheless, they claim that they are not required to re-generate this data now because their experts "plugged the [BISG process] directly into their EI models" and did not save the data. Assuming this is true, Barreto has not provided an R script that is consistent with that practice and demonstrates that Barreto has not provided the R scripts they actually used in reaching their results. More importantly, they provide no response to the R scripts containing no details on values of parameters to be set, dealing with missing data or other issues which impede replication.

Plaintiffs point to *Estech Systems IP, LLC v. Carvana LLC*, No. 2:21-CV-00482-JRG-RSP, 2023 U.S. Dist. LEXIS 65138 (E.D. TX Apr. 13, 2023), but that decision misses the mark. *Estech Systems* rejected a request to strike an expert report on the complaint that the underlying methodology was inaccurate, concluding, "correctness of the methodology and the results produced in [the] report can be properly explored through vigorous cross-examination and presentation of contrary evidence." Id. at *11. While the reports may be inaccurate, Defendants' complaint is failure to provide information on the process used to prepare the report to test the correctness of Dr. Barreto's and Mr. Rios' opinions on rebuttal. Plaintiffs cannot use the record-keeping failures of their experts to deprive Defendants of the ability to probe the strength of Plaintiffs' assertions.

---

BISG analysis would take one month at most. *Id.* at 36:1-8. Accordingly, Plaintiffs could have submitted the rebuttal report in February 2023—which would have provided sufficient time for Defendants to analyze it. Instead they waited until less than a week before Dr. Barreto's deposition (and long after Defendants' expert Dr. John Alford had to submit his report) to provide the rebuttal report.

May 10, 2023                                                                                          Page 3

Re:      Discovery Dispute over Underlying Materials used in Rebuttal Expert Report
         *Petteway, et al. v. Galveston County, et al.*, Civil Action No. 3:22-cv-00057

---

Defendants therefore ask that the Court either order the production of the withheld materials, or order the rebuttal improper under the scheduling order and current rules.

Plaintiffs' Position

Plaintiffs' experts Dr. Barreto and Mr. Rios have satisfied their obligations under the Federal Rules to provide the facts and data they considered in forming their opinions, including all information necessary, including R scripts, for Defendants' experts to fully review and replicate their work. (Ex. 1) Defendants' current request for further information is not based on any deficiency in production but rather on a fundamental misunderstanding[3] of BISG analysis.

Defendants contend that Dr. Barreto and Mr. Rios have not produced the file containing "probability regarding [voters'] race/ethnicity," and that this file was "created and used by Dr. Barreto and Mr. Rios to reach the results and conclusions in their rebuttal report." *Supra.* Not so. The publicly available computer program called WRU—to which Defendants have access and to which they have been directed by Dr. Barreto and Mr. Rios—is what Dr. Barreto and Mr. Rios used to conduct their BISG analysis. WRU, as a *background computing process*, employs probabilities regarding voters' race and ethnicity. This is like how a calculator employs the equation for calculating a square root when a user types the $\sqrt{}$ command on the calculator.

A "temporary file" containing WRU's probability data *can* be generated *if* the user (1) directs the program to create this separate file and (2) halts the calculations mid-stream to generate and save that temporary file before obtaining the BISG results. Dr. Barreto and Mr. Rios did not do so because it is not standard practice in the field to do so. They took the BISG process and plugged it directly into their EI models. They are not withholding any data or analysis or files they relied upon in providing their RPV opinions—they do not possess the files Defendants seek.

But, as we have repeatedly explained to Defendants, *their expert*, Dr. Alford, can generate the exact file they are seeking. Dr. Alford simply needs to input the voter file data they (belatedly) produced to Plaintiffs, direct WRU to generate the temporary file containing the probabilities, obtain that temporary file during the process, and complete his replication of the BISG calculations. To be clear, this intermediary probability file is not required to run the WRU script. Defendants only need the voter file and the WRU program to run BISG, nothing more.

Defendants are essentially demanding that Dr. Barreto and Mr. Rios re-run their BISG analysis *differently* than they originally did to generate a data file they did not originally generate or save. The Federal Rules do not require this. *See, e.g., Estech Systems IP, LLC v. Carvana LLC,*

---

[3] For example, contrary to what Defendants state, R Script does not contain data. Nor did Dr. Barreto and Mr. Rios conduct any BISG analysis on additional Republican primary elections in their rebuttal—those elections were discussed in the context of rebutting Dr. Alford's opinions regarding how political parties in Galveston County are a proxy for race-based voting decisions.

May 10, 2023                                                                                   Page 4

Re:     Discovery Dispute over Underlying Materials used in Rebuttal Expert Report
        *Petteway, et al. v. Galveston County, et al.*, Civil Action No. 3:22-cv-00057

---

2023 WL 2934920 at 5 (E.D. TX Apr. 13, 2023) (finding no issue with expert production because "essentially all of the information relied upon is publicly available").

Because the information sought by Defendants is publicly available, does not exist, or is not needed for their expert to recreate and assess the accuracy of Plaintiffs' experts' rebuttal report, there is no prejudice to Defendants arising from Plaintiffs inability to produce something that does not exist. Rather, this request by Defendants is simply an attempt to either discard[4] analysis harmful to their case or require Plaintiffs' experts to do the work of replicating the analysis for Dr. Alford. Such motives are not covered by Fed. R. Civ. P. 26.

*     *     *     *     *

We thank the Court for its time and consideration, and look forward to the Court's resolution of this matter.

Respectfully,


*/s/ Joseph R. Russo*
Counsel for Defendants

*/s/ Bernadette Reyes*
Counsel for Petteway Plaintiffs

---

[4] Defendants omit key points and mischaracterize the timeline regarding the BISG analysis. The Galveston County voter file was encompassed in discovery requests file in August of 2022 (Ex 2 and 3) Plaintiffs reminded Defendants of this duty to produce the voter file on November 18, 2022 but received no response. (Ex. 4) Plaintiffs again reached out to Defendants on December 7, 2022. (Ex. 5) Defendants refused to provide this file forcing Plaintiffs to serve a second request for production on December 9, 2022. *Id.* Even then, Defendants produced the voter file past the 30-day deadline and only two days before Plaintiffs' experts' disclosures were due. Following submission of his report, Dr. Barreto was not under any obligation to reanalyze election results as he was waiting for Dr. Alford's declaration to work on his rebuttal. Only after reviewing Dr. Alford's rebuttal submitted on March 17, 2023, which called into question the level of Hispanic voter cohesion, did Dr. Barreto conclude he should include the vote history file for his EI analysis to rebut such claims. Defendants, therefore, manufactured any delay in the analysis they now complain of. BISG analysis is commonly utilized by Dr. Barreto in Section 2 Voting Rights Act cases. Knowing this, Defendants intentionally delayed production of the voter file to prevent Dr. Barreto from including such analysis in his initial report.

**PLAINTIFFS EXHIBIT 1**



Bernadette Reyes <bernadette@uclavrp.org>

---

## Petteway v. Galveston County, 3-22-cv-57 - Petteway Plaintiffs' Expert Reports

**Bernadette Reyes** <bernadette@uclavrp.org>                                    Fri, Apr 28, 2023 at 12:48 PM
To: Shawn Sheehy <ssheehy@holtzmanvogel.com>
Cc: Valencia Richardson <VRichardson@campaignlegalcenter.org>, Hilary Harris Klein <hilaryhklein@scsj.org>, Dallin Holt
<dholt@holtzmanvogel.com>, "Vall-llobera, Diana" <DVall-llobera@willkie.com>, Sarah Chen
<schen@texascivilrightsproject.org>, Jason Torchinsky <jtorchinsky@holtzmanvogel.com>, bob.boemer@co.galveston.tx.us,
Angela Olalde <aolalde@greerherz.com>, dloesq@aol.com, Jordan Raschke <jraschke@greerherz.com>,
joe@nixonlawtx.com, Joseph Russo <JRusso@greerherz.com>, Mark Gaber <MGaber@campaignlegalcenter.org>, Neil
Baron <neil@ngbaronlaw.com>, Simone Leeper <SLeeper@campaignlegalcenter.org>, Sonni Waknin <sonni@uclavrp.org>,
Chad Dunn <chad@brazilanddunn.com>, "Silberstein, Andrew" <ASilberstein@willkie.com>, Hani Mirza
<hani@texascivilrightsproject.org>, "Suriani, JoAnna" <JSuriani@willkie.com>, Joaquin Gonzalez
<joaquin@texascivilrightsproject.org>, "Garrett, Kathryn" <KGarrett@willkie.com>, "Polizzano, Michelle"
<MPolizzano@willkie.com>, "Zhu, Molly" <MZhu@willkie.com>, Nickolas Spencer <nas@naslegal.com>, "Mancino, Richard"
<RMancino@willkie.com>, "Gear, Bruce (CRT)" <Bruce.Gear@usdoj.gov>, "Jayaraman, Tharuni (CRT)"
<Tharuni.Jayaraman@usdoj.gov>, "Newkirk, Zachary (CRT)" <Zachary.Newkirk@usdoj.gov>, Mateo Forero
<mforero@holtzmanvogel.com>, "Smith, K'Shaani (CRT)" <K'Shaani.Smith@usdoj.gov>, "Wake, Brittany (CRT)"
<Brittany.Wake@usdoj.gov>, Alexandra Copper <ACopper@campaignlegalcenter.org>

