UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| TERRY PETTEWAY, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | 3:22-CV-57 |
| GALVESTON COUNTY, TEXAS, *et al.*, | § § § § | |
| Defendants. | § | |

# **ORDER**

Before the court is the defendants' emergency motion to stay injunction pending appeal. Dkt. 254.

A district court considers four factors in deciding motions to stay pending appeal:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested . . . ; and (4) where the public interest lies.

*SEC v. Barton*, 79 F.4th 573, 581 (5th Cir. 2023) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)). Because the defendants have established none of these factors, the court denies their motion.

The defendants also contend that the seven-day deadline the court has imposed for submitting a revised map is "too short," and the "more

reasonable option is to allow the enacted plan to remain in force pending the outcome of [the] appeal." Dkt. 254 at 6. But the court's deadline is entirely appropriate, especially considering that the defendants required Thomas Bryan to draw both Map 1 and Map 2, the enacted plan adopted during the 2021 redistricting cycle, in just eight days. *See* Dkt. 231 at 111–13, 225. Their contention that the court's deadline is too short lacks credibility.

Further, the defendants argue that if a plan is "found to be unlawful very close to the election date, the only reasonable option may be to use the plan one last time." Dkt. 254 at 6 (quoting *Abbott v. Perez*, 138 S. Ct. 2305, 2324 (2018)). But the court is not persuaded. While the candidate-filing period opens in just three weeks, the 2024 primary election is still several months away, and the general election will not occur for another year. The court maintains the position it took in its findings and conclusions: the defendants must adopt a new plan before the 2024 election. Dkt. 250 ¶¶ 431–435.

That said, the court will adjust its remedial schedule to provide additional time. The defendants will have seven more days—until **October 27, 2023**—to file a redistricting plan and supporting expert analysis. The plaintiffs may file objections and, if desired, proposed alternative plans by **November 3, 2023**. The court reschedules its in-person remedial hearing

to **November 8, 2023, at 3:00 p.m.** If the defendants fail or prefer not to submit a revised plan, they are ordered to implement the Fairfax illustrative plan or Map 1, *see infra*, by **November 8, 2023**. The court will not allow further extensions to its remedial schedule.

Finally, the defendants argue that requiring them to potentially adopt the Fairfax plan is improper because "Commissioner Apffel's house is not within Fairfax's proposed Precinct 1, which would prevent Apffel from running for re-election." Dkt. 254 at 2–3. The defendants can avoid this by filing a proposed plan by October 27 that ensures that the current commissioners reside in their new precincts. That said, the court did not intend to choose a map that draws incumbents out of their precincts. Accordingly, to alleviate the court's oversight, the defendants may adopt Map 1—as considered during the commissioners court's special meeting on November 12, 2021—instead of the Fairfax map should they fail or prefer not to submit a revised plan. Otherwise, the court will address these concerns at the November 8 hearing.

\*   \*   \*

The defendants' emergency motion to stay injunction pending appeal is denied. Dkt. 254. The remedial proceedings outlined in the court's order of October 13, 2023, are amended as described above.

Signed on Galveston Island this 15th day of October, 2023.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE