United States District Court
Southern District of Texas
**ENTERED**
November 30, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| TERRY PETTEWAY, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | 3:22-CV-57 |
| GALVESTON COUNTY, TEXAS, *et al.*, | § § § § | |
| Defendants. | § | |

# **ORDER**

On October 13, 2023, this court held that the 2021 commissioners-court precinct map the Galveston County Commissioners Court adopted on November 12, 2021—"the enacted plan"—violated § 2 of the Voting Rights Act. Dkt. 250. The court permanently enjoined the defendants from administering, enforcing, preparing for, or in any way permitting the nomination or election of county commissioners from the commissioners-court precinct map as portrayed in the enacted plan. Dkt. 251 at 1. That same day, it announced a remedial-proceedings schedule that allowed the defendants an opportunity to submit an alternative redistricting plan that complies with § 2 of the Voting Rights Act so that this court could order the adoption of a new redistricting plan before November 11, 2023—the statutory opening date for candidate filing. *Id.* at 2.

Soon after, the defendants appealed and moved this court to stay its injunction pending appeal. Dkts. 253, 254. After the court denied their motion, they moved the United States Court of Appeals for the Fifth Circuit for the same relief. *Petteway v. Galveston County*, No. 23-40582, ECF No. 13. The Fifth Circuit expedited the appeal and entered a temporary administrative stay until November 10. *Id.*, ECF Nos. 28-2 at 2; 40-1 at 2. On November 10, the Fifth Circuit affirmed the district court's judgment, *Petteway v. Galveston County*, 86 F.4th 214 (5th Cir. 2023), but extended the administrative stay pending an en banc poll, *Petteway*, No. 23-40582, ECF No. 122-2. Following the Fifth Circuit en banc poll, the administrative stay terminated. *Id.*, ECF No. 145-2 at 2.

Given that the candidate-filing period for the 2024 election has already begun and that the defendants' electoral map is enjoined, it is no longer practicable to permit the commissioners court the opportunity to cure its enjoined map's infirmities. *See Veasey v. Abbott*, 830 F.3d 216, 240 (5th Cir. 2016). The court will proceed accordingly to carry out its "unwelcome obligation" to devise and impose a remedy for the 2024 election. *See id.* (quoting *Wise v. Lipscomb*, 437 U.S. 535, 540 (1978)).

The Petteway and NAACP plaintiffs previously asked the court to implement "Map 1," the alternative map that the commissioners court

considered on November 12, 2021, and that is pictured in this order's appendix. Dkts. 241 ¶ 8; 242 ¶ 8; *see also* Dkt. 258-9 at 27. And in their emergency motion for a remedial order, the plaintiffs again ask the court to enter an order that requires Map 1 to be the remedial plan. Dkt. 266 at 2. In its order on the initial motion to stay, the court agreed to implement Map 1 if the defendants failed to, or elected not to, submit a revised plan. Dkt. 255 at 3. Map 1 remedies the vote dilution present in the enacted plan, satisfies all constitutional and statutory requirements, and preserves with "least change" the boundaries of the electoral map adopted in 2011. Accordingly, the court grants the plaintiffs' emergency motion and adopts Map 1 as the remedial plan. Dkt. 266.

The court will hold a telephonic status conference for this case on **Monday, December 4, 2023, at 1 p.m.** to discuss how this matter will proceed to ensure that the 2024 election will be conducted using Map 1. Counsel for each party are ordered to participate in the conference.

Signed on Galveston Island this 30th day of November, 2023.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE

# Appendix

