IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| TERRY PETTEWAY, THE HONORABLE DERRECK ROSE, and PENNY POPE,<br><br>*Plaintiffs*,<br><br>v.<br><br>GALVESTON, TEXAS, and HONORABLE MARK HENRY, in his official capacity as Galveston County Judge,<br><br>*Defendants*. | Civil Action No. 3:22-cv-57<br>[Lead Consolidated Case] |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs Terry Petteway, Derreck Rose, Penny Pope, Dickinson/Bay Area NAACP, Galveston NAACP, Mainland NAACP, LULAC Council 151, Edna Courville, and Joe Compian respectfully file this notice of supplemental authority to alert the Court to a recently issued opinion that may help the Court evaluate Plaintiffs' Motion for Entry of Judgment on Plaintiffs' Intentional Discrimination Claims, ECF 286-1: *Mi Familia Vota v. Fontes*, No. 24-3188, 2025 WL 598127 (9th Cir. Feb. 25, 2025). A copy of the opinion is attached hereto.

In *Mi Familia Vota*, following a bench trial, the district court concluded, *inter alia*, that an Arizona law requiring voter registration applicants to provide documentary proof

1

of residence and citizenship was not intentionally discriminatory under *Arlington Heights*, No. CV-22-00509-PHX-SRB, 2024 WL 862406 (D. Ariz. Feb. 29, 2024). The Ninth Circuit vacated and remanded the district court's intentional discrimination finding, holding that the district court clearly erred by "appl[ying] a heightened version of the *Arlington Heights* analysis to the facts—insisting that Plaintiff-Appellees directly link the motive of the Legislature to every piece of evidence offered under each prong of the *Arlington Heights* framework." *Mi Familia Vota v. Fontes*, No. 24-3188, 2025 WL 598127 at *24 (9th Cir. Feb. 25, 2025). Rather, the court held, *Arlington Heights* requires that "[f]actfinders considering whether a law was passed with discriminatory intent must analyze the totality of the circumstances" in context with all the evidence presented, rather than in isolation. *Mi Familia Vota*, 2025 WL 598127, at *27. The court also affirmed the importance of "treating circumstantial and direct evidence alike" to demonstrate a law was enacted with discriminatory intent. *Id.* at *23 (citing *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003)).

The Ninth Circuit then applied this understanding to each *Arlington Heights* factor. *First,* the court analyzed the historical background surrounding the challenged voting law, affirming the high probative value of evidence of a jurisdiction's "long history of discriminating against people of color" in evaluating the discriminatory purpose of the challenged law. *Mi Familia Vota*, 2025 WL 598127, at *24 (citation omitted). Because it is "not likely ever to happen" that a legislator would admit the discriminatory nature of their actions, the court found that "a nexus between [a jurisdiction's] history of animosity toward marginalized communities and the Legislature's enactment of the voting laws" is

2

not required under *Arlington Heights* and its progeny. *Id.* Instead, a "historical pattern of discriminatory behavior from a legislative body, particularly as it pertains to voting laws, gives context as to whether the same legislative body has acted with discriminatory purpose in enacting new voting laws." *Id.*

*Second*, the court analyzed the legislative history of the challenged voting law, holding that the plaintiffs "did not need to provide direct evidence showing that every member of the Legislature relied upon the . . . coded discriminatory appeal," and instead the district court "should have evaluated the [entire] political climate leading to the Voting Laws." *Id.* at *26. There, the leadup to the introduction of the passage law included coded racial appeals about alleged noncitizen voting during the 2020 election. *Id.* To write the challenged law, legislators relied heavily on an outside group that considered race in drafting the challenged law, used "code words" about immigrant communities during their advocacy, and "was involved with the Voting Laws' enactment from start to finish, from conception to passage." *Id.* The outside consultant, in other words—an "architect and advocate of the Voting Laws"—"was motivated by a discriminatory purpose in drafting and advocating for the Voting Laws, which, in turn, supports a conclusion that the Voting Laws were the product of intentional discrimination." *Id.* This was true, the court held, even if only certain legislators were influenced by the outside group's involvement. *Id.*

*Third*, the court found that the district court should view "departures from typical legislative procedure in the context of the totality of the circumstances when determining whether an improper motive should be inferred." *Id.* at *27. There, the challenged voting law was marked by a rushed passage; the bill "was distributed to the legislators only

3

minutes before it was to be debated and brought to a final vote, giving the legislators little time to review the substantial amendment." *Id.* The district court erred, then, by failing to consider the "abrupt passage" of the legislation in context with the political climate, legislative history, and other evidence supporting the *Arlington Heights* factors. *Id.*