Shawn-

You have yet to explain why you require this new information. As I mentioned in my prior email and as Dr. Alford testified
April 27th, Defendants have more than enough information to recreate the BISG analysis. Dr. Alford admitted in
deposition that he has the vote history file and that he has experience running BISG with the wru package in R. Further,
as Judge Edison explained in the hearing weeks ago, rebuttal reports were allowed so long as they were submitted on
the deadline of April 14, 2023 at noon. The rebuttal contains no new theory of the case and indeed adequately responds
to Dr. Alford's claims on the degree of Hispanic voter cohesion.

As you may recall, Petteway Plaintiffs reminded Defendants in November and December 2022 of their responsibility to
provide the voter file pursuant to U.S. and NAACP First Request for Production #1(d), served in August 2022. Defendants
disagreed that the voter file was responsive to the Plaintiffs' requests and forced Plaintiffs to serve a second request. The
voter file was not produced by Defendants until January 11, 2023 – two days before Dr. Barreto's report was due. In their
January 13 report, Dr. Barreto and Mr. Rios indicated they planned to do additional analysis if more data was provided.
They did not receive all data in time. Defendants, therefore, have had clear notice that  Dr. Barreto and Mr. Rios needed
the voter files to run this type of analysis.

As for your specific requests, the full details of BISG and requisite code has been produced in our prior email and the
April 14, 2023 rebuttal report. The code is from the Imai and Khanna wru package, as Dr. Barreto testified about this
during his deposition. Dr. Barreto additionally reiterated that BISG analysis is done from the wru code, and that his report
contains a direct citation to a "how to" guide and full code repository for BISG. Your request for "intermediate results" is
similarly puzzling and unnecessary. "Intermediate results" are, by definition,  not the code you need to run the wru
package. It is an optional "output" during the middle - or in your words - intermediate step of the program that does not
automatically save as a set of results. Indeed, by your own language, these "results" are not part of the code needed to
run any BISG analysis.

As Dr. Alford is, I am sure, aware though his work as an expert, intermediate results are not produced by experts when
they are not necessary to recreate any analysis. Indeed, in his own work as an expert, Dr. Alford often runs a surname
analysis against the voter file, and in prior cases in Texas he has not produced any such "intermediate results" of his
analysis of the voter file after flagged with Spanish surnames. Like most experts, Dr. Alford simply uses the information
from the Spanish surname analysis as input into his EI models - the norm and standard practice.

Nevertheless, to ease Dr. Alfords replication of a BISG analysis on Galveston County, attached please find the exact
BISG code for conducting such analysis, which we have previously provided a direct link to in our April 14, 2023 report.

Best,

[Quoted text hidden]

---

**2 attachments**



**image001.jpg**
13K

 **BISG Replication Scripts.zip**
2K

**PLAINTIFFS EXHIBIT 2**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| DICKINSON BAY AREA BRANCH NAACP; GALVESTON BRANCH NAACP; MAINLAND BRANCH NAACP; GALVESTON LULAC COUNCIL 151; EDNA COURVILLE; JOE A. COMPIAN; and LEON PHILLIPS, | § § § § § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § § | Civil Action No. 3:22-cv-117- JVB |
| GALVESTON COUNTY; HONORABLE MARK HENRY, in his official capacity as Galveston County Judge; DWIGHT D. SULLIVAN, in his official capacity as Galveston County Clerk; | § § § § § § § | |
| *Defendants*. | § § | |
| TERRY PETTEWAY, DERRICK ROSE, MICHAEL MONTEZ, SONNY JAMES, and PENNY POPE, | § § § § § | |
| *Plaintiffs*, | § § § | |
| v. | § § § | Civil Action No. 3:22-cv-57-JVB [Lead Consolidated Case] |
| GALVESTON COUNTY, TEXAS, and HONORABLE MARK HENRY, in his official capacity as Galveston County Judge, | § § § § § § | |
| *Defendants*. | § § § | |

| | § | |
|---|---|---|
| United States of America, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-cv-93-JVB |
| | § | |
| | § | |
| GALVESTON COUNTY, TEXAS; | § | |
| GALVESTON COUNTY | § | |
| COMMISSIONERS COURT; and | § | |
| MARK HENRY, in his capacity as | § | |
| Galveston County Judge, | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

### *NAACP* PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS GALVESTON COUNTY, HON. MARK HENRY, AND DWIGHT D. SULLIVAN

Pursuant to the Federal Rules of Civil Procedure, Plaintiffs Mainland Branch NAACP, Dickinson Bay Area Branch NAACP, Galveston Branch NAACP, Galveston LULAC Council 151, Edna Courville, Joe A. Compian, and Leon Phillips (together, "NAACP Plaintiffs") serve this First Request for Production to Defendant(s) Galveston County, Honorable Mark Henry, in his official capacity as Galveston County Judge, and Dwight D. Sullivan, in his official capacity as Galveston County Clerk. Defendant(s) must serve their responses upon the undersigned counsel within thirty (30) days in electronic format, or if electronic format is not available, at 1405 Montopolis Drive, Austin, Texas 78741. Defendant(s) must supplement their responses as required by the Federal Rules of Civil Procedure and any orders entered by the Court.

## **DEFINITIONS**

1. "Defendant(s)," "you," and "your" refer to Galveston County, Honorable Mark Henry, in his official capacity as Galveston County Judge, and Dwight D. Sullivan, in his official capacity as Galveston County Clerk, as well as their predecessors in office and any representative acting or purporting to act on their behalf or subject to their control, including but not limited to past or present employees, agents, interns, attorneys, advisors, consultants, and/or contractors.

2. "Commissioner" means a past or present elected member of the Galveston County Commissioners Court, including such member's past or present employees, agents, attorneys, advisors, consultants, contractors, and/or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control on behalf of any committee or other body of which the elected member is part.

3. "Communication(s)" means any transmittal of information, whether facts, ideas, inquiries, or otherwise, regardless of form, method, or medium and refers to every manner or means of disclosure, transfer, or exchange of information orally, telephonically, electronically, digitally, in-person, or in writing of any kind and in any form, including without limitation mail, notes, emails, text messages, SMS messages, instant messages, voice messages, Signal messages, WhatsApp messages, iMessages, etc., and refers both to actual and attempted communications of any kind.

4. "Document(s)" means any writing of any kind, source, or authorship, regardless of

3

how it may be recorded, stored, or reproduced. The term includes both originals and all non-identical copies thereof, as well as all drafts, revisions, and amendments, regardless of whether adopted. The term also includes but is not limited to handwritten, typewritten, printed, photocopied, photographic, and electronically recorded matter. For purposes of illustration and not limitation, the term includes: contracts, agreements, communications, reports, charges, complaints, correspondence, letters, emails, social media postings, telegrams, memoranda, applications, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, journals, diaries, schedules, charts, graphs, worksheets, spreadsheets, reports, notebooks, note charts, handwritten notes, plans, drawings, sketches, maps, brochures, pamphlets, advertisements, circulars, press releases, summaries or records of meetings or conferences, summaries or reports or records of investigations or negotiations, opinions or reports of consultants, bills, statements, invoices, affidavits, schedules, audio recordings, video recordings, transcriptions, and photographs.

5.    "Person" means not only natural persons, but also firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trusts, groups, and organizations; federal, state, or local governments or government agencies, offices, bureaus, departments, or entities; other legal, business, or government entities; and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof or any combination thereof.

6.      "Redistricting" means any consideration of the alignment of district boundaries for the entire Commissioners Court Precincts map for Galveston County, any single Commissioner Court Precinct, or Commissioner Court Precincts within a geographic area.