*Finally*, the court affirmed the high probative value of evidence of the disparate impact of the challenged voting law on minority communities, and found that factfinders should not "requir[e] direct evidence of legislators' motive on [the disparate impact] prong." *Id.* Instead, the disparate impact of the voting law, compounded with the history of discriminatory voting practices in the jurisdiction and the "contentious political climate" surrounding the passage of the legislation, supported a finding of discriminatory intent. *Id.* Failing to appropriately consider the disparate impact of the challenged law, the court held, "imposed a stricter test than held by *Arlington Heights*[.]" *Id.*

The court concluded that ultimately, "[t]he district court clearly erred by viewing each piece of evidence in isolation and expecting Plaintiff-Appellees to proffer direct evidence of animus for each prong of the *Arlington Heights* framework, rather than examining the circumstantial evidence as part of a larger totality of the circumstances analysis." *Id.* While viewing each piece of evidence "in isolation" might seem "innocuous," "viewed in context these discrete pieces of evidence take on a different meaning and support an inference of discriminatory intent" under *Arlington Heights. Id.*

Respectfully submitted this 6th day of March, 2025.

*/s/ Valencia Richardson*
Mark P. Gaber*
Simone Leeper*
Valencia Richardson*
Alexandra Copper*
Campaign Legal Center
1101 14th St. NW, Ste. 400
Washington, DC 20005
(202) 736-2200
mgaber@campaignlegal.org
sleeper@campaignlegal.org
vrichardson@campaignlegal.org
acopper@campaignlegal.org

Chad W. Dunn (Tex. Bar No. 24036507)
Brazil & Dunn
1900 Pearl Street
Austin, TX 78705
(512) 717-9822
chad@brazilanddunn.com

Bernadette Reyes*
Sonni Waknin*
UCLA Voting Rights Project
3250 Public Affairs Building
Los Angeles, CA 90095
Telephone: 310-400-6019
bernadette@uclavrp.org
sonni@uclavrp.org


Neil G. Baron
Law Office of Neil G. Baron
1010 E Main Street, Ste. A
League City, TX 77573
(281) 534-2748
neil@ngbaronlaw.com

**Counsel for Petteway Plaintiffs**


*/s/   Sarah Xiyi Chen*

5

**TEXAS CIVIL RIGHTS PROJECT**
Attorney-in-Charge
Sarah Xiyi Chen*
California Bar No. 325327
1405 Montopolis Drive
Austin, TX 78741
512-474-5073 (Telephone)
512-474-0726 (Facsimile)
schen@texascivilrightsproject.org

**SOUTHERN COALITION FOR SOCIAL JUSTICE**
Hilary Harris Klein*
North Carolina Bar No. 53711
Adrianne M. Spoto*
DC Bar No. 1736462
1415 W. Hwy 54, Suite 101
Durham, NC 27707
919-323-3380 (Telephone)
919-323-3942 (Facsimile)
hilaryhklein@scsj.org
adrianne@scsj.org

Joaquin Gonzalez*
Texas Bar No. 24109935
1533 Austin Hwy.
Ste. 102-402
San Antonio, TX 78218
joaquinrobertgonzalez@gmail.com

**WILLKIE FARR & GALLAGHER LLP**
Richard Mancino*
New York Bar No. 1852797
Michelle Anne Polizzano*
New York Bar No. 5650668
Andrew J. Silberstein*
New York Bar No. 5877998
New York Bar No. 5909353
Kathryn Carr Garrett*
New York Bar No. 5923909
787 Seventh Avenue
New York, New York 10019
212-728-8000 (Telephone)
212-728-8111 (Facsimile)
rmancino@willkie.com
mpolizzano@willkie.com
asilberstein@willkie.com
kgarrett@willkie.com

*Admitted *pro hac vice*

**SPENCER & ASSOCIATES, PLLC**
Nickolas Spencer
Texas Bar No. 24102529
9100 Southwest Freeway, Suite 122
Houston, TX 77074
713-863-1409 (Telephone)
nas@naslegal.com

**Counsel for NAACP/LULAC Plaintiffs**

## CERTIFICATE OF SERVICE

 I certify that on March 6, 2024, the foregoing document was filed electronically and served on all parties of record via CM/ECF.

/s/Valencia Richardson
Valencia Richardson

## CERTIFICATE OF CONFERENCE

I certify that on March 6, 2024, counsel for Plaintiffs sought consent from counsel for NAACP Plaintiffs, counsel for the United States, and counsel for Defendants. All parties consented.

/s/Valencia Richardson
Valencia Richardson