7.      "Identify" when referring:

    a.  to a person, means to state the person's full name, present or last known address, telephone number, and email address;

    b.  to an organization or entity, means to state its full name, present or last known address, telephone number, fax number, and email address;

    c.  to a document, means to describe its contents; to identify when, where, and how it was made; to identify who made it; and to identify who has present or last known possession, custody, or control of the document;

    d.  to a statement or communication, means to describe its contents; to identify when, where, and how it was made; to identify who made it and who was present when it was made; and to identify who has present or last known possession, custody, or control of any recording of the statement or communication;

    e.  to a social media account, means to provide the username of the account, identify all persons who control or have access to the account, and provide the date(s) of the relevant activity on the account.

8.      "Relating to" means referring to, regarding, consisting of, concerning, pertaining to,

5

reflecting, evidencing, describing, constituting, mentioning, or being in any way logically or factually connected with the matter discussed, including any connection, direct or indirect, whatsoever with the requested topic.

9.   "Commissioners Court Precinct Map" means the Commissioners Court Precinct map for Galveston County adopted by the Galveston County Commissioners Court on November 12, 2021, unless another plan is specified.

## **INSTRUCTIONS**

1.   This First Set of Requests for Production is served jointly on all Defendant(s) for convenience only. It is to be construed as a separate request for each.

2.   In responding to these requests, please produce all responsive documents in your possession, custody, or control, including Documents reviewed by Defendant(s) which Defendant(s) have the legal right and/or the practical ability to obtain from a non-party to this action.

3.   All references in these requests to an individual person include their employees and agents past and present, including attorneys, advisors, consultants, contractors, predecessors, and all other persons or entities acting or purporting to act their behalf or subject to the control of such person.

4.   All references in these requests to any entity, governmental entity, or any other type of organization include its past or present officers, executives, directors, employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, and all other persons or entities acting or purporting to act on

6

behalf of such an organization or subject to its control.

5.    In construing these document requests, apply the broadest construction, so as to produce the most comprehensive response.

    a.  Construe the terms "and" and "or" either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside that scope.

    b.  Words used in the singular include the plural and vice-versa.

    c.  Words or terms used herein have the same intent and meaning regardless of whether the words or terms are depicted in lowercase or uppercase letters.

    d.  "Persons" can include entities, incorporated and not, and "entities" can include persons and associations thereof. A reference to a person or entity includes their agents past and present.

6.    Documents should be produced in their entirety, without abbreviation, redaction, or expurgation; file folders with tabs or labels identifying Documents responsive to these requests should be produced intact with the Documents; Documents attached to each other should not be separated; all emails or Documents maintained in electronic form should be produced with all associated metadata and the appropriate load file(s); Documents stored as Excel files or as a database should be produced in their native format; each page should be given a discrete production number; and color copies of Documents should be produced where color is necessary to interpret or understand the contents.

7.     For the avoidance of doubt, these requests are not intended to require the production of sensitive personally identifiable information.

8.     Documents should be produced in a form consistent with any agreement concerning production format entered in this action.

9.     Each document produced should be categorized by the number of the document request in response to which it is produced.

10.    No portion of a request may be left unanswered because an objection is raised to another part of that request. If Defendant(s) object to any portion of a document request, they must state with specificity the grounds of any objections. Any ground not stated will be waived.

11.    For any document withheld from production on a claim of privilege or work product protection, provide a written privilege log identifying each document individually and containing all information required by Rule 26(b)(5) of the Federal Rules of Civil Procedure, including a description of the basis of the claimed privilege and all information necessary for NAACP Plaintiffs to assess the privilege claim.

12.    If Defendant(s) contend that it would be unduly burdensome to obtain and provide all of the Documents called for in response to any document request or any subsection thereof, then in response to the appropriate document request: (a) produce all such Documents as are available without undertaking what Defendant(s) contend to be an unreasonable request; (b) describe with particularity the efforts made by Defendant(s) or on their behalf to produce such Documents; and (c) state

8

with particularity the grounds upon which Defendant(s) contend that additional efforts to produce such Documents would be unreasonable.

13. If any requested document or other potentially relevant document is subject to destruction under any document retention or destruction program, the Documents should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by the Court.

14. In the event that a responsive document has been destroyed or has passed out of Defendant(s)' possession, custody, or control, please identify the following information with respect to each such document: its title, date, author(s), sender(s), recipient(s), subject matter, the circumstances under which it has become unavailable, and, if known, its current location and custodian.

15. These requests are continuing in nature. Defendant(s)' responses must be supplemented and any additional responsive material disclosed if responsive materials become available after Defendant(s) serve their response. Defendant(s) must also amend their responses to these requests if they learn that an answer is in some material respect incomplete or incorrect. If Defendant(s) expect to obtain further information or expect the accuracy of a response given to change between the time responses are served and the time of trial, they are requested to state this fact in each response.

16. NAACP Plaintiffs expressly reserve the right to supplement these requests to the extent permitted by the applicable rules and under applicable law.

17.     Unless otherwise limited or expanded by a particular request, the requests apply to

the period from January 1, 2020 through the present.

## NAACP PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

Produce all Documents and Communications created or received by any Defendant
or Commissioner relating to any redistricting proposal for the Commissioners Court
Precinct Map for enactment since January 1, 2010. This request specifically includes but
is not limited to:

    a.  the origination or source of any redistricting proposal;

    b.  the impetus, rationale, background, or motivation for the redistricting
        proposal;

    c.  the criteria used in creating or assessing a redistricting proposal;

    d.  all drafts in the development or revision of any of the redistricting proposals,
        including but not limited to shapefiles, files, or datasets used in mapping
        software, statistical reports, demographic data, election data, and files related
        to precinct names, precinct lines, split precincts, partisan indexes, population
        shifts, population deviations, voter registration, Spanish Surname Voter
        Registration, voter affiliation, Spanish Surname Voter Turnout, citizenship,
        changing census geography, or any other measure used to evaluate the
        redistricting proposal;

    e.  all Communications between or among Defendant(s) relating to the
        redistricting proposal;

    f.  all Documents and Communications relating to the protection of any
        incumbents in any such redistricting proposal;

    g.  all Documents and Communications relating to any amendment, whether
        partial or total, to each such proposal;

    h.  all Documents and Communications relating to negotiations regarding any
        redistricting proposal;

    i.  any concept maps or other pre-drafting documents provided to, shown to, or
        discussed with Defendant(s) or members of the Commissioners Court;

    j.  any academic or expert materials, including but not limited to essays,
        histories, analyses of past redistricting proposals in Galveston County or
        elsewhere, articles, or litigation documents viewed or consulted regarding
        any redistricting proposal;

    k.  all calculations, reports, audits, estimates, projections, or other analyses,
        from any source, relating to any effect or impact of the redistricting proposals

10

of any kind – including on (1) racial or ethnic minority voters, (2) existing or emerging districts in which racial minorities had the ability to elect the candidate of their choice, and (3) voter turnout (including Spanish Surname Voter Turnout) – that could result from the implementation of any such redistricting proposal;

l.   all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the total population or eligible voter population of Galveston County and the number of majority party seats and minority party seats that might be provided for in any redistricting proposal; and

m.  all Communications with third parties or third-party organizations, consultant, expert, law firm, vendor, or other political party, community group, or organization relating to any redistricting proposal.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications relating to the 2021 redistricting process for the Galveston County Commissioners Court such as documents dealing with planning, timing, hearings, staffing, training, outreach, public participation, deadlines, limitations, and involved persons or entities. This request specifically includes but is not limited to:

a.   all Communications with Galveston County staff and/or individual or multiple Commissioners, relating to the redistricting process, including but not limited to establishing a timeline, hiring a consultant, and utilizing redistricting criteria;

b.   all Communications with third parties or any third-party organization, consultant, expert, law firm, vendor, or other political party, community group, or organization relating to the redistricting process;

c.   all Communications with constituents, including public commentary, imagery, or social media posts (whether still maintained on any Defendant(s)' social media account or since deleted and including any comments made by Defendant(s) on their own posts or to other social media users' posts) relating to the redistricting process, review of redistricting proposals and adoption of the Commissioners Court Precinct Map;

d.   a list of all individuals requested, invited, permitted, or considered to testify in the Commissioners Court relating to the redistricting process, redistricting proposals, or the Commissioners Court Precinct Map, in any forum and form, including in person, virtually, orally, and in writing;

e.   all transcripts of testimony relating to the redistricting process, redistricting proposals, and the Commissioners Court Precinct Map;

f.   all written testimony and comments received by mail, email, website portal, or by other means;

g.   all Documents and Communications related to the planning, timing, location,

and accommodations for any public hearing on redistricting;

h.  all notices published or transmitted to individuals or the public about the redistricting hearing and the scheduling of the hearing;

i.  all Documents and Communications relating to the process by which proposals were reviewed by Defendant(s) or Commissioners; and

j.  all Documents and Communications relating to the involvement with or comments on the Commissioners Court Precinct Map by any division, sub-division, or local branch of political parties including the Republican Party and the Democratic Party.

## REQUEST FOR PRODUCTION NO. 3:

For the period spanning January 1, 1990 until the present, all rules, procedural memos, and guidelines for the Galveston County Commissioners Court on elections and redistricting.

## REQUEST FOR PRODUCTION NO. 4:

All other Documents and Communications relating to Redistricting for the Galveston County Commissioners Court including but not limited to redistricting criteria, public statements, correspondence, calendar invitations, scheduling emails, meeting minutes, agendas, attendance sheets, call logs, notes, presentations, studies, advocacy, letters, or other communications from January 1, 2010 until the present. This request specifically includes but is not limited to:

a.  all Documents and Communications relating to the use of Voting Age Population, Citizen Voting Age Population, and/or Total Population with regard to the Commissioners Court Precinct Map or the drawing of any district;

b.  all Documents and Communications relating to the growth, diminishment, or stagnation of populations of white, African-American, Latino, Asian American Pacific Islander ("AAPI"), or other minority residents and/or voters in Texas as a whole or in Galveston County;

c.  all Documents and Communications relating to whether the Commissioners Court Precinct Map complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections or other analyses;

d.  all Documents and Communications relating to or providing guidance on what is required in order to ensure compliance with the Voting Rights Act or the United States Constitution;

e.  all Documents and Communications relating to any Commissioner Precinct considered protected under Section 2 of the Voting Rights Act;

f.  all Documents and Communications relating to the group or groups considered protected under Section 2 of the Voting Rights Act;

g.  all Documents and Communications relating to whether "coalition districts" are recognized under Section 2 of the Voting Rights Act;

h.  all Documents and Communications relating to any discussion of any coalition, disagreement, or division between African American, Latino, or AAPI voters; and

i.  all Documents and Communications referencing a distinction, or lack of distinction, between racial minority voters and Democratic voters.

## REQUEST FOR PRODUCTION NO. 5:

All Documents and Communications relating to enumerations or estimates by the U.S. Census Bureau or Texas Demographic Center related to population changes, race, ethnicity, language minority status, or United States citizenship.

## REQUEST FOR PRODUCTION NO. 6:

All Documents and Communications relating to payment for services, agreements of representation, or contracts with any consultant, any political operative, any expert, any law firm, any attorney, any vendor, or any other person or entity related to the Commissioners Court Precinct Map. This request specifically includes but is not limited to:

a.  all Documents and Communications relating to the availability of any attorney or other consultant to provide assistance to Defendant(s) or Commissioner(s) on redistricting matters; and

b.  all Documents and Communications relating to plans for any person or entity to be present in or near the Galveston County Commissioners Court during or near the time of any hearing on redistricting.

## REQUEST FOR PRODUCTION NO. 7:

All Documents and Communications relating to the appointment of any individuals to the Commissioners Court from January 1, 2010 to the present.

## REQUEST FOR PRODUCTION NO. 8:

All Documents and Communications regarding any formal or informal complaints made against the County, its offices, or its employees, alleging discrimination based on race, ethnicity, or national origin, from January 1, 2010 to the present.

13

**REQUEST FOR PRODUCTION NO. 9:**

All Documents and Communications from the U.S. Department of Justice related to proposed or enacted Commissioners Court redistricting plans from January 1, 2010 to the present.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents and Communications that Defendant(s) may use to support any contention that the Commissioners Court Precinct Map was not enacted with a discriminatory purpose, to the extent that Defendant(s) take that position.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications that Defendant(s) may use to support any contention that race did not predominate in the drawing of the Commissioners Court Precinct Map, to the extent that Defendant(s) take that position).

**REQUEST FOR PRODUCTION NO. 12:**

For any time period, all Documents and Communications that Defendant(s) may use to support the contention that the Commissioners Court Precinct Map configuration does not have discriminatory results, as defined by 52 U.S.C. § 10301, to the extent that Defendant(s) take that position.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents and Communications relied upon by Defendant(s) in Your responses to NAACP Plaintiffs' First Set of Interrogatories.

**REQUEST FOR PRODUCTION NO. 14:**

For any time period, all Documents and Communications produced to other parties in the above captioned dispute.

DATE: August 12, 2022

/s/   *Sarah Xiyi Chen*
**TEXAS CIVIL RIGHTS PROJECT**

14

Attorney-in-Charge
Mimi M.D. Marziani
Texas Bar No. 24091906
Hani Mirza
Texas Bar No. 24083512
Joaquin Gonzalez*
Texas Bar No. 24109935
Sarah Xiyi Chen*
California Bar No. 325327
1405 Montopolis Drive
Austin, TX 78741
512-474-5073 (Telephone)
512-474-0726 (Facsimile)
mimi@texascivilrightsproject.org
hani@texascivilrightsproject.org
joaquin@texascivilrightsproject.org
schen@texascivilrightsproject.org

**SOUTHERN    COALITION    FOR
SOCIAL JUSTICE**
Hilary Harris Klein*
North Carolina Bar No. 53711
1415 W. Hwy 54, Suite 101
Durham, NC 27707
919-323-3380 (Telephone)
919-323-3942 (Facsimile)
hilaryhklein@scsj.org

**WILLKIE   FARR   &   GALLAGHER
LLP**
Richard Mancino*
New York Bar No. 1852797
Michelle Anne Polizzano*
New York Bar No. 5650668
Andrew J. Silberstein*
New York Bar No. 5877998
Molly Linda Zhu*
New York Bar No. 5909353
Kathryn Carr Garrett*
New York Bar No. 5923909

15

787 Seventh Avenue
New York, New York 10019
212-728-8000 (Telephone)
212-728-8111 (Facsimile)
rmancino@willkie.com
mpolizzano@willkie.com
asilberstein@willkie.com
mzhu@willkie.com
kgarrett@willkie.com

JoAnna Suriani*
DC Bar No. 1645212
1875 K Street, N.W.
Washington, DC 20006-1238
(202) 303-1000 (Telephone)
(202) 303-2000 (Facsimile)
jsuriani@willkie.com

**SPENCER & ASSOCIATES, PLLC**
Nickolas Spencer
Texas Bar No. 24102529
9100 Southwest Freeway, Suite 122
Houston, TX 77074
713-863-1409 (Telephone)
nas@naslegal.com

***COUNSEL FOR PLAINTIFFS***
*admitted *pro hac vice*

16

## CERTICATE OF SERVICE

I HEREBY CERTIFY that on August 12, 2022, the foregoing document was served via e-mail on all counsels of record.

/s _Sarah Xiyi Chen_

17

**PLAINTIFFS EXHIBIT 3**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| TERRY PETTEWAY, THE HONORABLE DERRECK ROSE, MICHAEL MONTEZ, SONNY JAMES and PENNY POPE, | § § § § § | |
| *Plaintiffs*, | § § | Civil Action No. 3:22-cv-57 |
| v. | § § § | |
| GALVESTON COUNTY, TEXAS, and HONORABLE MARK HENRY, in his official capacity as Galveston County Judge, | § § § § § § | |
| *Defendants*. | § § | |
| UNITED STATES OF AMERICA, | § § | |
| *Plaintiff*, | § § § | |
| v. | § § § | Civil Action No. 3:22-cv-93 |
| GALVESTON COUNTY, TEXAS, GALVESTON COUNTY COMMISSIONERS COURT, and HONORABLE MARK HENRY, in his official capacity as Galveston County Judge, | § § § § § § § | |
| *Defendants*. | § § | |
| DICKINSON BAY AREA BRANCH NAACP, GALVESTON BRANCH NAACP, MAINLAND BRANCH NAACP, GALVESTON LULAC COUNCIL 151, EDNA COURVILLE, JOE A. COMPIAN, and LEON PHILLIPS, | § § § § § § § § | Civil Action No. 3:22-cv-117 |

|                                                      |     |
| ---------------------------------------------------- | --- |
| *Plaintiffs,*                                        | §   |
|                                                      | §   |
|                                                      | §   |
| v.                                                   | §   |
|                                                      | §   |
| GALVESTON COUNTY, TEXAS,                             | §   |
| HONORABLE MARK HENRY, in                             | §   |
| his official capacity as Galveston                   | §   |
| County Judge, and DWIGHT D.                          | §   |
| SULLIVAN, in his official capacity as                | §   |
| Galveston County Clerk                               | §   |
|                                                      | §   |
| *Defendants.*                                        | §   |

## UNITED STATES' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the United States of America requests that Defendants Galveston County, Texas, the Galveston County Commissioners Court, and County Judge Mark Henry identify and produce the documents and items requested below for inspection and copying and deliver copies to counsel for the United States within 30 days of service.  This request is continuing in nature, as provided by Rule 26(e) of the Federal Rules of Civil Procedure.

## INSTRUCTIONS AND DEFINITIONS

1.      "Communication" means any transmission of information by oral, graphic, written, pictorial, electronic, or other perceptible means, including later memorialization of such transmission in a Document.

2.      "Defendants" mean Galveston County, Texas, the Galveston County Commissioners Court, and Mark Henry, in his capacity as the Galveston County Judge, along with any of their predecessors in office; past or present employees, staff, interns,

1

representatives, designees, attorneys, advisors, consultants, contractors, or agents; and

any other persons or entities acting or purporting to act on their behalf or subject to their

control.

3.      "Document" is defined to be synonymous in meaning and scope as the term

"document" is used under Rule 34 of the Federal Rules of Civil Procedure and as the

phrase "writings and recordings" is defined in Rule 1001 of the Federal Rules of

Evidence, and it includes, but is not limited to, any computer files, memoranda, notes,

letters, emails, printouts, instant messages, ephemeral messages, social media messages,

text messages, or databases, and any handwritten, typewritten, printed, electronically-

recorded, taped, graphic, machine-readable, or other material, of whatever nature and in

whatever form, including all non-identical copies and drafts thereof, and all copies

bearing any notation or mark not found on the original.

4.      "Commissioner" means a past or present elected member of the Galveston County

Commissioners Court, including such member's past or present employees, campaign

staff, interns, representatives, designees, attorneys, advisors, consultants, contractors,

agents, or other persons or entities acting or purporting to act on the member's behalf or

subject to the member's control or on behalf of any committee or other body of which the

elected member is a member.

5.      A "commissioners court precinct" means a commissioners precinct in Galveston

County, Texas, as described in Tex. Const. art. V § 18(b).

6.      A "voting precinct" means a voting district or VTD that is the Census Bureau's

geographic equivalent of a county election precinct.

7.      "Redistricting" means any consideration of a modification of one or more of the election district boundaries used to elect members of the Galveston County Commissioners Court or the arrangement of voting precincts within a commissioners court precinct.

8.      Unless stated otherwise, these interrogatories cover the redistricting process undertaken by the Galveston County Commissioners Court to reflect the population data reported in the 2020 Census P.L. 94-171 redistricting data.

9.      "Relating to" means referring to, regarding, consisting of, concerning, pertaining to, reflecting, evidencing, describing, constituting, mentioning, or being in any way logically or factually connected with the matter discussed, including any connection, direct or indirect, whatsoever with the requested topic.

10.     "Redistricting counsel" refers to the outside counsel, including staff, assistants, or associated consultants acting at their direction or subject to their control, that Galveston County voted to retain during the April 5, 2021, commissioners court meeting to assist in devising a redistricting plan.

11.     "Previous plan" means the districting plan utilized for the election of members of the Galveston County Commissioners Court between 2012 and 2020.

12.     "Map 1" means the redistricting plan identified as "Map 1" that was posted on the Galveston County website on October 29, 2021.

13.     "Map 2" or "2021 redistricting plan" means the redistricting plan identified as "Map 2" that was posted on the Galveston County website on October 29, 2021, and adopted by the Galveston County Commissioners Court on November 12, 2021.

14.     The phrase "special session" means the November 12, 2021, Galveston County Commissioners Court meeting during which the 2021 redistricting plan was adopted.

15.     A "community of interest" means a geographic area or region in which the residents share common concerns with respect to one or more identifiable features such as geography, demography, ethnicity, culture, socioeconomic status, or trade.

16.     "Language minority group" refers to those demographic groups as defined by the Voting Right Act, 52 U.S.C. § 10303(f)(2).

17.     The phrase "local election" encompasses any election conducted in Galveston County that is not for statewide office or for the United States Congress, including, but not limited to, elections for county-wide offices, city councils, school districts, or other elected bodies in the County, referenda or elections on constitutional amendments, entity elections, or local entity elections.

18.     In responding to these requests, please produce all responsive documents in the Defendants' possession, custody, or control.  This means that Defendants must produce all responsive documents within their actual possession, custody, or control, as well as such documents which Defendants have the legal right to obtain on demand or the practical ability to obtain from a non-party to this action, including, but not limited to, any and all documents that they and their counsel and other agents have actually reviewed.

19.     All references in these requests to an individual person include any and all past or present employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, predecessors in office or position, and all other persons

or entities acting or purporting to act on the individual person's behalf or subject to the control of such a person.

20.     All references in these requests to any entity, governmental entity, or any other type of organization include its past or present officers, executives, directors, employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, and all other persons or entities acting or purporting to act on behalf of such an organization or subject to its control.

21.     In construing these document requests, apply the broadest construction, so as to produce the most comprehensive response.  Construe the terms "and" and "or" either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside that scope.  Words used in the singular include the plural.

22.     Words or terms used herein have the same intent and meaning regardless of whether the words or terms are depicted in lowercase or uppercase letters.

23.     Documents should be produced in their entirety, without abbreviation, redaction, or expurgation; file folders with tabs or labels identifying documents responsive to these requests should be produced intact with the documents; and documents attached to each other should not be separated.

24.     Documents should be produced in a form consistent with any agreement concerning production format entered in this action.

25.     Each document produced should be categorized by the number of the document request in response to which it is produced.

26.     No portion of a request may be left unanswered because an objection is raised to another part of that request.  If Defendants object to any portion of a document request, they must state with specificity the grounds of any objections.  Any ground not stated will be waived.

27.     For any document withheld from production on a claim, in whole or in part, of privilege or work product protection, provide a written privilege log identifying each document individually and containing all information required by Rule 26(b)(5) of the Federal Rules of Civil Procedure, including a description of the basis of the claimed privilege and all information necessary for the United States to assess the privilege claim.

28.     If Defendants contend that it would be unduly burdensome to obtain and provide all of the documents called for in response to any document request or any subsection thereof, then in response to the appropriate document request: (a) produce all such documents as are available without undertaking what Defendants contend to be an unreasonable request; (b) describe with particularity the efforts made by Defendants or on their behalf to produce such documents; and (c) state with particularity the grounds upon which Defendants contend that additional efforts to produce such documents would be unreasonable.

29.     If any requested document or other potentially relevant document is subject to destruction under any document retention or destruction program, the documents should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by the Court.

30.    In the event that a responsive document has been destroyed or has passed out of Defendants' possession, custody, or control, please identify the following information with respect to each such document: its title, date, author(s), sender(s), recipient(s), subject matter, the circumstances under which it has become unavailable, and, if known, its current location and custodian.

31.    These requests are continuing in nature.  Defendants' response must be supplemented and any additional responsive material disclosed if responsive material becomes available after Defendants serve their response.  Defendants must also amend their responses to these requests if they learn that an answer is in some material respect incomplete or incorrect.  If Defendants expect to obtain further information or expect the accuracy of a response given to change between the time responses are served and the time of trial, they are requested to state this fact in each response.

32.    For document request numbers 17 and 21 below, there is no time period limitation. All other document requests concern the period of time specified in the request.

## **REQUESTS FOR PRODUCTION**

1.    All documents relating to any redistricting proposal for the Galveston County Commissioners Court during the 2010-2011 and 2020-2021 redistricting cycles.  This request includes but is not limited to:

a.    identification of the originator(s) or source(s) of each such redistricting proposal;

b.    the purpose(s) to be served by each proposed change from the previous redistricting plan in any such redistricting proposal;

c.      all drafts in the development of each such redistricting proposal whether partial or total;

d.      all demographic or election data, regardless of source or format, used in the development of each total or partial revision of each such plan;

e.      all negotiations between two or more members of the commissioners court regarding any such redistricting proposal, including, but not limited to, potential pairing of incumbents in any such plan; and

f.      all analyses, from any source, that examined the electoral impact on the County's Black or Hispanic residents that would result from the implementation of any such redistricting proposal.

2.      All documents and audio or video recordings related to the redistricting of Galveston County's elective offices between 1991 and 2021, including, but not limited to, the planning, timing, hearings, publicity, opportunities for public participation, and deadlines for those such redistricting processes.

3.      All documents relating to any and all analyses of voting patterns in Galveston County elections, including analyses of local elections within the County that compared or contrasted electoral behavior by race or membership in a language minority group conducted by the County or any of its agents or staff, or provided to the County by any individual, company, or organizations, including, but not limited to, any supporting documentation or data.  This includes any analyses conducted or provided between January 1, 2000 to the present.

4.     All documents, including maps, tables of equivalencies, and shape files, concerning the voting precinct boundaries used in any election for the Galveston County Commissioners Court from January 1, 2000, to the present.

5.     For every election for Galveston County Commissioners Court, including, but not limited to, primary, primary run-off, general, and special elections, and regardless of whether the election was contested, held between January 1, 2000, and the present, all documents relating to the number of votes cast by precinct and ballot type, including the final canvass report reflecting precinct-level results (in .csv, .xls, .xlsx, or .txt format), and certified election results.

6.     For every election identified in your response to Interrogatory 16, all documents relating to the number of votes cast by precinct and ballot type, including the final canvass report reflecting precinct-level results (in .csv, .xls, xlsx, or .txt format), and certified election results.

7.     All documents relating to whether proposed Map 1, proposed Map 2, or any other redistricting proposal, either in whole or in part, that was drawn, discussed, or considered by one or more members of the Galveston County Commissioners Court during the 2020-2021 redistricting cycle complies with the Voting Rights Act, 52 U.S.C. § 10301, including, but not limited to, any calculations, reports, audits, estimates, projections, or other analyses.

8.     All documents relating to the 2020-2021 redistricting cycle for the Galveston County Commissioners Court exchanged between one of more members of the commissioners court and any of its agents, staff, any County or municipal official, or any

9

other person, company, or organization, including, but not limited to, correspondence, notices, reports, email messages, voicemail messages, and text messages.

9.      All other documents relating to redistricting for the Galveston County Commissioners Court between January 1, 2020, and November 13, 2021, including, but not limited to, redistricting criteria, public statements by members of the commissioners court, correspondence written or received by any member of the commissioners court, calendar invitations or scheduling emails sent by the County or on the County's behalf, meeting minutes, agendas, attendance sheets, call logs, notes, presentations, studies, or other communications.

10.     All documents relating to enumerations or estimates by the United States Census Bureau or Texas Demographic Center related to the County's population in 2020 as compared to 2010, including, but not limited to, the racial characteristics, language minority status, or United States citizenship rates of County residents, exchanged between one or more members of the Galveston County Commissioners Court and any of its agents, staff, any County elected official or any individual, company, organization, or municipal elected official.

11.     All documents relating to payment for services, agreements of representation, or contracts between Galveston County and any individual, company, or organization relating to the 2021 commissioners court redistricting.

12.     All documents relating to the appointment of individuals to the Galveston County Commissioners Court since January 1, 2000, including, but not limited to, publicity of a

vacancy, news reporting, recruitment, applications, interviews, comments received or made by members of the public, and attendees at meetings relevant to the appointment.

13.    All documents related to the socioeconomic condition of Galveston County residents and socioeconomic disparities between Black, Hispanic, and White residents, including income disparities, educational disparities, housing disparities, employment disparities, and disparities in conditions of health or access to health-related services.

14.    All documents related to informal, administrative, or judicial complaints alleging discrimination based either on race or membership in a language minority group, filed against Galveston County, or any County agency or official, from January 1, 2010, to the present, including complaints concerning housing, policing, employment, contracting, zoning, licensing, code enforcement, or the provision of any county services.  Any such documents should include, but are not limited to, investigation reports, transcripts of hearings, findings, and documents indicating resolution of the charge or complaint.

15.    All documents regarding Maps 1 and 2 posted on the County's website, including, but not limited to, comments, complaints, emails, text messages, and audio voice messages to or from Defendants.

16.    Copies of the 2017, 2019, and 2021 Galveston County EEO-4 State and Local Government Information Reports.

17.    All documents that describe or are related to the record-retention requirements for Galveston County elected officials, employees, or agents, including, but not limited to, laws, policies, and procedures for the retention of hard copy documents, electronic records, videos, voicemail messages, email messages, text messages, social media posts.

18.     All non-privileged documents relating to the instant lawsuit.

19.     All documents that Defendants may use to support the contention that the 2021 redistricting plan was not enacted with a discriminatory purpose, to the extent that Defendants take that position.

20.     All documents that Defendants may use to support the contention that the 2021 redistricting plan does not have a discriminatory result, as defined by Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, to the extent that Defendants take that position.

21.     All documents responsive to, identified in, or relied upon in responding to any interrogatory served upon Defendants by the United States in relation to this action.

Date:  August 19, 2022

JENNIFER B. LOWERY
United States Attorney
Southern District of Texas

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

DANIEL D. HU
Civil Chief
United States Attorney's Office
Southern District of Texas
Texas Bar No. 10131415
SDTX ID: 7959
1000 Louisiana Ste. 2300
Houston, TX 77002
713-567-9000 (telephone)
713-718-3303 (fax)
daniel.hu@usdoj.gov

  /s/ *Catherine Meza*
T. CHRISTIAN HERREN, JR.
ROBERT S. BERMAN*
CATHERINE MEZA*
Attorney-In-Charge
BRUCE I. GEAR*
THARUNI A. JAYARAMAN*
ZACHARY J. NEWKIRK*
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
202-307-2767 (telephone)
202-307-3961 (fax)
catherine.meza@usdoj.gov

 *Admitted Pro Hac Vice*

13

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2022, I served the foregoing via email on all counsel of record in this case.

_/s/ Catherine Meza_
CATHERINE MEZA

**PLAINTIFFS EXHIBIT 4**



Bernadette Reyes <bernadette@uclavrp.org>

## Petteway v. Galveston SDTX 3:22-cv-57 - Deposition Scheduling

**Bernadette Reyes** <bernadette@uclavrp.org>                          Fri, Nov 18, 2022 at 3:04 PM
To: Shawn Sheehy <ssheehy@holtzmanvogel.com>
Cc: Valencia Richardson <VRichardson@campaignlegalcenter.org>, Jason Torchinsky <jtorchinsky@holtzmanvogel.com>,
"bob.boemer@co.galveston.tx.us" <bob.boemer@co.galveston.tx.us>, Angela Olalde <aolalde@greerherz.com>, Dallin Holt
<dholt@holtzmanvogel.com>, "dloesq@aol.com" <dloesq@aol.com>, "trey.trainor@akerman.com"
<trey.trainor@akerman.com>, "jraschke@greerherz.com" <jraschke@greerherz.com>, "joe@nixonlawtx.com"
<joe@nixonlawtx.com>, Joseph Russo <jrusso@greerherz.com>, Mark Gaber <MGaber@campaignlegalcenter.org>,
"neil@ngbaronlaw.com" <neil@ngbaronlaw.com>, Simone Leeper <SLeeper@campaignlegalcenter.org>,
"sonni@uclavrp.org" <sonni@uclavrp.org>, Chad Dunn <chad@brazilanddunn.com>, "asilberstein@willkie.com"
<asilberstein@willkie.com>, "dvall-llobera@willkie.com" <dvall-llobera@willkie.com>, Hani Mirza
<hani@texascivilrightsproject.org>, "jsuriani@willkie.com" <jsuriani@willkie.com>, Joaquin Gonzalez
<joaquin@texascivilrightsproject.org>, "kgarrett@willkie.com" <kgarrett@willkie.com>, "Polizzano, Michelle"
<mpolizzano@willkie.com>, "Zhu, Molly" <mzhu@willkie.com>, "nas@naslegal.com" <nas@naslegal.com>,
"rmancino@willkie.com" <rmancino@willkie.com>, "schen@texascivilrightsproject.org" <schen@texascivilrightsproject.org>,
"Gear, Bruce (CRT)" <Bruce.Gear@usdoj.gov>, "Jayaraman, Tharuni (CRT)" <Tharuni.Jayaraman@usdoj.gov>, "Newkirk,
Zachary (CRT)" <Zachary.Newkirk@usdoj.gov>, "Meza, Catherine (CRT)" <Catherine.Meza@usdoj.gov>, Hilary Harris Klein
<hilaryhklein@scsj.org>, Sharon Norwood <snorwood@holtzmanvogel.com>, Mateo Forero <mforero@holtzmanvogel.com>

Thank you Shawn-

One other issue the Petteway Plaintiffs wanted to raise, as discovery is continuing to roll in from Defendants, we have
noticed that the voter file requested pursuant to U.S. and NAACP First Request for Production #1(d) has not been
provided. Plaintiffs just wanted to flag this issue for Defendants and ensure that such voter file is forthcoming.

Have a good weekend!

Best,
Bernadette

[Quoted text hidden]
  [Quoted text hidden]
  [Quoted text hidden]
  [Quoted text hidden]

    [Quoted text hidden]

    --

    **Bernadette Reyes**

    (she/her/hers)

    Voting Rights Counsel

    UCLA Voting Rights Project

--

Bernadette Reyes

(she/her/hers)

Voting Rights Counsel

UCLA Voting Rights Project

--
**Bernadette Reyes**
(she/her/hers)
Voting Rights Counsel
UCLA Voting Rights Project

**PLAINTIFFS EXHIBIT 5**



Bernadette Reyes <bernadette@uclavrp.org>

---

## Petteway et al v. Galveston - Discovery Follow-up

5 messages

**Bernadette Reyes** <bernadette@uclavrp.org>                    Wed, Dec 7, 2022 at 11:31 AM
To: Dallin Holt <dholt@holtzmanvogel.com>, "Meza, Catherine (CRT)" <Catherine.Meza@usdoj.gov>, "Vall-llobera, Diana" <DVall-llobera@willkie.com>, Sarah Chen <schen@texascivilrightsproject.org>, Jason Torchinsky <jtorchinsky@holtzmanvogel.com> <bob.boemer@co.galveston.tx.us> <bob.boemer@co.galveston.tx.us>, Angela Olalde <aolalde@greerherz.com>, "dloesq@aol.com" <dloesq@aol.com>, "trey.trainor@akerman.com" <trey.trainor@akerman.com>, "jraschke@greerherz.com" <jraschke@greerherz.com>, "joe@nixonlawtx.com" <joe@nixonlawtx.com>, Joseph Russo <JRusso@greerherz.com>, "bernadette@uclavrp.org" <bernadette@uclavrp.org>, "mgaber@campaignlegal.org" <mgaber@campaignlegal.org>, "neil@ngbaronlaw.com" <neil@ngbaronlaw.com>, Shawn Sheehy <ssheehy@holtzmanvogel.com>, "sleeper@campaignlegal.org" <sleeper@campaignlegal.org>, "sonni@uclavrp.org" <sonni@uclavrp.org>, "vrichardson@campaignlegal.org" <vrichardson@campaignlegal.org>, Chad Dunn <chad@brazilanddunn.com>, "Silberstein, Andrew" <ASilberstein@willkie.com>, Hani Mirza <hani@texascivilrightsproject.org>, "Suriani, JoAnna" <JSuriani@willkie.com>, Joaquin Gonzalez <joaquin@texascivilrightsproject.org>, "Garrett, Kathryn" <KGarrett@willkie.com>, "Polizzano, Michelle" <MPolizzano@willkie.com>, "Zhu, Molly" <MZhu@willkie.com>, "nas@naslegal.com" <nas@naslegal.com>, "Mancino, Richard" <RMancino@willkie.com>, "Gear, Bruce (CRT)" <Bruce.Gear@usdoj.gov>, "Jayaraman, Tharuni (CRT)" <Tharuni.Jayaraman@usdoj.gov>, "Newkirk, Zachary (CRT)" <Zachary.Newkirk@usdoj.gov>, Mateo Forero <mforero@holtzmanvogel.com>, Hilary Harris Klein <hilaryhklein@scsj.org>


Good Afternoon Shawn and Daillin:

I am writing to follow up on some discovery issues.

First, we wanted to confirm that the documents you will be producing will include those from custodians Dale Oldham and Thomas Bryan or whether you will be claiming privilege. We understand that Dale Oldham and Thomas Bryan may be in the possession, custody, or control of documents responsive to at least one of our requests, including Petteway's modified RFPs 6,  10 and 11 and RFP 7. I understand that the Defendants privilege log is not due until December 31 and Defendants are currently sifting through documents, however, it appears Defendants have made headway in this as you utilized several emails from Commissioner Holmes at deposition earlier this week that had not yet been produced to Plaintiffs. Further, Dale Oldham and Thomas Bryan are included in our list of suggested search terms, and we understand them to be custodians of certain responsive documents; as such, we would request confirmation that responsive documents by them exist.

Additionally, I also wanted to follow up on my email sent November 18, 2022 and confirm that the voter history file for Galveston County will be provided to Plaintiffs as part of our discovery requests.

Best,
Bernadette
--
**Bernadette Reyes**
(she/her/hers)
Voting Rights Counsel
UCLA Voting Rights Project

**Shawn Sheehy** <ssheehy@holtzmanvogel.com>                    Thu, Dec 8, 2022 at 1:29 PM
To: Bernadette Reyes <bernadette@uclavrp.org>, Dallin Holt <dholt@holtzmanvogel.com>, "Meza, Catherine (CRT)" <Catherine.Meza@usdoj.gov>, "Vall-llobera, Diana" <DVall-llobera@willkie.com>, Sarah Chen <schen@texascivilrightsproject.org>, Jason Torchinsky <jtorchinsky@holtzmanvogel.com>, "bob.boemer@co.galveston.tx.us" <bob.boemer@co.galveston.tx.us>, Angela Olalde <aolalde@greerherz.com>, "dloesq@aol.com" <dloesq@aol.com>, "trey.trainor@akerman.com" <trey.trainor@akerman.com>, "jraschke@greerherz.com" <jraschke@greerherz.com>, "joe@nixonlawtx.com" <joe@nixonlawtx.com>, Joseph Russo <JRusso@greerherz.com>, "mgaber@campaignlegal.org" <mgaber@campaignlegal.org>, "neil@ngbaronlaw.com" <neil@ngbaronlaw.com>, "sleeper@campaignlegal.org" <sleeper@campaignlegal.org>, "sonni@uclavrp.org" <sonni@uclavrp.org>, "vrichardson@campaignlegal.org" <vrichardson@campaignlegal.org>, Chad Dunn <chad@brazilanddunn.com>, "Silberstein, Andrew" <ASilberstein@willkie.com>, Hani Mirza <hani@texascivilrightsproject.org>, "Suriani, JoAnna" <JSuriani@willkie.com>, Joaquin Gonzalez

<joaquin@texascivilrightsproject.org>, "Garrett, Kathryn" <KGarrett@willkie.com>, "Polizzano, Michelle" <MPolizzano@willkie.com>, "Zhu, Molly" <MZhu@willkie.com>, "nas@naslegal.com" <nas@naslegal.com>, "Mancino, Richard" <RMancino@willkie.com>, "Gear, Bruce (CRT)" <Bruce.Gear@usdoj.gov>, "Jayaraman, Tharuni (CRT)" <Tharuni.Jayaraman@usdoj.gov>, "Newkirk, Zachary (CRT)" <Zachary.Newkirk@usdoj.gov>, Mateo Forero <mforero@holtzmanvogel.com>, Hilary Harris Klein <hilaryhklein@scsj.org>

Bernadette,


Thank you. First, I am not seeing "Voter History File" in your requests. Which RFP references "Voter History File?"


If you requested it, and we have it in the document set that hit on our agreed upon search terms, then Defendants will produce it.


Second, our final production is due on Tuesday December 13 and we intend to meet that deadline. Our privilege log is due on December 31 and we intend to meet that deadline. I am not aware of a Rule that requires me to confirm the existence of responsive documents prior to document production or the production of a privilege log.


Thank you,



**Shawn Sheehy**

**Holtzman Vogel Baran Torchinsky & Josefiak PLLC**

**Mobile:**

202-941-6421



**Washington DC Office**

2300 N Street, NW, Ste 643-A
Washington, DC  20037
**(202) 737-8808**


**Virginia Office**

15405 John Marshall Highway
Haymarket, VA  20169
**(540) 341-8808**



PRIVILEGED AND CONFIDENTIAL

This communication and any accompanying documents are confidential and privileged.  They are intended for the sole use of the addressee.  If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon this communication is strictly prohibited.  Moreover, any such disclosure shall not compromise or waive the attorney-client, accountant-client, or other privileges as to this communication or otherwise.  If you have received this communication in error, please contact me at the above email address.  Thank you.


DISCLAIMER

Any accounting, business or tax advice contained in this communication, including attachments and enclosures, is not intended as a thorough, in-depth analysis of specific issues, nor a substitute for a formal opinion, nor is it sufficient to avoid tax-related penalties.  If desired, Holtzman Vogel, PLLC would be pleased to perform the requisite research and provide you with a detailed written analysis.  Such an engagement may be the subject of a separate engagement letter that would define the scope and limits of the desired consultation services.

[Quoted text hidden]

---

**Bernadette Reyes** <bernadette@uclavrp.org>                               Thu, Dec 8, 2022 at 5:20 PM
To: Shawn Sheehy <ssheehy@holtzmanvogel.com>
Cc: Dallin Holt <dholt@holtzmanvogel.com>, "Meza, Catherine (CRT)" <Catherine.Meza@usdoj.gov>, "Vall-llobera, Diana" <DVall-llobera@willkie.com>, Sarah Chen <schen@texascivilrightsproject.org>, Jason Torchinsky <jtorchinsky@holtzmanvogel.com>, "bob.boemer@co.galveston.tx.us" <bob.boemer@co.galveston.tx.us>, Angela Olalde <aolalde@greerherz.com>, "dloesq@aol.com" <dloesq@aol.com>, "trey.trainor@akerman.com" <trey.trainor@akerman.com>, "jraschke@greerherz.com" <jraschke@greerherz.com>, "joe@nixonlawtx.com" <joe@nixonlawtx.com>, Joseph Russo <JRusso@greerherz.com>, "mgaber@campaignlegal.org" <mgaber@campaignlegal.org>, "neil@ngbaronlaw.com" <neil@ngbaronlaw.com>, "sleeper@campaignlegal.org" <sleeper@campaignlegal.org>, "sonni@uclavrp.org" <sonni@uclavrp.org>, "vrichardson@campaignlegal.org" <vrichardson@campaignlegal.org>, Chad Dunn <chad@brazilanddunn.com>, "Silberstein, Andrew" <ASilberstein@willkie.com>, Hani Mirza <hani@texascivilrightsproject.org>, "Suriani, JoAnna" <JSuriani@willkie.com>, Joaquin Gonzalez <joaquin@texascivilrightsproject.org>, "Garrett, Kathryn" <KGarrett@willkie.com>, "Polizzano, Michelle" <MPolizzano@willkie.com>, "Zhu, Molly" <MZhu@willkie.com>, "nas@naslegal.com" <nas@naslegal.com>, "Mancino, Richard" <RMancino@willkie.com>, "Gear, Bruce (CRT)" <Bruce.Gear@usdoj.gov>, "Jayaraman, Tharuni (CRT)" <Tharuni.Jayaraman@usdoj.gov>, "Newkirk, Zachary (CRT)" <Zachary.Newkirk@usdoj.gov>, Mateo Forero <mforero@holtzmanvogel.com>, Hilary Harris Klein <hilaryhklein@scsj.org>

Hi Shawn:

As mentioned in my previous November 18 email the voter file was requested pursuant to U.S. and NAACP First Request for Production #1(d). Due to the scope of the requests for production and the search terms agreed upon, as well as the Defendant's failure to respond to the initial mention of this issue sent almost three weeks ago, we expect this data to be produced.

Although there may be no rule requiring confirmation from Defendants, Plaintiffs worked in good faith to allow Defendants over three months extra time to complete their discovery production. Given this we would hope that Defendant's would extend us the same courtesy in at least meaningfully attempting to respond to our reasonable inquiries.

Best,
Bernadette
[Quoted text hidden]

---

**Bernadette Reyes** <bernadette@uclavrp.org>                               Fri, Dec 9, 2022 at 1:11 PM
To: Shawn Sheehy <ssheehy@holtzmanvogel.com>
Cc: Dallin Holt <dholt@holtzmanvogel.com>, "Meza, Catherine (CRT)" <Catherine.Meza@usdoj.gov>, "Vall-llobera, Diana" <DVall-llobera@willkie.com>, Sarah Chen <schen@texascivilrightsproject.org>, Jason Torchinsky

jtorchinsky@holtzmanvogel.com>, "bob.boemer@co.galveston.tx.us" <bob.boemer@co.galveston.tx.us>, Angela Olalde <aolalde@greerherz.com>, "dloesq@aol.com" <dloesq@aol.com>, "trey.trainor@akerman.com" <trey.trainor@akerman.com>, "jraschke@greerherz.com" <jraschke@greerherz.com>, "joe@nixonlawtx.com" <joe@nixonlawtx.com>, Joseph Russo <JRusso@greerherz.com>, "mgaber@campaignlegal.org" <mgaber@campaignlegal.org>, "neil@ngbaronlaw.com" <neil@ngbaronlaw.com>, "sleeper@campaignlegal.org" <sleeper@campaignlegal.org>, "sonni@uclavrp.org" <sonni@uclavrp.org>, "vrichardson@campaignlegal.org" <vrichardson@campaignlegal.org>, Chad Dunn <chad@brazilanddunn.com>, "Silberstein, Andrew" <ASilberstein@willkie.com>, Hani Mirza <hani@texascivilrightsproject.org>, "Suriani, JoAnna" <JSuriani@willkie.com>, Joaquin Gonzalez <joaquin@texascivilrightsproject.org>, "Garrett, Kathryn" <KGarrett@willkie.com>, "Polizzano, Michelle" <MPolizzano@willkie.com>, "Zhu, Molly" <MZhu@willkie.com>, "nas@naslegal.com" <nas@naslegal.com>, "Mancino, Richard" <RMancino@willkie.com>, "Gear, Bruce (CRT)" <Bruce.Gear@usdoj.gov>, "Jayaraman, Tharuni (CRT)" <Tharuni.Jayaraman@usdoj.gov>, "Newkirk, Zachary (CRT)" <Zachary.Newkirk@usdoj.gov>, Mateo Forero <mforero@holtzmanvogel.com>, Hilary Harris Klein <hilaryhklein@scsj.org>

Shawn:

Per our last email Petteway Plaintiffs still contend that  RFPs referenced in my prior emails cover the voter files however, if for some reason Defendants contend they are not could Defendants please provide an explanation as to why it is not. Petteway Plaintiffs would appreciate a response ahead of the December 13, 2022 production deadline.

Further, if Defendants contend prior RFPs do not cover such files, attached are Petteway Plaintiffs Second Request for Production containing another request for the voter history file.

Best,
Bernadette
[Quoted text hidden]

 **Petteway v. Galveston County - Second Request for Production.pdf**
220K

---

**Shawn Sheehy** <ssheehy@holtzmanvogel.com>                    Mon, Dec 12, 2022 at 10:26 AM
To: Bernadette Reyes <bernadette@uclavrp.org>
Cc: Dallin Holt <dholt@holtzmanvogel.com>, "Meza, Catherine (CRT)" <Catherine.Meza@usdoj.gov>, "Vall-llobera, Diana" <DVall-llobera@willkie.com>, Sarah Chen <schen@texascivilrightsproject.org>, Jason Torchinsky <jtorchinsky@holtzmanvogel.com>, "bob.boemer@co.galveston.tx.us" <bob.boemer@co.galveston.tx.us>, Angela Olalde <aolalde@greerherz.com>, "dloesq@aol.com" <dloesq@aol.com>, "trey.trainor@akerman.com" <trey.trainor@akerman.com>, "jraschke@greerherz.com" <jraschke@greerherz.com>, "joe@nixonlawtx.com" <joe@nixonlawtx.com>, Joseph Russo <JRusso@greerherz.com>, "mgaber@campaignlegal.org" <mgaber@campaignlegal.org>, "neil@ngbaronlaw.com" <neil@ngbaronlaw.com>, "sleeper@campaignlegal.org" <sleeper@campaignlegal.org>, "sonni@uclavrp.org" <sonni@uclavrp.org>, "vrichardson@campaignlegal.org" <vrichardson@campaignlegal.org>, Chad Dunn <chad@brazilanddunn.com>, "Silberstein, Andrew" <ASilberstein@willkie.com>, Hani Mirza <hani@texascivilrightsproject.org>, "Suriani, JoAnna" <JSuriani@willkie.com>, Joaquin Gonzalez <joaquin@texascivilrightsproject.org>, "Garrett, Kathryn" <KGarrett@willkie.com>, "Polizzano, Michelle" <MPolizzano@willkie.com>, "Zhu, Molly" <MZhu@willkie.com>, "nas@naslegal.com" <nas@naslegal.com>, "Mancino, Richard" <RMancino@willkie.com>, "Gear, Bruce (CRT)" <Bruce.Gear@usdoj.gov>, "Jayaraman, Tharuni (CRT)" <Tharuni.Jayaraman@usdoj.gov>, "Newkirk, Zachary (CRT)" <Zachary.Newkirk@usdoj.gov>, Mateo Forero <mforero@holtzmanvogel.com>, Hilary Harris Klein <hilaryhklein@scsj.org>

Bernadette,

Thank you. It is Defendants position that Plaintiffs did not request the Voter History File, as demonstrated by a comparison between Request 1(d) and Plaintiffs Second Request for Production.

We will respond to the Second Request for Production in accordance with the Rules.

[Quoted text hidden]